SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership Including
Professional Corporations
JOHN P. STIGI III, State Bar No. 208342
jstigi@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone: (213) 620-1780

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership Including
Professional Corporations
CHRISTINA L. COSTLEY, State Bar No. 227134
ccostley@sheppardmullin.com
1111 Chapala Street, 3d Floor
Santa Barbara, CA 93111
Telephone: (805) 879-181

Attorneys for Defendant
ERIC P. LIDOW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No. CV 07-02544 JFW (VBKx) |
| INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION. | Hon. John F. Walter |
| | **DEFENDANT ERIC P. LIDOW'S (1) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | **[[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH]** |
| | Date:         May 5, 2008<br>Time:         1:30 p.m.<br>Courtroom: 16 |
| | Complaint filed: April 17, 2007<br>Trial Date:         None set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND BACKGROUND ..................................................1

II. ARGUMENT ...................................................................................................2

    A. Plaintiffs Fail to State a Claim Under Section 20(a)............................2

        1. Plaintiffs Fail to State a Claim Under Section 20(a) Because They Do Not Allege Facts Showing that Eric Lidow Was a Controlling Person ...............................................3

        2. Plaintiffs Fail to State a Claim Under Section 20(a) Because They Fail to Allege a Primary Violation Under Section 10(b) ..............................................................................5

III. CONCLUSION...............................................................................................6

-i-

W02-EAST:4CLC1\200066007.2　　　　　　　　　　　　ERIC LIDOW'S MOTION TO DISMISS; MEMO. OF PTS. & AUTHS.

## TABLE OF AUTHORITIES

Cases

*Arthur Children's Trust v. Keim,*
  994 F.2d 1390 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Burgess v. Premier Corp.,*
  727 F.2d 826 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Howard v. Everex Systems, Inc.,*
  228 F.3d 1057 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 4, 5

*In re Dura Pharmaceuticals, Inc. Sec. Litig.,*
  452 F. Supp. 2d 1005 (S.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Hansen Natural Corp. Sec. Litig.,*
  527 F. Supp. 2d 1142 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

*In re Homestore.com, Inc. Sec. Litig.,*
  347 F. Supp. 2d 769 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Lipton v. Pathogenesis Corp.,*
  284 F.3d 1027 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lilley v. Charren,*
  936 F. Supp. 708 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Paracor Fin., Inc. v. General Elec. Capital Corp.,*
  96 F.3d 1151 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
  127 S. Ct. 2499 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Yanek v. Staar Surgical Co.,*
  388 F. Supp. 2d 1110 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4


Statutes

15 U.S.C. § 78j(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3, 5

15 U.S.C. § 78t(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5

15 U.S.C. § 78u-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2, 4

17 C.F.R. § 230.405. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Federal Rules of Civil Procedure, Rules 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Federal Rules of Civil Procedure, Rules 9(b) . . . . . . . . . . . . . . . . . . . . . . . . .1. 2

Federal Rules of Civil Procedure, Rules 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . .1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on May 5, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 16 of the above-referenced court located at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, California, before the Honorable John F. Walter, United States District Judge, defendant Eric P. Lidow will and hereby does move the court pursuant to the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), 15 U.S.C. § 78u-4, *et seq.*, and Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing plaintiffs' Consolidated Class Action Complaint ("CAC"). This Motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities (included herein); the Memorandum of Points and Authorities submitted by defendant International Rectifier Corporation ("International Rectifier," "IR" or the "Company"), and the papers in support thereof; all pleadings and papers filed herein; oral argument of counsel; and any other matter that may be submitted at the hearing.

This motion is made following the conference of counsel pursuant to C.D. Cal. L.R. 7-3, which took place on February 8, 2008.

Dated: March 6, 2008

                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                    By  */s/ John P. Stigi III*
                            JOHN P. STIGI III
                          Attorneys for Defendant
                            ERIC P. LIDOW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Defendant Eric P. Lidow is the 93-year-old founder of International Rectifier. CAC ¶ 28.[1] From 1947 to 1995, Eric Lidow was the Chief Executive Officer of IR. Since stepping down as IR's CEO in 1995, Eric Lidow has not been formally responsible for the day-to-day operations of the Company, although he continues to serve as the Chairman of the Company's Board of Directors. *See id.* ¶ 28.

