1  LATHAM & WATKINS LLP
      Pamela S. Palmer (SBN 107590)
2    *pamela.palmer@lw.com*
      Melinda M. Luthin (SBN 254071)
3    *melinda.luthin@lw.com*
    650 Town Center Drive, 20th Floor
4  Costa Mesa, California  92626-1925
    Telephone: +1.714.540.1235
5  Facsimile: +1.714.755.8290

6  LATHAM & WATKINS LLP
      Miles N. Ruthberg (SBN 086742)
7    *miles.ruthberg@lw.com*
      Jason J. Kim (SBN 221476)
8    *jason.kim@lw.com*
    633 W. Fifth Street, Suite 4000
9  Los Angeles, California  90071-2007
    Telephone: +1.213.485.1234
10  Facsimile: +1.213.891.8763

11  Attorneys for Defendant Michael P. McGee

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14  IN RE INTERNATIONAL                 CASE NO. CV 07-02544-JFW (VBKX)
    RECTIFIER CORPORATION
15  SECURITIES LITIGATION               **DECLARATION OF MELINDA M.
                                        LUTHIN IN SUPPORT OF McGEE
16                                      MOTION TO DISMISS
                                        CONSOLIDATED CLASS ACTION
17                                      COMPLAINT**

18                                      Date:   May 5, 2008
                                        Time:   1:30 p.m.
19                                      Place:  Hon. John F. Walter, Ctrm 16

20                                      Trial Date:  None

21                                      Consolidated Class Action
                                        Complaint Filed:  04-17-2007
22

23

24

25

26

27

28

937872_8.DOC
LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\937872.8                                    LUTHIN DECLARATION IN SUPPORT OF McGEE
                                                          MOTION TO DISMISS

1

**DECLARATION OF MELINDA M. LUTHIN**

2

I, Melinda M. Luthin, declare as follows:

3

1.      I am an associate at Latham & Watkins LLP.  I make this declaration

4   in support of the Motion to Dismiss the Consolidated Class Action Complaint

5   ("Motion") filed by Defendant Michael P. McGee ("McGee").  I have personal

6   knowledge of the matters stated below, unless stated upon information and belief,

7   and if called upon to testify concerning them under oath, I could and would testify

8   competently to them.

9

2.      I have reviewed the Forms 4 reporting McGee's holdings and trades

10  in the securities of International Rectifier Corporation ("IRF") between

11  July 31, 2003 and August 27, 2007 ("Forms 4"), and the October 10, 2003 Form

12  14A (collectively, "SEC Forms") filed with the United States Securities &

13  Exchange Commission ("SEC").  This date range encompasses the Class Period

14  alleged in the Consolidated Class Action Complaint ("Complaint") in the above-

15  captioned action.  Complaint ¶ 2.  The SEC Forms are attached as Exhibits I

16  through T to the Request for Judicial Notice ("RJN") filed concurrently with the

17  Motion.  These forms contain information about McGee's trading in IRF stock and

18  stock options.  Relevant information is found in the Table of Security Ownership

19  of Principal Stockholders and Management contained in IRF's October 10, 2003

20  Form 14A (RJN, Exh. T) as well as Tables I and II of each Form 4, including the

21  footnotes following the tables.  I am familiar with the type of trading information

22  contained in the SEC Forms.

23

3.      The purpose of this Declaration is to assist the Court in understanding

24  the trading information presented in the SEC Forms offered in support of the

25  Motion.

26

4.      Plaintiffs allege two stock sales by McGee during the alleged Class

27  Period, on November 12, 2004 and on August 10, 2005.  Complaint at p. 159.  I

28  confirm that the Forms 4 reflect sales by McGee during the alleged Class Period

1  only on those two dates.

2          a.      Table I of each Form 4 lists the acquisition or disposition of

3          common stock.  The codes in Column 4 distinguish securities

4          acquired (A) from securities disposed of (D).  Column 4 also lists the

5          number of shares sold or acquired ("Amount") and the price ("Price").

