Joseph J. Tabacco, Jr. (75484)
Email: jtabacco@bermanesq.com
Nicole Lavallee (165755)
Email: nlavallee@bermanesq.com
Julie J. Bai (227047)
Email: jbai@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO
  BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

Blair A. Nicholas
Email: blairn@blbglaw.com
Matthew P. Siben
Email: matthews@blbglaw.com
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323

**Attorneys for Co-Lead Plaintiffs Massachusetts Laborers' Pension Fund and General Retirement System of the City of Detroit**

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | No. CV 07-02544-JFW (VBKx)<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' FIVE MOTIONS TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:  May 5, 2008<br>Time:  1:30 p.m.<br>Ctrm:  16<br>Honorable John F. Walter<br><br>Complaint filed: April 17, 2007<br>Trial Date: None set |

|   |   |
|---|---|
| 1 | Lead Plaintiffs Massachusetts Laborers' Pension Fund and General |
| 2 | Retirement System of the City of Detroit hereby request that this Court take judicial |
| 3 | notice, pursuant to Rule 201 of the Federal Rules of Evidence, of two documents: (1) |
| 4 | International Rectifier Corporation's ("IRF" or "Company") Form NT 10-Q, |
| 5 | Notification of Late Filing, filed on February 11, 2008; and (2) a release by the |
| 6 | Securities and Exchange Commission ("SEC"). These documents are attached as |
| 7 | Exhibits A and B, respectively, to the Declaration of Julie J. Bai in support of |
| 8 | plaintiffs' opposition to Defendants' five motions to dismiss ("Bai Declaration"), |
| 9 | filed concurrently herewith. |

**I.   THE COURT MAY TAKE JUDICIAL NOTICE OF THE EXISTENCE OF THE DOCUMENTS PROFFERED**

While courts ordinarily cannot consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, "[t]here are…two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). The first exception, which holds that courts may take judicial notice of matters of public record to the extent permitted by Rule 201 of the Federal Rules of Evidence, applies here. *Id*. at 688-89. Rule 201 provides that courts may take judicial notice of documents that are (a) generally known within the territorial jurisdiction of the trial court, or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

      A.    **The Court May Take Judicial Notice Of The Fact That The Company Has Filed Certain Documents With The SEC And That Certain Statements Were Made Therein**

Relying on this rule, courts recognize that they may take judicial notice of documents required to be filed with the SEC to establish that the documents were filed. *See In re Computer Sciences Corp. Deriv. Litig.*, No. CV 06-05288 MRP EX, 2007 WL 1321715, at *7 n.5 (C.D. Cal. Mar. 26, 2007) (court takes judicial notice of numerous SEC filings, including proxy statement, 8-K and Forms 4); *In re Ditech*

1

*Communs. Corp. Sec. Litig.*, No. C 05-02406JSW, 2007 WL 902549, at *6 (N.D. Cal. Mar. 22, 2007) (court takes judicial notice of defendant's SEC filings). Indeed, as this Court has previously ruled, courts may take judicial notice of SEC filings that were filed subsequent to the filing of the complaint. *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007).

It is equally well established that such SEC filings may not be accepted for the truth of the matters asserted therein. *See*, *e.g.*, *Lee*, 250 F.3d at 690 (improper for court to take judicial notice of "**disputed** facts stated in public records") (emphasis in original); *In re 3Com Corp. Sec. Litig.*, No. 97-21083 JW, 1999 WL 1039715, at *4 (N.D. Cal. July 8, 1999) (court takes judicial notice of SEC filings referenced in plaintiffs' complaint alleging violations of §10(b) of the Securities Exchange Act of 1934 "only to take notice of the fact that the documents exist or contain certain assertions, *not* as proof of the truth of those assertions") (emphasis in original, citation omitted).[1]

Here, Plaintiffs do not request that the Court take judicial notice of the truth of the statements made by IRF in the Form NT 10-Q. *See* Bai Declaration, Ex. A. Rather, Plaintiffs simply proffer this SEC filing to show that IRF **has filed** this Notice of Late Filing to justify its failure to timely file Forms 10-Q and Form 10-K for fiscal 2007 and **has made** the statements contained therein including the statements that:

- The Company's ongoing investigation has uncovered **additional** revenue recognition improprieties involving its Aerospace & Defense

---

[1] *See also County of Stanislaus v. PG&E*, No. CV-F-93-5866-OWW, 1995 WL 819150, at *8 (E.D. Cal. Dec. 18, 1995) ("[T]estimony and pleadings submitted for judicial notice are hearsay and if objected to 'will be considered for the fact that they exist as submitted, not for the truth of disputed assertions of fact or argument.'") (citation omitted), *aff'd*, 114 F.3d 858 (9th Cir. 1997); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (securities fraud action where court held that it could consider SEC filings referenced in complaint on a Rule 12(b)(6) but not for the truth of the matters asserted therein).

