Joseph J. Tabacco, Jr. (75484)
Email: jtabacco@bermanesq.com
Nicole Lavallee (165755)
Email: nlavallee@bermanesq.com
Julie J. Bai (227047)
Email: jbai@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO**
 **BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

Blair A. Nicholas
Email: blairn@blbglaw.com
Matthew P. Siben
Email: matthews@blbglaw.com
**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323

**Attorneys for Co-Lead Plaintiffs Massachusetts Laborers'
Pension Fund and General Retirement System of the City of Detroit**

**[Additional Counsel Appear on Signature Page]**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | No. CV 07-02544-JFW (VBKx) |
| | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF THEIR FIVE MOTIONS TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date:  May 5, 2008 Time:  1:30 p.m. Ctrm:  16 Honorable John F. Walter |
| | Complaint filed: April 17, 2007 Trial Date: None set |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT ..................................................................................... 1

     A.    While Courts May Take Judicial Notice Of Documents Referenced
          In The Complaint Or Covered By Federal Rule Of Evidence 201,
          They May Not Take Judicial Notice Of The Truth Of The Facts
          Contained Therein ................................................................................ 1

     B.    Defendants Proffer Some Of The Documents For Improper And
          Irrelevant Purposes .......................................................................... 4

         1.  While The Court May Take Judicial Notice Of The Filing Of
             Defendants SEC Filings and Press Releases, It May Not Accept
             As True Defendants' Statements Contained Therein............................ 4

            (a)   Defendants Cannot Ask This Court to Accept As True
                 Their Own Statements In Their Own Public Filings...................... 5

            (b)   Defendants Cannot Ask This Court To Accept As True
                  Irrelevant And Disputed Facts......................................................... 6

         2.  Historical Stock Prices ......................................................... 10

         3.  Statement of Financial Accounting Standards No. 154 ...................... 11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

4

*Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999) ................................. 4

5

*Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546

6

   (5th Cir. 2007) ...................................................................................... 7

7

*County of Stanislaus v. PG&E*,  No. CV-F-93-5866-OWW, 1995 U.S. Dist.

8

   LEXIS 21411 (E.D. Cal. Dec. 18, 1995)................................................ 2

9

*In re 3Com Corp. Sec. Litig.*, No. 97-21083 JW, 1999 U.S. Dist. LEXIS

10

   22685 (N.D. Cal. July 8, 1999) ............................................................ 2

11

*In re Calpine Corp. Secs. Litig.*, 288 F. Supp. 2d 1054 (N.D. Cal. 2003) ................. 3

12

13

*In re Cardinal Health Inc. Sec. Litig.*, 426 F.Supp.2d 688 (S.D. Ohio 2006) ........... 8

14

*In re Complete Mgmt. Sec. Litig.,* 153 F. Supp. 2d 314 (S.D.N.Y. 2001).................. 9

15

*In re Hollinger Int'l, Inc. Sec. Litig.*, No. 04C-0834, 2006 U.S. Dist. LEXIS

16

   47173 (N.D. Ill. June 8, 2006).......................................................... 10

17

*In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983 (S.D. Cal. 2005) ...... 2, 3, 10

18

19

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991)................................... 3, 4

20

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001) ....................................... 1, 2

21

22

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996) ....................... 3, 4

23

*M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483

24

   (9th Cir. 1983) ...................................................................................... 3

25

*Olsen v. C.I.R.*, No. 00-0998, 2000 U.S. Dist. LEXIS 19597

26

   (E.D. Cal. Jan. 25, 2000) ...................................................................... 3

27

*U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964 (E.D. Cal. 2004)........................... 11

28

*Wietschner v. Monterey Pasta Co*., 294 F. Supp. 2d 1102 (N.D. Cal. 2003).............. 3

**Statutes**

Fed. R. Evid. 201(b)................................................................................................ 2

Fed. R. Civ.  P. 12(b)(6) ........................................................................................ 1

Plaintiffs respectfully submit this opposition to (1) Request for Judicial Notice in Support of Defendant International Rectifier Corporation's Notice of Motion and Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("IRF RJN"); (2) Defendant Michael P. McGee's Request for Judicial Notice in Support of Motion to Dismiss; Memorandum of Point & Authorities ("McGee RJN"); (3) Defendant Robert Grant's Request for Judicial Notice in Support of Motion to Dismiss Consolidated Class Action Complaint ("Grant RJN"); and (4) Defendant Alexander Lidow's Request for Judicial Notice ("A. Lidow RJN").

