1   BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2   BLAIR A. NICHOLAS   (Bar No. 178428)
    (blairn@blbglaw.com)
3   BENJAMIN GALDSTON   (Bar No. 211114)
    (beng@blbglaw.com)
4   JON F. WORM   (Bar No. 248260)
    (jonw@blbglaw.com)
5   12481 High Bluff Drive, Suite 300
    San Diego, CA 92130
6   Tel:   (858) 793-0070
    Fax:   (858) 793-0323
7
    BERMAN DeVALERIO
8   JOSEPH J. TABACCO, JR. (Bar No. 75484)
    (jtabacco@bermandevalerio.com)
9   NICOLE LAVALLEE (Bar No. 165755)
    (nlavallee@bermandevalerio.com)
10  DANIEL E. BARENBAUM (Bar No. 209261)
    (dbarenbaum@bermandevalerio.com)
11  JULIE J. BAI (Bar No. 227047)
    (jbai@bermandevalerio.com)
12  425 California Street, Suite 2100
    San Francisco, CA 94104-2205
13  Tel:   (415) 433-3200
    Fax:   (415) 433-6382
14
15  *Attorneys for Co-Lead Plaintiffs General Retirement
    System of the City of Detroit and Massachusetts
16  Laborers' Pension Fund*

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

20  IN RE INTERNATIONAL          Case No. CV 07-02544-JFW (VBKx)
    RECTIFIER CORPORATION
21  SECURITIES LITIGATION        **LEAD PLAINTIFFS'
                                 MEMORANDUM OF POINTS
22                               AND AUTHORITIES IN
                                 SUPPORT OF JOINT
23                               UNOPPOSED MOTION FOR
                                 PRELIMINARY APPROVAL
24                               OF CLASS ACTION
                                 SETTLEMENT**
25
                                 **Date: No Hearing Requested
26                               Time: N/A
                                 Courtroom: 16**
27

28
    _____
                                 MEMO. P. &. A. SUPP. UNOPPOSED MOT. FOR
                                 PRELIMIMINARY APPROVAL OF SETTLMENT
                                 Case No. CV 07-02544-JFW (VBKx)

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION..................................................................................... 1

II.  STATEMENT OF FACTS ....................................................................... 2

III. ARGUMENT ........................................................................................... 4

   A.   This Court Should Grant Preliminary
        Approval Of The Proposed Settlement.......................................... 4

        1.   Factors To Be Considered By The
             Court In The Preliminary Approval
             Of A Class Action Settlement ............................................... 4

             a.   The Settlement Was Vigorously Negotiated
                  And Is Supported By Experienced Counsel ................... 6

             b.   The Substantial Benefit Obtained For The
                  Class, Especially In Light Of Serious Risks
                  Of Lesser Or No Recovery, Supports
                  Approval Of The Settlement ........................................... 7

             c.   The Stage Of The Proceedings And
                  Discovery Completed Support Approval Of
                  The Settlement ................................................................ 8

        2.   Proposed Notice To The Class Is
             Adequate................................................................................ 8

   B.   The Proposed Class Meets The Prerequisites
        For Class Certification Under Rule 23(a)........................................ 10

        1.   Numerosity ............................................................................ 11

        2.   Commonality .......................................................................... 12

        3.   Typicality............................................................................... 13

        4.   Adequacy................................................................................ 14

        5.   Common Questions Of Law
             Predominate And A Class Action Is
             The Superior Method Of Adjudication .................................. 15

IV.  SCHEDULE OF SETTLEMENT EVENTS ............................................ 16

V.   CONCLUSION ....................................................................................... 17

# TABLE OF AUTHORITIES

<u>Case(s)</u>                                                                                               <u>Page</u>

*Alfus v. Pyramid Tech. Corp.*,
   764 F. Supp. 598 (N.D. Cal. 1991) ........................................................ 13

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975).................................................... 11, 12, 15

*Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979) ........................................................ 6

*In re Cirrus Logic Sec.*,
   155 F.R.D. 654 (N.D. Cal. 1994) ........................................................ 11

*Class Plaintiffs v. Seattle*,
   955 F.2d 1268 (9th Cir. 1992)............................................................. 4, 5

*Dubin v. Miller*,
   132 F.R.D. 269 (D. Colo. 1990)........................................................... 13

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985)............................................................... 16

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980) ........................................................... 6

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
   1992 WL 226321 (C.D. Cal. June 10, 1992) ........................................ 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)..................................................... 4, 10, 13, 14

*Harris v. Palm Springs Alpine Estates, Inc.*,
   329 F.2d 909 (9th Cir. 1964)............................................................. 11