Plaintiffs here do not allege that Eric Lidow knew or was reckless in not knowing of the alleged accounting problems at International Rectifier described in the CAC. Nor do they allege that Eric Lidow was responsible for issuing the challenged statements that form the basis of plaintiffs' primary claim under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). Instead, the CAC asserts only a secondary, "controlling person" liability claim against Eric Lidow under Section 20(a) of the Exchange Act. *Id.* ¶ 334. Plaintiffs' sole support for their Section 20(a) claim against Eric Lidow is the fact that he founded IR decades ago and currently sits on its Board as its Chairman. *Id.* Such allegations are insufficient to fulfill plaintiffs' initial burden of pleading facts indicating that the Section 20(a) defendant actually exercised control of the alleged primary Section 10(b) violator. Plaintiffs' claim against Eric Lidow should fail for the separate and independent reason that, as demonstrated in International Rectifier's motion to dismiss the CAC, plaintiffs fail to state a primary claim against the Company for securities fraud under Section 10(b). Plaintiffs' claim for a violation of Section 20(a) against Eric Lidow should be dismissed.

---

[1] Eric Lidow hereby incorporates and joins in International Rectifier's Notice of Motion, Motion to Dismiss and supporting Memorandum of Law filed simultaneously herewith, and adopts all terms and definitions set forth therein.

## II.     ARGUMENT

### A.     Plaintiffs Fail to State a Claim Under Section 20(a)

Section 20(a) provides for liability of "controlling persons" of "any person liable" under the federal securities laws. *See* 15 U.S.C. § 78t(a). "To state a claim under Section 20(a), a plaintiff must allege (1) a primary violation of federal securities laws; and (2) that the defendant exercised actual power or control over the primary violator." *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007) (Walter, J.) (granting motion to dismiss claims under Section 20(a)); *accord In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 788 (C.D. Cal. 2004) (citing *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000)); *see also Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 n.15 (9th Cir. 2002) (predicate for "controlling person" liability under Section 20(a) is a finding of primary liability under Section 10(b) of the "controlled person").

On a motion to dismiss, the sufficiency of plaintiffs' Section 20(a) allegations is governed by both the Reform Act and Federal Rule of Civil Procedure 9(b). *In re Dura Pharmaceuticals, Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1035 (S.D. Cal. 2006) (dismissing Section 20(a) claims for failure to comply with the Reform Act); *Lilley v. Charren*, 936 F. Supp. 708, 717 (N.D. Cal. 1996) (dismissing Section 20(a) claims against outside directors for failure to plead control with the specificity required by Rule 9(b)). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Hansen*, 527 F. Supp. 2d at 1151 (citation omitted). The Reform Act "requires a heightened pleading standard for allegations regarding misleading statements and omissions that is similar to the heightened pleading standard required by Rule 9(b)." *Id.* at *21; *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2505 (2007). Thus, to survive a motion to dismiss,

plaintiffs must plead facts with particularity demonstrating that (1) a primary violation of Section 10(b) occurred *and* (2) the defendant exercised actual power or control over the primary violator.

### 1. Plaintiffs Fail to State a Claim Under Section 20(a) Because They Do Not Allege Facts Showing that Eric Lidow Was a Controlling Person

To state a claim under Section 20(a), plaintiffs must plead particular facts alleging "that the defendant exercised actual power or control over the primary violator." *Hansen*, 527 F. Supp. 2d at 1163. The Securities and Exchange Commission has defined "control" to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405. Put differently, the question of whether the defendant is a control person turns on his "participation in the day-to-day affairs of the corporation and [his] power to control corporate actions." *Homestore.com*, 347 F. Supp. 2d at 788.

To meet this burden, plaintiffs must do more than simply point to a defendant's position within the company. This is because "a person's being an officer or director does not create any *presumption* of control." *Arthur Children's Trust v. Keim,* 994 F.2d 1390, 1396 (9th Cir. 1993) (emphasis in original); *see also Homestore.com*, 347 F. Supp. 2d at 789 (citing cases in which the Ninth Circuit has refused to find control person liability based solely on an individual's position at the company).