6          The codes in Column 3 of this table identify the character of the

7          transaction.  See RJN, Exh. V (General Instructions For Filing

8          Forms 4).  For example, code M represents a conversion or exercise of

9          exempted derivative security (a maturation of restricted stock or the

10         exercise of a vested option), and code S represents an open market or

11         private sale of security.  A transaction with Column 3 code S and

12         Column 4 code D indicates a sale.

13         b.      Only two of McGee's Forms 4 reflect sales.  The last entry on

14         Table I of RJN, Exhibit L reflects a sale of 96,000 shares of stock on

15         November 12, 2004.  The last entry in Table I of RJN, Exhibit O

16         reflects a sale of 84,700 shares of stock on August 10, 2005.

17     5.     Both of these Forms 4 indicate that McGee exercised options to buy

18  IRF stock before making the sales, and that he acquired the same number of shares

19  that he subsequently sold.

20         a.      Table I on each Form 4 shows the exercise of options.

21         Exercised options are noted by code M in Column 3 and code A in

22         Column 4.

23         b.      Table I of RJN, Exhibit L reflects five transactions whereby

24         McGee acquired a total of 96,000 shares of stock on

25         November 12, 2004 by exercising stock options.  Table I of RJN,

26         Exhibit O reflects four transactions whereby McGee acquired a total

27         of 84,700 shares of stock on August 10, 2005 by exercising stock

28

1    options.  These are the same number of shares that McGee

2    subsequently sold.

3        6.    Plaintiffs allege that McGee's stock sales resulted in proceeds of

4    $7.6 million.  Complaint ¶ 291.  The actual value of the aggregate net proceeds

5    from McGee's two stock sales is approximately $4.98 million.  See Table A,

6    below.  Net proceeds are calculated by subtracting the cost to exercise the options

7    from the gross proceeds of the stock sale.  Plaintiffs overstated the actual proceeds

8    by not considering the cost of exercising the options to buy the stock.

9        7.    The aggregate cost to McGee of exercising the options is calculated as

10   follows:

11        a.    Table II on each Form 4 lists the exercise price (Column 2) and

12             the number of options exercised (Column 5D).  For each exercise, the

13             price listed in Column 2 multiplied by the number of options

14             exercised listed in Column 5D yields the cost to exercise the options.

15        b.    The total cost to exercise the options for the

16             November 12, 2004 transaction was $1,392,625.  RJN, Exh. L.  The

17             total cost to exercise the options for the August 10, 2005 transaction

18             was $1,255,275.  RJN, Exh. O.  The aggregate cost was $2,647,900.

19             See Table A, below.

20        8.    The value of the aggregate gross proceeds from McGee's stock sales

21   following his exercise of options is calculated as follows:

22        a.    As stated in Paragraph 4 above, for each sale, Table I lists the

23             number of shares disposed and the price per share in Column 4.

24        b.    Multiplying the number of shares disposed by the price yields

25             the gross proceeds of each sale.  The value of the gross proceeds for

26             the November 12, 2004 transaction was $3,893,021.  RJN, Exh. L.

27             The value of the gross proceeds for the August 10, 2005 transaction

28

1    was $3,733,576.  RJN, Exh. O.  The value of the aggregate gross

2    proceeds for both transactions was $7,626,597.  See Table A.

3         9.    The value of McGee's aggregate net proceeds is calculated by

4    subtracting the aggregate cost to exercise ($2,647,900) from the gross proceeds

5    ($7,626,597).  The value of the aggregate net proceeds from McGee's two sales

6    during the Class Period was $4,978,697.  See Table A.  Plaintiffs' allegation of

7    $7.6 million is nearly twice the actual value.