2

("A&D") segment and that these accounting violations affected its reported results for fiscal years 2003 through the second quarter of fiscal year 2008. *See* Bai Declaration, Ex. A at 3. These additional improprieties include: "(i) shipping product to distributors in an earlier quarter than that in which product was needed..., (ii) shipping product to distributors prior to quarter-ends with a promise to accept returns of the product in a subsequent quarter, and (iii) providing product originally ordered by direct customers to distributors prior to quarter-ends and subsequently reacquiring these products with the payment of fees to the distributors." *Id.*

- The Company's ongoing investigations also uncovered "potential unrecorded liabilities" stemming from its failure to "implement[] adequate cutoff procedures for open invoices at each period end. Consequently, the Company's accounts payable and accrued expense balances were understated ...." *Id*. at 3-4.

- The Company's ongoing investigation has uncovered that it engaged in several practices "that may have included the judgmental adjustment of various elements of quarterly financial results ***in an effort to meet quarterly earnings targets***." *Id*. at 4 (emphasis added).

- As of December 31, 2007, the cost of the Company's ongoing investigation is approximately $48 million and that, "[s]hould the Audit Committee investigation identify practices similar to those in the Japan Subsidiary and the A & D segment in other Company locations,...additional efforts may be necessary to finalize the Company's restatement of its financial statements." *Id*. at 5.

- The Company stated that it is being investigated by the SEC, the U.S. Attorney's Office and the IRS, "who are looking into matters" that

prevent the Company from filing its SEC filings within the prescribed time period. *Id*.

The fact that the Company has made these admissions is particularly relevant to the pending motions to dismiss for the following reason: If the Court is inclined to grant any or all of the motions to dismiss, the fact of IRF's filing supports granting the motions ***without prejudice***. IRF's recent disclosure that its ongoing investigation continues to uncover additional details concerning Defendants' fraudulent scheme to falsify the Company's financial results provides Plaintiffs with new leads that will enable Plaintiffs to uncover additional information to include in an amended consolidated complaint, if necessary.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend is to be freely granted when justice so requires. Moreover, "[i]n this technical and demanding corner of the law, the drafting of a cognizable complaint can be a matter of trial and error." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052-53 (9th Cir. 2003) (court held that district court erred in not granting leave to amend the complaint in a securities fraud case in order for plaintiffs to meet the scienter requirement of the PSLRA). Accordingly, the Ninth Circuit has held in a securities fraud case that "[t]he district court's dismissal of a complaint without leave to amend is reviewed de novo and ***is improper unless it is clear that the complaint could not be saved by any amendment***." *Livid Hldgs. Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (citation omitted, emphasis added). *See also Eminence Capital*, 316 F.3d at 1052 ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment.") (citation omitted).[2]

---

[2] *See also* Rule 15(a) of the Federal Rules of Civil Procedure which entitles plaintiffs to amend once as a matter of course before responsive pleadings are filed. The Ninth Circuit follows a "normal rule of liberally allowing a first amendment to a complaint." *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995). A

### B. The Court May Take Judicial Notice Of Government Documents Downloaded From The Internet

Plaintiffs also request that the Court take judicial notice of a document downloaded from the SEC website. *See* Bai Declaration, Ex. B. This document is the transcript of a speech by the Director of the SEC's Division of Enforcement, Linda Chatman Thomsen, at the 2007 Corporate Counsel Institute on March 8, 2007 ("Remarks at the 2007 Corporate Counsel Institute"), available at http://www.sec.gov/news/speech/2007/spch030807lct2.htm.