## I.   INTRODUCTION

Defendants requested that the Court take judicial notice of (1) certain documents International Rectifier Corporation ("IRF" or "Company") and the Individual Defendants filed with the Securities and Exchange Commission ("SEC") including Form 10-Ks, DEF 14As, Form 10-Qs, Form 4s and Form 5s; (2) press releases issued by IRF; (3) historical stock price data from Yahoo! Finance; and (3) Statement of Financial Accounting Standards No. 154 ("SFAS No. 154").

Plaintiffs generally do not oppose having the Court take judicial notice of the existence of such documents.  However, Defendants' request should be denied to the extent that Defendants seek to have the Court take judicial notice of irrelevant information or seek to have the Court take judicial notice of the truth of disputed facts so as to draw improper factual inferences in Defendants' favor.

## II.   ARGUMENT

### A.   While Courts May Take Judicial Notice Of Documents Referenced In The Complaint Or Covered By Federal Rule Of Evidence 201, They May Not Take Judicial Notice Of The Truth Of The Facts Contained Therein

Courts have long recognized that extraneous material may not be considered on a motion to dismiss except in limited circumstances.  *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the

1

complaint.'") (citation omitted).  There are two exceptions to this rule, which allow the Court to consider extraneous material without converting the motion into a motion for summary judgment:

*First*, the Court may take judicial notice of matters of public record to the extent permitted by Fed. R. Evid. 201.  *Lee*, 250 F.3d at 688-89.  Rule 201 provides that courts may take judicial notice of documents that are (i) generally known within the territorial jurisdiction of the trial court, or (ii) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned.  *Second*, courts may consider documents that are either submitted as part of the complaint or that are relied upon in a complaint *and* whose authenticity is not contested.  *Id.* at 688.

Once it is determined that a document can be judicially noticed under one of these principles, the scope of the notice is governed by the well-established rule that judicial notice does *not* encompass taking notice of the truth of the matters contained therein – a rule that flows from the most basic but crucial evidentiary principles.  *See* Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689; *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005).

Accordingly, courts firmly hold that they are not permitted to take judicial notice of documents on a motion to dismiss for the truth of the matters asserted therein even if such documents are cited in the complaint.  *See*, *e.g.*, *Lee*, 250 F.3d at 690 (improper for court to take judicial notice of "disputed facts stated in public records"); *In re 3Com Corp. Sec. Litig.*, No. 97-21083 JW, 1999 U.S. Dist. LEXIS 22685 at *13 (N.D. Cal. July 8, 1999) (court takes judicial of SEC filings referenced in plaintiffs' complaint alleging violations of §10(b) of the Securities Exchange Act "only to take notice of the fact that the documents exist or contain certain assertions, *not* as proof of the truth of those assertions") (emphasis in original, citation omitted); *County of Stanislaus v. PG&E*,  No. CV-F-93-5866-OWW, 1995 U.S. Dist. LEXIS 21411 at *23 (E.D. Cal. Dec. 18, 1995) ("[T]estimony and pleadings submitted for

1  judicial notice are hearsay and if objected to 'will be considered for the fact that they
2  exist as submitted, not for the truth of disputed assertions of fact or argument'")
3  (citation omitted), *aff'd*, 114 F.3d 858 (9th Cir. 1997); *Kramer v. Time Warner, Inc.*,
4  937 F.2d 767, 774 (2d Cir. 1991) (securities fraud action where court held that it
5  could consider SEC filings referenced in complaint on a Rule 12(b)(6) but not for
6  the truth of the matters asserted therein).[1]  Significantly, none of defendants' cases
7  hold otherwise.

8       It is equally true that courts should only take judicial notice of documents that
9  are relevant to the matter at hand.  *Immune Response*, 375 F. Supp. 2d at 996
10 (judicial notice of exhibits denied because court found them "irrelevant in deciding
11 the [m]otions"); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109
12 (N.D. Cal. 2003) (judicial notice of facts allowed if "sufficiently relevant" to the
13 allegations in the complaint); *In re Calpine Corp. Secs. Litig.*, 288 F. Supp. 2d 1054,
14 1076-77 (N.D. Cal. 2003) (court declined to grant judicial notice to documents that
15 were not referenced in a complaint and not relevant).