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................... 9

*In re Intelcom Group Sec. Litig.*,
   169 F.R.D. 142 (D. Colo. 1996)......................................................... 14, 15

*In re Inter-Op Hip Prosthesis Liab. Litig.*,
   204 F.R.D. 359 (N.D. Ohio 2001)...................................................... 15

MEMO. P. &. A. SUPP. UNOPPOSED MOT. FOR
PRELIMIMINARY APPROVAL OF SETTLMENT
Case No. CV 07-02544-JFW (VBKx)

*Kirkorian v. Borelli,*
　　695 F. Supp. 446 (N.D. Cal. 1988) ............................................................. 6

*Lerwill v. Inflight Motion Pictures, Inc.,*
　　582 F.2d 507 (9th Cir. 1978).................................................................... 14

*Mendoza v. United States,*
　　623 F.2d 1338 (9th Cir. 1980).................................................................... 8

*In re Micron Tech., Inc. Sec. Litig.,*
　　247 F.R.D. 627 (D. Idaho 2007) ............................................................... 13

*Officers for Justice v. Civil Serv. Comm'n,*
　　688 F.2d 615 (9th Cir. 1982)................................................................... 4, 5

*Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.,*
　　611 F. Supp. 990 (C.D. Cal. 1984)........................................................... 11

*In re Portal Software, Inc. Sec. Litig.,*
　　2007 WL 1991529 (N.D. Cal. June 30, 2007) ....................................... 10

*Rodriguez v. West Publ'g Corp.,*
　　563 F.3d 948 (9th Cir. 2009).................................................................... 9

*Santos v. Camacho,*
　　2007 U.S. Dist. LEXIS 1668 (D. Guam Jan. 9, 2007)........................... 10

*Schwartz v. Harp,*
　　108 F.R.D. 279 (C.D. Cal. 1985) ............................................................ 11

*Torrisi v. Tucson Elec. Power Co.,*
　　8 F.3d 1370 (9th Cir. 1993)..................................................................... 4, 5

*Utility Reform Project v. Bonneville Power Admin.,*
　　869 F.2d 437 (9th Cir. 1989)..................................................................... 4

*Van Bronkhorst v. Safeco Corp.,*
　　529 F.2d 943 (9th Cir. 1976)..................................................................... 4

*In re Veritas Software Corp. Sec. Litig.,*
　　496 F.3d 962 (9th Cir. 2007)..................................................................... 8

*Wehner v. Syntex Corp.,*
　　117 F.R.D. 641 (N.D. Cal. 1987).............................................................. 12

MEMO. P. & A. SUPP. UNOPPOSED MOT. FOR
PRELIMIMINARY APPROVAL OF SETTLMENT
Case No. CV 07-02544-JFW (VBKx)

*In re Wireless Facilities, Inc. Sec. Litig.,*
    253 F.R.D. 630 (S.D. Cal. 2008)..................................................................... 8, 12

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78u-4(a)(7) ........................................................................................ 9

Fed. R. Civ. P. 23 ......................................................................................... passim

Lead Plaintiffs, the General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund, respectfully submit this Memorandum of Points and Authorities in support of the Parties' unopposed joint motion for preliminary approval of the Settlement. Specifically, the Parties move this Court for entry of the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), submitted herewith. The proposed Preliminary Approval Order will, among other things: (i) grant preliminary approval of the proposed class action settlement on the terms set forth in the Stipulation of Settlement dated as of September 22, 2009 (the "Stipulation" or "Settlement"[1]); (ii) certify the Class for settlement purposes only; (iii) approve the form and manner of giving notice of the proposed Settlement to the Class; and (iv) set a date for the Final Approval Hearing.

## I.    **INTRODUCTION**

The proposed Settlement provides for the payment of $90 million in cash, plus interest (the "Settlement Fund"), for the benefit of the Class,[2] in exchange for the dismissal and release of the claims against defendant International Rectifier Corporation ("International Rectifier" or the "Company"), and defendants Alexander Lidow, Michael P. McGee, and Eric Lidow (collectively, "Individual Defendants"; with International Rectifier, "Defendants") and their related parties.

The Settlement was reached only after extensive litigation and negotiations overseen by the mediator, the Honorable Layn R. Phillips (Ret.). Lead Plaintiffs and Lead Counsel – based upon their evaluation of the facts and applicable law and their recognition of the substantial risk and expense of continued litigation –

---

[1] All capitalized terms that are not defined herein are defined in the Stipulation which is submitted herewith and attached as Exhibit 1.

[2] The "Class" is defined as all persons or entities (and their beneficiaries) who purchased or acquired the publicly traded securities of International Rectifier Corporation ("International Rectifier Securities") from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result. As further described below, certain persons are excluded from the Class.