In *Everex*, the Ninth Circuit considered controlling person allegations similar to the one at issue here. Plaintiffs in *Everex* argued that a director who had "reviewed and approved" the financial statement at issue could be held liable under Section 20(a) because he exercised control over the statements. The Court disagreed, noting that:

-3-

W02-EAST:4CLC1\200066007.2     ERIC LIDOW'S MOTION TO DISMISS; MEMO. OF PTS. & AUTHS.

|   |   |
|---|---|
| 1 | such activity does not rise to a level of supervision or participation suf- |
| 2 | ficient for a § 20(a) violation. Although ownership of stock and a posi- |
| 3 | tion as a Board member are relevant to ascertaining control, here, there |
| 4 | is no showing that Wong was active in the day-to-day affairs of Everex |
| 5 | or that he exercised any specific control over the preparation and |
| 6 | release of the financial statements. |

*Everex*, 228 F.3d at 1067;[2] *see also Homestore*, 347 F. Supp. 2d at 789 (citing *Paracor Fin., Inc. v. General Elec. Capital Corp.,* 96 F.3d 1151 (9th Cir. 1996) (CEO was not a control person, although he "consulted on every major decision" because he did not manage the company on a day to day basis and did not participate in preparing any of the offering materials there at issue); *Burgess v. Premier Corp.*, 727 F.2d 826 (9th Cir. 1984) (two directors were not control persons)).

This Court also has rejected Section 20(a) claims similar to those raised by plaintiffs in this case. In *Hansen*, plaintiffs alleged that:

> [b]y virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements . . . , the Individual Defendants had the power to influence and control . . . the decision making of the Company.

*Hansen*, 527 F. Supp. 2d at 1163. Calling the complaint's "controlling person" allegations "boilerplate," and noting that plaintiffs alleged no additional facts supporting a finding of control by the individual defendants, this Court held that plaintiffs

---

[2] Although *Everex* was decided on summary judgment, because the decision was issued before the Reform Act, the standard of review it applied was more deferential towards plaintiffs than the standard appropriate in a post-Reform Act motion to dismiss such as this. *See Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110, 1128 (C.D. Cal. 2005) ("*Everex* did not apply the more stringent pleading standard under the [Reform Act]; what is sufficient to avoid summary judgment under *Everex* is not necessarily sufficient to avoid a motion to dismiss under the [Reform Act].").

-4-

failed to state a claim under Section 20(a) and therefore granted the individuals' motion to dismiss. *See id.*

Plaintiffs' allegations here are no more robust than those found insufficient by this Court in *Hansen.* As an initial matter, plaintiffs do not allege that Eric Lidow was personally involved with the vast majority of the allegedly misleading statements. *See* CAC ¶¶ 110-266. Instead, they allege only that Eric Lidow, acting as one member of International Rectifier's Board of Directors, signed four of the contested Forms 10-K. *See id.* ¶¶ 115 (2003 Form 10-K), 148 (2004 Form 10-K), 187 (2005 Form 10-K), 234 (2006 Form 10-K). Even with respect to these documents, though, plaintiffs do not allege that Eric Lidow "exercised any specific control over [their] preparation and release." *Everex*, 228 F.3d at 1067. Further, other than boilerplate allegations based solely on Eric Lidow's position at the Company, plaintiffs do not allege that Eric Lidow played a day-to-day role in International Rectifier's management. *See Hansen*, 527 F. Supp. 2d at 1163. As such, plaintiffs fail to meet their initial burden of pleading facts demonstrating that Eric Lidow was a controlling person at International Rectifier. For this reason alone, the Court should dismiss the Section 20(a) claim as against Eric Lidow.

### 2. Plaintiffs Fail to State a Claim Under Section 20(a) Because They Fail to Allege a Primary Violation Under Section 10(b)

Plaintiffs also fail to state a secondary liability claim under Section 20(a) because they have not fulfilled the predicate obligation of stating a primary liability claim under Section 10(b). *See* International Rectifier Notice of Motion and Motion to Dismiss, Section I.A. For this separate and independent reason, the Court should dismiss plaintiffs' Section 20(a) claim in its entirety.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Memorandum of Points and Authorities in support of IR's Motion to Dismiss, the Court should dismiss the CAC as to defendant Eric Lidow.

Dated: March 6, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ John P. Stigi III*
JOHN P. STIGI III
Attorneys for Defendant
ERIC P. LIDOW