8                                  **Table A**

| Date | # Options Exercised | Strike Price[1] | | Sale Price | | Net Proceeds[2] |
|---|---|---|---|---|---|---|
| | | $/Share | Total | $/Share | Total | |
| 11/12/2004 | 96,000 | $14.51 | $1,392,625 | $40.5523 | $3,893,021 | $2,500,396 |
| 08/10/2005 | 84,700 | $14.82 | $1,255,275 | $44.08 | $3,733,576 | $2,478,301 |
| **Total** | **180,700** | **N/A** | **$2,647,900** | **N/A** | **$7,626,597** | **$4,978,697** |

10        10.    McGee's sales took place more than two weeks after IRF's public

disclosures of quarterly results, and not during any time when an insider would

normally have material non-public information before an earnings release.

              a.    McGee's first sale on November 12, 2004 was more than two

              weeks after October 27, 2004 when IRF publicly reported the results

              of its first quarter of 2005, which ended on September 30, 2004.

              Complaint ¶ 152.  McGee's second sale on August 10, 2005 was more

              than two weeks after July 28, 2005, when IRF publicly reported the

              results of its fourth quarter of 2005, which ended on June 30, 2005.

              Complaint ¶ 180.

---

[1]  This represents the weighted average of all strike prices for the options exercised.

[2]  The net proceeds is calculated by multiplying the number of options exercised and sold by the difference in value between the strike price and the sale price. Plaintiffs' allegation of "approximately $7.6 million" gain does not account for the cost of exercising the options.

1     11.    McGee's overall common stockholdings increased during the Class

2  Period.  This increase is due to both the maturation of his restricted stock and an

3  increase in his stock under IRF's 401(k) plan.

4              a.      The footnotes following Table I in the Forms 4 and footnote 8

5                     following the Security Ownership Table of Form 14A indicate the

6                     number of shares of common stock that McGee held under IRF's

7                     401(k) plan.  A comparison of Footnote 8 of the October 10, 2003

8                     Form 14A (RJN, Exh. T) and Footnote 2 of the September 1, 2006

9                     Form 4 (RJN, Exh. R) reflects an increase in McGee's holdings of

10                    common stock under the 401(k) plan from 5366 shares to 6077 shares.

11             b.      Maturation of restricted stock also contributed to the increase in

12                    McGee's common stockholdings.  Restricted stock awards are listed

13                    in Table II.  On the maturation dates, the restricted stock is reflected

14                    as converting to common stock.  These conversions are generally

15                    recorded as transactions in Table I, with Column 3 code M and

16                    Column 4 code A.  The Tables I of RJN, Exhibits K, N, and P indicate

17                    increases in McGee's common stock holdings, from conversions of

18                    restricted shares on August 31, 2004, April 20, 2005, and

19                    September 1, 2006.

20    12.    McGee's beneficial ownership of stock also increased during the

21  Class Period due to stock option vesting.

22             a.      Stock option awards (rights to buy) are listed in Table II.  The

23                    footnote following the award describes the maturation (vesting) dates

24                    of the award.  The Forms 4 reflect that the stock options generally

25                    vested at a certain percentage per year (commonly 20 percent,

26

27

28

25 percent, or $33^{1}/_{3}$ percent), beginning on the first anniversary of the award.[3]

b.      On each award anniversary, the number of options that vest[4] is equal to the original amount of the award (from Table II) multiplied by the fractional percent listed in the footnote.  The sum of the number of options vested is the overall increase in exercisable options.[5]

c.      Every Form 4 indicates an award of stock options that McGee did not exercise.  Thus, McGee's stock options increased during the Class Period.

EXECUTED on March 6, 2008 at Costa Mesa, California.

I DECLARE under penalty of perjury under the laws of the United States of America that this declaration is true and correct.


/s/ Melinda M. Luthin
Melinda M. Luthin

---

[3]   Table II of the April 20, 2005 Form 4 reflects an acceleration in vesting for all outstanding unvested options (168,500 shares).

[4]   Excluding those options with modified vesting schedules.

[5]   Not including the vesting of options awarded prior to the Class Period.