The Ninth Circuit recognizes that courts may take judicial notice of news articles and publications downloaded from the internet to establish that they were issued. *See Dockray v. Phelps Dodge Corp.*, 801 F.2d 1149, 1152 n.3 (9th Cir. 1986); *U.S. v. Alisal Water Corp.*, 326 F. Supp. 2d 1032, 1036 n.5 (N.D. Cal. 2004) (taking judicial notice of newspaper articles and publications downloaded from public websites for context regarding "the totality of the circumstances under which Defendants' violations occurred"), *aff'd*, 427 F.3d 597 (9th Cir. 2005). *Caldwell v. Caldwell,* 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006) (judicial notice of web pages granted). Moreover, courts accept judicial notice of government documents. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, at **8-9 (N.D. Cal. Jan. 8, 2007) (Court granted judicial notice of government publications and articles which are "readily accessible via the Internet."); *U.S. ex rel. Wilson v. Maxxam, Inc*., No. C 06-7497 CW, 2007 U.S. Dist. LEXIS 73753, at *26 (N.D. Sept. 20, Cal. 2007) (Court granted judicial notice of government documents that are "capable of accurate and ready determination."); *Lund v. Leprino Foods Co*., No. CIV. S-06-0431 WBS KJM, 2007 U.S. Dist. LEXIS 46705, at **4-5 (E.D. Cal. June 19, 2007) (Court granted request for judicial notice of documents on the state Emergency Services' website.)

---

motion to dismiss for failure to state a claim is not a responsive pleading. *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

Plaintiffs do not proffer this transcript for the truth of the matters contained therein but rather simply to show that the SEC has made the following statements.

In this transcript, Director Thomsen has stated that recent studies "suggest that the Rule [10b5-1] is being abused," and that "[w]e're looking at this – hard." This transcript further states that Alan D. Jagolinzer ("Jagolinzer"), an assistant professor at Stanford University Graduate School of Business, completed a study in 2006 of roughly 117,000 trades in 10b5-1 plans by 3,426 executives at 1.241 companies. Jagolinzer found that trades inside the plans beat the market by 6% over six months. By contrast, executives at the same firms who traded without the benefit of plans beat the market by only 1.9%.[3] In reaction to this study, Thomsen noted that "it ought to be the case that plan participants should be no more successful on average than those who trade outside a plan." *See* Remarks at the 2007 Corporate Counsel Institute, Bai Declaration, Ex. B.

## II. CONCLUSION

Pursuant to the foregoing authorities, Plaintiffs respectfully request that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of (a) the Company's Form NT 10-Q, attached as Exhibit A to the Bai Declaration; and (b) Remarks at the 2007 Corporate Counsel Institute, attached as Exhibit B to the Bai Declaration, simply to establish the existence of such filings and the fact that the statements contained therein were made.

Dated: April 11, 2008

Respectfully submitted,

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

By: /s/ Nicole Lavallee
     Nicole Lavallee

---

[3] Alan D. Jagolinzer, *Sec Rule 10b5-1 and Insiders' Strategic Trade* (Stanford University Graduate School of Business, Working Paper, revised Sept. 17, 2007), available at http://papers.ssrn.com/sol3/papers.cfm?abstract_id=541502.

|     |     |
| --- | --- |
| 1   | Joseph J. Tabacco Jr. |
| 2   | Julie J. Bai |
|     | 425 California Street, Suite 2100 |
| 3   | San Francisco, CA 94104-2205 |
|     | Telephone: (415) 433-3200 |
| 4   | Facsimile: (415) 433-6382 |
| 5   | **Attorneys for Co-Lead Plaintiff** |
|     | **Massachusetts Laborers' Pension Fund and** |
| 6   | **Co-Lead Counsel for the Class** |
| 7   |     |
|     | Dated: April 11, 2008    **BERNSTEIN LITOWITZ BERGER** |
| 8   | **& GROSSMANN LLP** |
| 9   |     |
|     | By: /s/ Blair A. Nicholas |
| 10  | Blair A. Nicholas |
| 11  | Matthew P. Siben |
| 12  | 12481 High Bluff Drive, Suite 300 |
|     | San Diego, CA 92130 |
| 13  | Telephone: (858) 793-0070 |
|     | Facsimile: (858) 793-0323 |
| 14  |     |
|     | **Attorneys for Co-Lead Plaintiff General** |
| 15  | **Retirement System of the City of Detroit** |
|     | **and Co-Lead Counsel for the Class** |