16      It is in light of these fundamental principles that one must evaluate
17 Defendants' requests for judicial notice.

18 / / /

19 / / /

20 / / /

21

22

23 _____

24 [1] *See also M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction
25 of evidence, facts essential to support a contention in a case then before it.") (citations omitted); *Olsen v. C.I.R.*, No. 00-0998, 2000 U.S. Dist. LEXIS 19597 at *4
26 (E.D. Cal. Jan. 25, 2000) (judicial notice taken of declarations filed in the United States Tax Court because they were court records "not proffered for the truth of the
27 matters asserted"); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (adopting the rule that courts may consider documents required to be filed
28 with the SEC, but holding that such documents should be considered only for their content and not for the truth of the statements contained therein).

**B.** **Defendants Proffer Some Of The Documents For Improper And Irrelevant Purposes**

     **1.** **While The Court May Take Judicial Notice Of The Filing Of Defendants SEC Filings and Press Releases, It May Not Accept As True Defendants' Statements Contained Therein**

Defendants attach the following public SEC filings and press releases by IRF to their multiple requests for judicial notice: (i) Form 8-Ks (McGee RJN Exs. A, C, F); (ii) NT 10-K (McGee RJN Ex. G; Grant RJN Ex. 3); (iii) 10-K (Grant RJN Ex. 2; Declaration of Christine L. Costley in Support of Defendant International Rectifier Corporation's Notice of Motion and Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Costley Decl."), Ex. A); (iv) NT 10-Qs (McGee RJN Exs. E, H); (v) DEF 14As (Costley Decl. Exs. F, K; McGee RJN Ex. T; A. Lidow RJN Exs. 1-2); (vi) Form 4s and Form 5s (Costley Decl. Exs. B-E, G-J; McGee RJN Exs. I-S; Grant RJN Ex. 1); and (vii) press releases (McGee RJN Exs. B, D).

     Plaintiffs do not dispute that courts may take judicial notice of SEC filings for the purpose of establishing ***the fact of the filing*** of the documents with the SEC or ***the existence of the statements*** made therein. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999). However, Defendants do not proffer the SEC filings or press releases attached to Form 8-Ks solely for these purposes. Rather, in several instances, Defendants ask the Court to take judicial notice of these filings (i) for the truth of the matters asserted therein in order to craft their own statement of facts; or (ii) to draw ***irrelevant*** factual inferences in Defendants' favor.

     All the SEC filings in question were prepared by the Defendants. Thus, the statements contained in them are subject to reasonable dispute and the Court may not accept their content as true. *See Lovelace*, 78 F.3d at 1018 (SEC filings "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.") (citation omitted); *Kramer*, 937 F.2d at 774 (holding that SEC filings referred to in the complaint can be judicially noticed, but not for the truth of the matter asserted). While it is proper

for Plaintiffs to cite to Defendants' own admissions in public filings to support their factual allegations, it is utterly improper for defendants to demand that the Court accept their own statements as truth.  Moreover, as noted above, courts should refuse to take judicial notice of information that is irrelevant to the motions at hand.

> (a)  **Defendants Cannot Ask This Court to Accept As True Their Own Statements In Their Own Public Filings**

Here, Defendants ask the Court to take judicial notice of numerous excerpts of SEC filings for the truth of the statements made therein.  For example:

- Defendant McGee offers IRF's May 15, 2006 press release (McGee RJN Ex. B) attached to IRF's Form 8-K filed on May 15, 2006 (McGee RJN Ex. A), which announced IRF's "restate[d] financial results to correct an overstatement of its cash flows from operations" (¶102) to draw an improper factual conclusion that "[t]here was no suggestion whatsoever of any improper conduct by anyone in connection with this reclassification." Defendant Michael P. McGee's Notice of Motion and Motion to Dismiss Consolidated Class Action Complaint; Memorandum of Points and Authorities ("McGee Br.") at 8.

- Defendant McGee offers IRF's August 31, 2007 NT 10-K (McGee RJN Ex. G) to draw two improper factual conclusions that (1) "IRF's August 31 report also advised investors of two accounting issues completely *unrelated* to the Japanese subsidiary, which involved no hint of misconduct by anyone," and (2) "the report on accounting for restructuring and tax suggests no improper conduct."  McGee Br. at 7.