1    submit that the proposed Settlement is in the best interests of the Class, providing a

2    meaningful recovery for the Class now.  Accordingly, Lead Plaintiffs respectfully

3    move for preliminary approval of the Settlement.

4    **II.    STATEMENT OF FACTS**

5           This is a securities fraud class action alleging false and misleading

6    statements and omissions in violation of § 10(b) of the Securities Exchange Act of

7    1934 (the "Exchange Act") and SEC Rule 10b-5, and control person liability under

8    § 20(a) of the Exchange Act.

9           Beginning on or about April 17, 2007, plaintiffs filed class actions against

10   Defendants and others in the Central District of California (case numbers: 07-cv-

11   02544 JFW (VBKx); 07-cv-03123 JFW (PJWx)).  The complaints alleged, among

12   other things, that defendants made false statements and omissions concerning

13   International Rectifier's reported financial results, gross margins, sales and

14   business conditions.  By Order dated May 17, 2007, this Court consolidated the

15   actions then before it and all related actions subsequently filed.  [Docket No. 6].

16   On July 23, 2007, this Court appointed General Retirement System of the City of

17   Detroit and Massachusetts Laborers' Pension Fund as Lead Plaintiffs ("Lead

18   Plaintiffs") and Bernstein Litowitz Berger & Grossmann LLP and Berman

19   DeValerio as Lead Counsel ("Lead Counsel").  [Docket No. 34].

20          On January 14, 2008, Lead Plaintiffs filed a first amended consolidated class

21   action complaint ("First Amended Complaint") asserting claims under § 10(b) and

22   §20(a) of the Exchange Act and Rule 10b-5 against Defendants and others.

23   [Docket No. 55].  Defendants moved to dismiss, and on May 23, 2008, the Court

24   dismissed the First Amended Complaint without prejudice.  [Docket No. 108].

25          On October 17, 2008, Lead Plaintiffs filed a second amended consolidated

26   complaint ("Second Amended Complaint") asserting claims under § 10(b) and

27   §20(a) of the Exchange Act and Rule 10b-5 against Defendants and Robert Grant.

28   [Docket No. 140].  Defendants again moved to dismiss.  On December 31, 2008,

1    the Court granted in part and denied in part the motions to dismiss the Second
2    Amended Complaint, dismissing claims against Robert Grant with prejudice.
3    [Docket No. 194].   Defendants answered the Second Amended Complaint on
4    January 15, 2009. [Docket Nos. 203; 205; 207; 208].

5            During the course of the litigation, Lead Plaintiffs and Defendants conducted
6    extensive discovery, including the review by Lead Plaintiffs of more than 2.6
7    million documents produced by Defendants and third parties, and the depositions
8    of the Lead Plaintiffs and three of the Lead Plaintiffs' investment advisors.
9    Further, Lead Plaintiffs had noticed more than 20 witness depositions to be
10   completed before the close of discovery.   Additionally, Lead Plaintiffs moved to
11   compel production from International Rectifier, and International Rectifier moved
12   for protective orders.

13           On March 17, 2009, Lead Plaintiffs filed their motion for class certification
14   pursuant to Rule 23 of the Federal Rules of Civil Procedure.   [Docket No. 217].
15   On June 29, 2009, Defendants filed their opposition to class certification.   [Docket
16   Nos. 237; 241; 242; 243].

17           On April 30, 2009, Lead Plaintiffs, Defendants, and Defendants' insurance
18   carriers participated in a mediation session with the Honorable Layn R. Phillips
19   (Ret.) in Newport Beach, California.   The parties reached an impasse during the in-
20   person mediation, however, and did not agree to a settlement.

21           Following the in-person mediation, Judge Phillips continued mediation
22   discussions with the parties and insurance carriers in an effort to negotiate a
23   settlement.   On July 29, 2009, after considerable additional negotiations supervised
24   by Judge Phillips, the parties agreed to a proposed settlement of the Consolidated
25   Action for $90 million in cash to be paid by International Rectifier and its
26   insurance carriers.