- Defendant Grant offers IRF's August 31, 2007 NT 10-K (Grant RJN Ex. 3) to create his own set of facts and asks the Court to draw an improper inference that "[w]hile the Company's public statements upon which Plaintiffs base their allegations provide a detailed roadmap to its Japanese subsidiary's fraud, they do not implicate Grant."  Defendant Robert

Grant's Notice of Motion and Motion to Dismiss Consolidated Class Action Complaint; Memorandum of Points and Authorities in Support Thereof ("Grant Br.") at 4.

- Defendant McGee offers IRF's November 13, 2007 NT 10-Q (McGee RJN Ex. H) to draw two improper factual conclusions: (1) IRF's report that "the improper invoices had been 'satisfied in [the] ordinary course,' thus indicating that the sales were prematurely recognized, but ultimately were consummated and paid by customers," and (2) "IRF's November 13 report does not suggest any improper conduct by anyone with respect to IRF's prior financial reporting on these restructuring and tax matters." McGee Br. at 7-8.

- IRF and Grant request that the Court accept as true certain facts regarding its business as described in its Form 10-K. *See* Defendant International Rectifier Corporation's (1) Notice of Motion and Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint; and (2) Memorandum of Points and Authorities in Support Thereof [Corrected Version] ("IRF Br.") at 2, Costley Decl., Ex. A; Grant Br. at 3, Grant RJN Ex. 1.

In sum, Defendants ask this Court to take judicial notice of the truth of the statements contained in the very same type of public filings and press releases that Plaintiffs allege were false and misleading to support their factual attacks on Plaintiffs' claims. Such requests should be denied.

**(b)      Defendants Cannot Ask This Court To Accept As True Irrelevant And Disputed Facts**

In principle, Plaintiffs do not oppose the Court taking judicial notice of Form 4s and Form 5s and other SEC filings to show what defendants have made certain representations regarding their securities trading and holdings. However, Plaintiffs oppose defendants' requests because defendants offer such statements for irrelevant

and improper purposes.  (Costley Decl. Exs. B-E, G-J; McGee RJN Exs. I-S; Grant
RJN Ex. 1).

First, defendants IRF, Grant and Alexander Lidow offer Form 4 and Form 5
filings and their "stock analysis" to improperly establish that Grant's, Eric Lidow's
and Alexander Lidow's "[s]ales pursuant to such a plan [Rule 10b-5(c)] do not give
rise to an inference of scienter."  IRF Br. at 19.  *See also* Grant Br. at 17; Defendant
Alexander Lidow's Notice of Motion and Motion to Dismiss the Consolidated Class
Action Complaint for Violations of the Federal Securities Laws; Memorandum of
Points and Authorities in Support Thereof ("A. Lidow Br.") at 11.  *See also* Appendix
to Costley Decl.  However, as set forth in Plaintiffs Memorandum of Points and
Authorities in Opposition to Defendants' Five Motions to Dismiss Plaintiffs'
Consolidated Class Action Complaint ("Plaintiffs' Opposition Memorandum"), the
mere existence of a trading plan does not mean that trades were not suspicious since
a variety of facts must be examined regarding the terms of the trading plan and the
timing of its adoption.  *See*, *e.g.*, *Cent. Laborers' Pension Fund v. Integrated Elec.
Servs.*, 497 F.3d 546, 554 (5th Cir. 2007) (Defendants' "attempt to use the 10b5-1
Plan[s] as a non-suspicious explanation is flawed because, inter alia, [defendants]
entered into the Plan[s] during the Class Period.").   Contrary to Defendants'
argument, the public filings do not provide any detail from which one could infer
that the sales were not suspicious.

For example, these Form 4s do not include copies of the trading plans and do
not provide any details of the terms of the 10b5-1 trading plans beyond the alleged
dates of their adoption.  The Form 4s do not shed any light on whether: (i) the trades
complied with the plans; (ii) the plans were adopted during the Class Period (which
some were) for the express purpose of permitting Defendants to profit from their
fraud; (iii) the trading plans allowed Defendants to profit from their fraud by using
material nonpublic information in their trading decisions; or (iv) the plans were
enacted in "good faith" and not as part of a plan or scheme to evade liability.  *See*