27

28

## III.  ARGUMENT

### A.  This Court Should Grant Preliminary Approval Of The Proposed Settlement

#### 1.  Factors To Be Considered By The Court In The Preliminary Approval Of A Class Action Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of claims brought on a class basis.  Whether to approve a proposed settlement is within the sound discretion of the district court, which should be exercised in the context of public policy strongly favoring the pretrial settlement of class action lawsuits.  *See Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

Recognizing that a settlement represents an exercise of judgment by the negotiating parties, the Ninth Circuit has held that "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625; *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

In considering whether to grant preliminary approval of a class action settlement, courts make a preliminary evaluation of the fairness of the settlement prior to issuing notice to the class and prior to holding a final approval hearing. The general standard by which courts are guided when deciding whether to grant preliminary approval of a class action settlement is whether the proposed

1  settlement falls within the range of what could be found "fair, adequate and
2  reasonable," so that notice may be given to the proposed class and a hearing for
3  final approval can be scheduled. *Class Plaintiffs*, 955 F.2d at 1276; *Officers for*
4  *Justice*, 688 F.2d at 625.

5      At this point, the Court need not answer the ultimate question: whether the
6  Settlement is fair, reasonable and adequate. When the Court makes this ultimate
7  determination at a later point, the Court will be asked to review the following
8  factors: the strength of plaintiffs' case; the risk, expense, complexity, and likely
9  duration of further litigation; the risk of maintaining class action status throughout
10 the trial; the amount offered in settlement; the extent of discovery completed, and
11 the stage of the proceedings; and the experience and views of counsel. *Torrisi,* 8
12 F.3d at 1376 (citing *Officers for Justice,* 688 F.2d at 625).

13     The Settling Parties here request only that the Court take the first step in the
14 settlement approval process and grant preliminary approval of the proposed
15 Settlement. The proposed Settlement, which provides $90 million in cash for
16 distribution to eligible Class Members after deduction of Court-awarded fees and
17 expenses, is unquestionably beneficial to the Class. Given the complexities of this
18 Consolidated Action and the continued risks if the parties were to proceed, the
19 Settlement represents a reasonable resolution and eliminates the risk that the Class
20 might recover less or nothing at all.

21     As outlined in the proposed Preliminary Approval Order, if the Court grants
22 preliminary approval, Lead Plaintiffs, through the Claims Administrator, will
23 notify Class Members of the Settlement by mailing the Notice and Proof of Claim
24 to Class Members. The Notice advises Class Members of the essential terms of the
25 Settlement, information regarding Lead Counsel's fee and expense application, and
26 the proposed plan for allocating the Settlement proceeds among Class Members.
27 The Notice also sets forth the procedure for objecting to the Settlement, Plan of
28 Allocation or the request for an award of attorneys' fees and reimbursement of

1  litigation expenses; sets out the procedure for opting out of the Class; and provides

2  specifics on the date, time, and place of the Final Approval Hearing.  The proposed

3  Preliminary Approval Order further requires Lead Plaintiffs to cause the Summary

4  Notice to be published once in *Investor's Business Daily*, a widely-disseminated

5  national investors' news publication.  Lead Counsel believe that, because the

6  Notice and Summary Notice fairly apprise Class Members of their rights with

7  respect to the Settlement, they represent the best notice practicable under the

8  circumstances and should be approved by the Court.

9       As summarized below, and as will be detailed further in a subsequent motion

10  for final approval of the Settlement, a preview of the factors considered by courts

11  in granting final approval of class action settlements demonstrates that this

12  Settlement is well within the range of possible approval.

13       **a.    The Settlement Was Vigorously Negotiated
              And Is Supported By Experienced Counsel**

14

15       Courts recognize that the opinion of experienced counsel supporting the

16  settlement after vigorous arm's-length negotiations is entitled to considerable

17  weight.[3]  Here, the parties have been actively litigating this case for over two years

18  since its commencement in 2007.  Lead Counsel conducted a sophisticated and

19  extensive investigation into the claims asserted in the complaints, including but not

20  limited to multiple interviews with confidential witnesses, review of an extensive

21

22

23  [3] *See, e.g., Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980)
    ("the fact that experienced counsel involved in the case approved the settlement

24  after hard-fought negotiations is entitled to considerable weight"), *aff'd*, 661 F.2d
    939 (9th Cir. 1981); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal.

25  1979); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 1992
    WL 226321, at *2 (C.D. Cal. June 10, 1992) (finding belief of counsel that the

26  proposed settlement represented the most beneficial result for the class to be a

27  compelling factor in approving settlement); *Kirkorian v. Borelli*, 695 F. Supp. 446,

28  451 (N.D. Cal. 1988).

document production, depositions, and consultation with experts. Thus, by the time settlement discussions began, Lead Counsel had a solid understanding of the strengths and weaknesses of the claims, both factually and legally, and was able to engage in a rigorous negotiation process with the Defendants.

Additionally, throughout the litigation and settlement negotiations, Defendants have been represented by experienced counsel from prominent law firms. Counsel for Defendants were equally well-informed regarding the case, and their representation of the Defendants was no less rigorous than Lead Counsel's representation of the Class.