1   *also* Plaintiffs' Opposition Memorandum at §III.B.8.a.2., discussing why existence
2   of the alleged trading plans is irrelevant to the pending motion.  Thus, it is premature
3   to consider whether the fact that Grant E. Lidow and A. Lidow may have sold their
4   shares pursuant a trading plan renders their trades not suspicious on a motion to
5   dismiss.  *In re Cardinal Health Inc. Sec. Litig.*, 426 F.Supp.2d 688, 734 (S.D. Ohio
6   2006) ("As it is typically premature to raise affirmative defenses in a motion to
7   dismiss, this Court will not consider the impact of [defendant]'s purported 10b5-1
8   trading plan at this stage of the pleadings.").   Since it is irrelevant, defendants'
9   requests should be denied.  *Id.*

10      Second, defendants IRF, McGee and A. Lidow also offer their SEC filings to
11   prove that McGee, A. Lidow and E. Lidow actually held or acquired more shares
12   than they sold during the Class Period and, thus, they were not motivated to commit
13   fraud.  *See* IRF Br. at 19, McGee Br. at 13, 24, A. Lidow Br. at 12, citing IRF's
14   October 10, 2003 DEF 14A (Costley Decl. Ex. K, McGee RJN Ex. T, A. Lidow RJN
15   Ex. 1); and IRF's October 18, 2006 DEF 14A (Costley Decl. Ex. F., A. Lidow RJN
16   Ex. 2).

17      For example:

18   • McGee offers his Form 10-K to show that he "increased his overall
19      holdings in IRF over the Class Period… - a fact entirely inconsistent with
20      the contention that he fraudulently inflated IRF's stock prices."  McGee
21      Br. at 24.  *See also* McGee Br. at 24 ("McGee simply exercised stock
22      options that had been paid to him as compensation, as he was entitled to
23      do."); McGee RJN Ex. T (IRF's October 10, 2003 DEF 14A); Luthin Decl.
24      ¶11; Costley Decl. ¶7.[2]

25   _____
26   [2] Note there are two errors in Luthin's Declaration ¶11.b. (1) conversion dates
     indicated in the declaration are the dates McGee signed the Form 4s as opposed to
27   the transaction dates; (2) exhibit P does not reflect a conversion, the correct Form 4
     reflecting the conversion of the restricted stock granted on August 31, 2005, as
28   detailed in exhibit P, is exhibit R which details the August 31, 2006 conversion of
     334 shares.

- Grant argues that the Company's Form 10-K filed on September 15, 2006 shows that he "increased by 200% during the class period from approximately 20,000 shares to 44,000 shares. Grant RJN Ex. 2. That Grant's holdings increased during the class period seriously undercuts any inference of scienter." Grant Br. at 17.

- A. Lidow argues that his holdings "barely decreased over the class period…. The fact that after the alleged sales Lidow remained fully invested in IR… categorically defeats any inference of scienter." A. Lidow Br. at 12.

- Defendant IRF asks the Court to take judicial notice of IRF RJN Exs. B-E (includes McGee RJN Exs. I-S and Grant RJN Ex. 1) to improperly establish that Defendants McGee, Grant, A. Lidow "sold more than 20% and only Eric Lidow sold more than 14%." IRF Br. at 19.[3]

However, these documents are irrelevant to the analysis of whether the trading was suspicious. McGee's Form 4s reveal that the "increased" holdings resulted from cost-free acquisitions (from maturations of restricted stock and vesting of stock option grants) and McGee's Form 4s are simply inadequate to show the cost to McGee from 401K acquisitions. A. Lidow admits that his increases in holdings stemmed from the fact that additional options vested. A. Lidow Br. at 12. Similarly, the September 15, 2006 Form 10-K does not show how Grant acquired his holdings

---

[3] There are errors in IRF's Appendix A. First, Costley Declaration ¶4(a) states she "obtained the information in Column C, 'Shares Acquired,' from paragraph 292 of the Consolidated Class Action Complaint ("CAC")." This is clearly wrong. ¶292 of the Complaint does not include any data regarding shares acquired by any of the defendants. Second, the date column in the Appendix is misleading because defendants used the date the Form 4s were signed by the defendants as opposed to the date of the actual transaction. Third, the "Shares Disposed" of columns in the Appendix incorrectly includes gifts. Gifts should not be included. *In re Complete Mgmt. Sec. Litig.,* 153 F. Supp. 2d 314, 328 (S.D.N.Y. 2001) (disposal of company shares by gift not considered to be improper insider trading activity). Lastly, defendants' calculations of "Percentages of Shares and Vested Options Disposed" by McGee (Appendix to Costley Decl. at 014) and Grant Appendix to Costley Decl. at 016) are clearly wrong, just on its face without a detailed analysis since the "Stock and Vested Options at Beginning of Class Period" amounts are identical to E. Lidow's (Appendix to Costley Decl. at 008).

or whether he paid money for additional securities acquired.[4]   The mere fact that defendants increased their holdings with no cost to themselves is entirely irrelevant to the question of whether the fact that they reaped many millions of dollars by selling Company stock at inflated prices supports a finding of scienter.