As a result, the parties' settlement negotiations were hard-fought. The negotiations required not only a formal full-day mediation session – conducted under the direction of the Honorable Layn Phillips (Ret.), a retired federal judge and well-regarded mediator with extensive experience in the mediation of complex actions – but also extensive negotiations overseen by Judge Phillips over several months following the mediation session.

With this background, there is no doubt that the Settlement was reached without collusion and after good-faith bargaining among the parties, and this factor supports a finding that the Settlement is fair, adequate, and reasonable for purposes of preliminary approval.

         **b.**    **The Substantial Benefit Obtained
For The Class, Especially In Light
Of Serious Risks Of Lesser Or No
Recovery, Supports Approval Of The Settlement**

As set forth above, the Settlement provides for the recovery of $90 million in cash plus interest to be allocated among Class Members after deduction for Court-approved fees and expenses. If the Consolidated Action had continued, Lead Plaintiffs faced substantial risks, including establishing Defendants' liability and the full amount of the Class' damages at summary judgment or trial. In addition, litigating this complex securities fraud class action to completion would

1  result in significant expense and delay.  This recovery, obtained in the face of the

2  risk of a lesser recovery or no recovery at all, supports approval of the Settlement.

### c. The Stage Of The Proceedings And Discovery Completed Support Approval Of The Settlement

5  The stage of proceedings and discovery completed are additional factors

6  supporting the Settlement.   Here, Lead Counsel advanced the case through

7  consolidated complaints, Defendants' motions to dismiss, consultation with

8  experts, motions to compel discovery, a motion for class certification, and

9  preparation and participation in mediation before an experienced mediator.   In

10  addition, Lead Counsel conducted a thorough investigation of the facts and claims

11  of this case, including review and analysis of the Company's SEC filings, annual

12  reports, and other public statements; interviews with confidential witnesses; review

13  and analysis of over 2.6 million documents produced by Defendants and third-

14  parties; and depositions.

15  There can be no question that, at the time the parties agreed to the

16  Settlement, Lead Counsel had an informal understanding of the strengths and

17  weaknesses of the claims.

### 2. Proposed Notice To The Class Is Adequate

19  Notice of a proposed settlement must be given to class members in the most

20  practicable manner under the circumstances, describing "the terms of the

21  settlement in sufficient detail to alert those with adverse viewpoints to investigate

22  and to come forward and be heard." *Mendoza v. United States*, 623 F.2d 1338,

23  1352 (9th Cir. 1980); *see also* Fed. R. Civ. P. 23(c)(2)(B).  In addition, pursuant to

24  the PSLRA, "every settlement notice must include a statement explaining a

25  plaintiff's recovery." *In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630,

26  636 (S.D. Cal. 2008) (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962,

27  969 (9th Cir. 2007)).

1       The proposed Notice to the Class in this Consolidated Action more than

2   satisfies this standard.  The proposed Notice informs the Class of:  (1) the amount

3   of the Settlement – $90 million; (2) the reasons why the parties propose the

4   Settlement; (3) the estimated average recovery per share; (4) the attorneys' fees

5   and expenses sought; (5) the name, telephone number, and address of

6   representatives of Lead Counsel who will be reasonably available to answer

7   questions from Class Members concerning matters contained in the Notice; (6) the

8   right of Class Members to object to the Settlement or seek exclusion from the

9   Class; and (7) the dates and deadlines for certain settlement-related events.   15

10   U.S.C. § 78u-4(a)(7).

11       Here, the proposed Notice is adequate and complies with due process, Rule

12   23, and the PSLRA.[4]  If the Court grants preliminary approval of the Settlement,

13   the Notice will be mailed to all Class Members who appear on the transfer records

14   of International Rectifier as having transferred to their names International

15   Rectifier Securities during the time period from July 31, 2003 through February

16   11, 2008, inclusive (the "Class Period").

17       Further, Lead Counsel, through the Claims Administrator, will use

18   reasonable efforts to give notice to nominee holders such as brokerage firms and

19   other persons or entities who purchased and/or acquired International Rectifier

20   Securities during the Class Period as record owners but not as beneficial owners.

---

[4] *See Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 962 (9th Cir. 2009) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard'" (citations omitted)); *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1170 (S.D. Cal. 2007) (notice providing description of the nature of the action and issues involved in the litigation, concise and clear statement of definition of the class that was certified, procedure for requesting appearance at the settlement hearing, procedure for exclusion from the class, binding effect of the class judgment and deadline for filing objections approved).