Accordingly, these requests for the Court to take judicial notice of public filings to counter allegations of suspicious trading are irrelevant to the pending motions and should be denied.  *Immune Response*, 375 F. Supp. 2d at 996 (judicial notice of exhibits denied because court found them "irrelevant in deciding the [m]otions").[5]

### 2.    Historical Stock Prices

Defendant IRF also asks the Court to take judicial notice of historical stock price quotes on Yahoo! Finance.  IRF RJN at 21, Costley Decl., Ex. A.  Plaintiffs do not dispute that stock prices can be subject to judicial consideration as the prices are not reasonably subject to dispute.  However, here again, defendant IRF asks the Court to take judicial notice of the stock prices for an improper purpose.

Defendant IRF uses stock prices to argue that Plaintiffs have failed to plead loss causation.    IRF RJN at 21.    Specifically, IRF argues that the post-class period disclosure on August 31, 2007 did not cause a stock drop and, thus, there is no loss causation.  *Id.*  However, as the court explained in *In re Hollinger Int'l, Inc. Sec. Litig.*, No. 04C-0834, 2006 U.S. Dist. LEXIS 47173, at *42 (N.D. Ill. June 8, 2006), "[t]he question of whether a disclosure may be labeled 'corrective' is not properly before this Court in a motion to dismiss." *Id.* at *43.  Event studies are required to evaluate the import of market movements.   Thus, at "the motion to dismiss stage, [courts should] not resolve factual disputes regarding the nature or timing of the disclosures, or their effect on the market."  *Id.* at *45.  *See also*

---

[4] In fact, it should be noted, the excerpts offered of IRF's September 15, 2006 Form 10-K (Grant RJN Ex. 2) do not even seem to show that Grant's holdings increased.

[5] Plaintiffs do not oppose the request for the Court to take judicial notice of McGee RJN Ex. V, General Instructions For Filing Forms 4.  Luthin Decl. ¶4.

discussion of relevance of post-class period stock drops in §III.F. of Plaintiffs' Opposition Memorandum.

Accordingly, the stock price analysis that Defendant IRF asks the Court to perform is irrelevant to the pending motions to dismiss and the request should be denied.

### 3.  Statement of Financial Accounting Standards No. 154

Plaintiffs do not oppose the Court taking judicial notice of the existence or text of SFAS No. 154.   However, defendant McGee asks the Court to take notice of SFAS No. 154, McGee RJN Ex. U, for an improper purpose.  McGee RJN at 5, McGee Br. at 16.

In an attempt to refute Plaintiffs' scienter allegations and assert his own interpretation of SFAS No. 154, McGee offers a copy of SFAS No. 154 "[i]n order to show that a restatement is fully consistent with honest error."  McGee RJN at 5, McGee Br. at 16.  However, it is improper for a court to judicially notice a document to prove "any party's assertion of what the contents mean." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004).  Accordingly, plaintiffs oppose McGee's interpretation of the SFAS No. 154 and his request should be denied on those grounds.

Dated:  April 11, 2008                    Respectfully submitted,

**BERMAN DeVALERIO PEASE
    TABACCO BURT & PUCILLO**

By:   /s/ Nicole Lavallee
                Nicole Lavallee

Joseph J. Tabacco Jr.
Julie J. Bai
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone:  (415) 433-3200
Facsimile:  (415) 433-6382

*Attorneys for Co-Lead Plaintiff
Massachusetts Laborers' Pension Fund and
Co-Lead Counsel for the Class*

1     Dated:  April 11, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _Blair A. Nicholas/M_
      Blair A. Nicholas

Matthew P. Siben
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323

*Attorneys for Co-Lead Plaintiff General
Retirement System of the City of Detroit and
Co-Lead Counsel for the Class*