Courts routinely find that comparable notice procedures meet the requirements of due process, Rule 23, and the PSLRA.[5]

## B. The Proposed Class Meets The Prerequisites For Class Certification Under Rule 23(a)

The Parties have stipulated that the Court may, for settlement purposes only, certify a Class and appoint Lead Plaintiffs as the Class Representatives. Stipulation ¶2.

The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only. *Hanlon*, 150 F.3d 1011. Classes for the purpose of settlement are recognized under the general scheme of Rule 23, provided that the class is eventually determined to meet the certification requirements under Rule 23. *Id.* Rule 23(a) sets forth four prerequisites to class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. In addition, the class must meet one of the three requirements in Rule 23(b). Fed. R. Civ. P. 23; *see also* Manual for Complex Litigation, § 21.633 (4th ed. 2004).

Here, the proposed Class is defined in the Stipulation as follows:

> all persons or entities (and their beneficiaries) who purchased or acquired the publicly traded securities of International Rectifier Corporation ("International Rectifier Securities") from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result. Excluded from the Class are: (i) the Defendants; (ii) members

---

[5] *See In re Portal Software, Inc. Sec. Litig.*, 2007 WL 1991529, at *7 (N.D. Cal. June 30, 2007) (dissemination of notice to all reasonably identifiable class members with summary notice published in *Investor's Business Daily* approved as best practical (citing Manual for Complex Litigation (4th ed. 2004) § 21.311 ("Publication in magazines, newspapers, or trade journals may be necessary if class members are not identifiable after reasonable effort"))); *Santos v. Camacho*, 2007 U.S. Dist. LEXIS 1668, at *24-*25 (D. Guam Jan. 9, 2007) (notice approved where each class member would be mailed a notice and notice would also be published, and where the proposed notice adequately described the facts of the case, the members of the class, the settlement terms, information regarding attorney fees, information on how class members could object to the settlement, and contact information for class counsel and defense counsel).

of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of the Company during the Class Period; (iv) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any excluded parties; and (v) any firm, trust, corporation, officer or other entity in which any Defendant has a controlling interest.  Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

Generally, courts have found securities claims to be particularly well-suited for class action status because they allow for enforcement of the policies behind the securities laws in circumstances where there are numerous investors with small individual claims that otherwise would effectively be barred from litigation.  *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975).  This Consolidated Action is no exception, and as explained below, the parties agree that, for purpose of the Settlement, the Class should be certified as satisfying each of the requirements set forth above.

## 1.    **Numerosity**

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is impracticable.  The Ninth Circuit has stated that "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  Indeed, courts have held that classes consisting of 25 members were large enough to justify certification.[6] Additionally, the exact size of the class need not be known so long as general knowledge and common sense indicate that the class is large.[7]

---

[6] *See Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*, 611 F. Supp. 990, 995 (C.D. Cal. 1984); *see also In re Cirrus Logic Sec.*, 155 F.R.D. 654, 656 (N.D. Cal. 1994).

[7] *See Id.* at 656; *see also Schwartz v. Harp*, 108 F.R.D. 279, 281-82 (C.D. Cal. 1985) ("A failure to state the exact number in the proposed class does not defeat class certification, and plaintiff's allegations plainly suffice to meet the numerosity requirement of Rule 23." (citations omitted)).

1    Here, millions of shares of International Rectifier Securities were traded on

2    the New York Stock Exchange during the Class Period.  In addition, beneficial

3    holders of International Rectifier Securities are believed to number, at a minimum,

4    in the thousands and are geographically located throughout the United States,

5    making joinder of all Class Members impractical.  Thus, the numerosity element is

6    satisfied.

7                   **2.    Commonality**

8    Rule 23(a)(2) is satisfied where the claims of the proposed class

9    representatives share at least one question of fact or law in common with the

10   claims of the prospective class.  *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644

11   (N.D. Cal. 1987).  Further, there may be varying fact situations among individual

12   members of the class so long as the claims of the plaintiffs and other class

13   members are based on the same legal or remedial theory.  *Blackie*, 524 F.2d at 902.

14   Here, questions which are common to the proposed Class include, among others:

15        (i)    whether the federal securities laws were violated by
                 Defendants' alleged acts;

16

17        (ii)   whether publicly disseminated releases and statements during
                 the Class Period misrepresented and/or omitted material facts;

18        (iii)  whether the market prices of International Rectifier Securities
                 during the Class Period were artificially inflated due to the

19               material misrepresentations and/or nondisclosures alleged; and

20        (iv)   whether members of the Class have sustained damages and, if
                 so, the appropriate measure of damages.

21

22   Courts routinely hold that securities actions containing common questions

23   such as the ones listed above are especially appropriate for class certification.  In

24   short, because the core complaint of all Class Members is that they purchased

25   and/or acquired International Rectifier Securities at artificially inflated prices and

26   suffered damages as a result of the alleged securities violations, the commonality

27   requirement of Rule 23(a)(2) is satisfied.  *See In re Wireless*, 253 F.R.D. at 635

28

1   (finding "core issue" in a securities litigation to be plaintiffs' "acquisition of

2   [defendant's] common stock at artificially inflated prices").

3   ### 3.    Typicality

4   The typicality requirement of Rule 23(a)(3) requires only that the class

5   representatives assert claims that are typical of the class.    Differences in the

6   amount of damage, the size or manner of purchase, the nature of the purchaser, and

7   the date of purchase are insufficient to defeat class certification. *See, e.g., Alfus v.*

8   *Pyramid Tech. Corp.*, 764 F. Supp. 598, 606 (N.D. Cal. 1991).    In other words,

9   typicality does not require that all Class Members be identically situated.    Rather,

10  "[u]nder the rule's permissive standards, representative claims are 'typical' if they

11  are reasonably co-extensive with those of absent class members; they need not be

12  substantially identical." *Hanlon*, 150 F.3d at 1020.    The typicality requirement

13  recognizes that a class representative "with claims typical of the class will, in

14  pursuing and defending his own self interest in the litigation, be concomitantly

15  advancing or defending the interests of the class." *Dubin v. Miller*, 132 F.R.D.

16  269, 274 (D. Colo. 1990) (citing 1 Herbert B. Newberg, *Newberg on Class Actions*

17  § 3.22, at 199 (2d ed. 1985)).

18  Here, Lead Plaintiffs' claims and the claims of members of the Class arise

19  from the same alleged conduct by Defendants.    Lead Plaintiffs allege that, like the

20  other members of the Class, they purchased and/or acquired International Rectifier

21  Securities at prices that were inflated because Defendants, in violation of the

22  federal securities laws, issued false and materially misleading statements and/or

23  omissions during the Class Period.

24  Further, the proof that Lead Plaintiffs would present to establish their claims

25  would also prove the claims of the rest of the Class.[8]    Additionally, Lead Plaintiffs

26

27

28  [8] *See, e.g., In re Micron Tech., Inc. Sec. Litig.*, 247 F.R.D. 627, 632 (D. Idaho
2007) (finding typicality in securities class action because lead plaintiffs "have the

MEMO. P. &. A. SUPP. UNOPPOSED MOT. FOR
PRELIMIMINARY APPROVAL OF SETTLMENT
Case No. CV 07-02544-JFW (VBKx)

1  are not subject to any unique defenses that could make them atypical members of

2  the Class.  In short, Lead Plaintiffs' claims are typical of the claims of the Class,

3  satisfying Rule 23(a)(3).

4  ### 4.  **Adequacy**

5  A representative party satisfies Rule 23(a)(4)'s adequacy requirement by

6  showing that it will fairly and adequately protect the interests of the class.

7  Proposed class representatives satisfy this requirement when they are free of

8  interests that are antagonistic to the other members of the class and where counsel

9  representing the class are qualified, experienced, and capable of conducting the

10  litigation.  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.

11  1978) (citation omitted); *Hanlon*, 150 F.3d at 1020.

12  Here, as described above, Lead Plaintiffs have claims that are typical of, and

13  coextensive with, those of the Class.  Lead Plaintiffs, like all Class Members,

14  allege that they purchased or otherwise acquired International Rectifier Securities

15  at artificially inflated prices during the Class Period as a result of Defendants'

16  alleged materially false and misleading statements and/or omissions, and were

17  damaged thereby.  Further, Lead Plaintiffs have retained counsel with vast

18  experience in litigating securities class actions and who have successfully

19  prosecuted many securities and other complex class actions throughout the United

20  States.  Thus, Lead Plaintiffs are adequate representatives of the Class, and their

21  counsel are qualified, experienced, and capable of prosecuting this action.  This

22  satisfies Rule 23(a)(4).

23

24

25

26  same claims as all class members; all of them claim to be the victims of artificially

27  high Micron stock prices"); *In re Intelcom Group Sec. Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996) (finding typicality in securities class action where major issue

28  presented was "whether the Defendants have violated the federal securities laws").

## 5.    Common Questions Of Law Predominate And A Class Action Is The Superior Method Of Adjudication

Finally, in addition to the four requirements of Rule 23(a), a class must also satisfy one of the three subparts of Rule 23(b).  Here, without question a class action is superior to other available methods, as required by Rule 23(b)(3).  To ensure that the class action is more efficient than individual actions, Rule 23(b) requires that common issues predominate over issues that are particular to a class representative.  Generally, common questions will predominate if the common issue constitutes a significant part of each of the class members' individual cases.  "[C]ommon issues need only predominate, not outnumber individual issues." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 374-75 (N.D. Ohio 2001).  Courts routinely determine that common questions predominate when a complaint alleges a "common course of conduct" of misrepresentations, omissions and other wrongdoing that affects all class members in the same manner. *See, e.g., Blackie*, 524 F.2d at 905-08.  In short, "the superiority of class actions in large securities fraud is well recognized." *Intelcom*, 169 F.R.D. at 149.

The predominance test is met in this Consolidated Action, and a class action is superior to other available methods.  The same set of operative facts and a single proximate cause applies to each Class Member – each Class Member purchased and/or acquired International Rectifier Securities during the Class Period at prices alleged to be artificially inflated as a result of Defendants' false and misleading statements and/or omissions, and each Class Member was allegedly harmed when the undisclosed facts came to light.  If Lead Plaintiffs and each of the Class Members were to bring individual actions, each would be required to prove the

MEMO. P. &. A. SUPP. UNOPPOSED MOT. FOR
PRELIMIMINARY APPROVAL OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

1    same wrongdoing by Defendants to establish liability.[9]  In light of the foregoing,

2    all of the requirements of Rule 23(a) and (b) are satisfied.  Thus, there are no issues

3    which would prevent the Court from certifying this Class for settlement purposes

4    and appointing Lead Plaintiffs as the class representatives.

5    **IV.    SCHEDULE OF SETTLEMENT EVENTS**

6         Lead Plaintiffs propose the schedule set forth below for the settlement-

7    related events in this case.  The proposed dates in the right column are respectfully

8    requested    assuming    that    preliminary    approval    is    granted    on    or    about

9    October 2, 2009.

10        \\

11        \\

12        \\

13        \\

14        \\

15        \\

16        \\

17        \\

18        \\

19        \\

20        \\

21        \\

22        \\

23        \\

24        \\

25

26

27    [9] *See Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) (class actions are a
      particularly appropriate and desirable means to resolve claims based on securities
28    laws).

MEMO. P. &. A. SUPP. UNOPPOSED MOT. FOR
PRELIMIMINARY APPROVAL OF SETTLMENT
Case No. CV 07-02544-JFW (VBKx)

| **Event** | **Proposed Due Date** | **Date/Deadline** |
|---|---|---|
| Deadline for mailing the Notice and Proof of Claim to Class Members[10] ("Notice Date") | 10 business days after entry of Preliminary Approval Order | October 19, 2009 |
| Deadline for publishing Summary Notice[11] | 10 business days after Notice Date | November 2, 2009 |
| Deadline for filing of papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses | 21 calendar days prior to Final Approval Hearing | January 18, 2010 |
| Deadline for submitting exclusion requests or objections | 14 calendar days prior to Final Approval Hearing | January 25, 2010 |
| Deadline for filing reply papers | 7 calendar days prior to the Final Approval Hearing | February 1, 2010 |
| Final Approval Hearing | At least 100 days after filing of settlement | February 8, 2010 (or thereafter as scheduled by the Court) |
| Deadline for submitting claim forms | 120 calendar days after the Notice Date | February 16, 2010 |

## V.    CONCLUSION

Based on the foregoing, Lead Plaintiffs respectfully move this Court to enter the [Proposed] Preliminary Approval Order submitted herewith.

Dated: September 22, 2009              Respectfully submitted,

                                       BERNSTEIN LITOWITZ BERGER
                                       & GROSSMANN LLP


                                       _____/s/ Blair A. Nicholas_____

---

[10]  *See* Exhibits A-1 and A-2 to the Preliminary Approval Order.

[11]  *See* Exhibit A-3 to the Preliminary Approval Order.

BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
BENJAMIN GALDSTON
JON F. WORM
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

Dated: September 22, 2009          BERMAN DeVALERIO


                                   _____/s/ Joseph J. Tabacco, Jr._____
                                        JOSEPH J. TABACCO, JR.

JOSEPH J. TABACCO, JR.
NICOLE LAVALLEE
DANIEL E. BARENBAUM
JULIE J. BAI
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Tel:   (415) 433-3200
Fax:   (415) 433-6382

*Attorneys for Co-Lead Plaintiffs General
Retirement System of the City of Detroit and
Massachusetts Laborers' Pension Fund*

MEMO. P. &. A. SUPP. UNOPPOSED MOT. FOR
PRELIMIMINARY APPROVAL OF SETTLMENT
Case No. CV 07-02544-JFW (VBKx)