# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx) |

## STIPULATION OF SETTLEMENT

Subject to the approval of the Court, this Stipulation of Settlement ("Stipulation" or "Settlement") is entered into between and among the Co-Lead Plaintiffs in the above-captioned consolidated class action (the "Consolidated Action"), General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund, on behalf of themselves and the Class (as hereinafter defined); International Rectifier Corporation ("IR"); and Alexander Lidow ("Alex Lidow"), Eric Lidow ("Eric Lidow") and Michael P. McGee ("McGee") (collectively, the "Individual Defendants"). IR and the Individual Defendants (collectively, the "Defendants"), together with the Co-Lead Plaintiffs, are hereinafter referred to as the "Settling Parties." The Settlement is intended to fully, finally and forever resolve, discharge and settle the Settled Claims on the terms set forth herein.

WHEREAS:

A. All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

B. Beginning on or about April 17, 2007, plaintiffs filed class actions against IR, McGee, Eric Lidow, Alex Lidow, Matsudo Minoru and James D. Plummer in the Central District of California (docket numbers: CV 07-2544 JFW (VBKx); CV 07-3123 JFW (PJWx)), asserting claims under §§ 10(b) and 20(a) of

the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. The complaints alleged, *inter alia*, that defendants made false statements and omissions concerning IR's reported financial results, gross margins, sales and business conditions.

C.     By Order dated May 17, 2007, the Central District of California consolidated the actions then before it and all related actions filed thereafter. [Docket Entry ("Doc.") 6].

D.     On July 23, 2007, the Honorable John F. Walter appointed General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund as Co-Lead Plaintiffs and Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio as Co-Lead Counsel. [Doc. 34].

E.     On January 14, 2008, Co-Lead Plaintiffs filed a first amended consolidated class action complaint ("First Amended Complaint") asserting claims under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against defendants IR, McGee, Alex Lidow, Eric Lidow, Robert Grant, Ivo Jurek and Fumihide Esaka. [Doc. 55].

F.     On May 23, 2008, the Court dismissed the First Amended Complaint without prejudice. [Doc. 108].

G.     On October 17, 2008, Co-Lead Plaintiffs filed a second amended consolidated complaint ("Second Amended Complaint") asserting claims under § 10(b) and § 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against defendants IR, McGee, Alex Lidow, Eric Lidow and Robert Grant. [Doc. 140].

H.     On December 31, 2008, the Court granted in part and denied in part defendants' motions to dismiss the Second Amended Complaint, dismissing claims against defendant Robert Grant with prejudice. [Doc. 194].

I.     Defendants answered the Second Amended Complaint on January 15, 2009. [Docs. 203; 205; 207; 208].

J.    During the course of the litigation, Co-Lead Plaintiffs and Defendants conducted discovery, including but not limited to the production to Co-Lead Plaintiffs of more than 2.6 million documents by Defendants and third-parties, and the depositions of the Co-Lead Plaintiffs and three of the Co-Lead Plaintiffs' investment advisors.

K.    On January 7, 2009, the Court entered a pre-trial scheduling order that set certain deadlines for identification of experts and completion of fact and expert discovery, and certain dates for pre-trial conferences and related proceedings and trial. [Doc. 198].

L.    On March 17, 2009, Co-Lead Plaintiffs filed their motion for class certification. [Doc. 217]. On June 29, 2009, Defendants filed their opposition to class certification. [Docs. 237; 241; 242; 243].

M.    On April 30, 2009, Co-Lead Plaintiffs, Defendants and Defendants' insurance carriers participated in a mediation with the Honorable Layn R. Phillips (Ret.) in Newport Beach, California. At the in-person mediation, the parties reached impasse, and no settlement was agreed to. Following the in-person mediation, Judge Phillips continued mediation discussions with the parties in an effort to negotiate a settlement.

N.    On July 29, 2009, after considerable additional negotiation supervised by Judge Phillips, the Settling Parties reached a proposed settlement of the Consolidated Action for $90 million in cash to be paid by IR and the insurance carriers.

O.    Each Defendant expressly denies that Co-Lead Plaintiffs have asserted or could have proved at trial a valid claim for relief, and they deny any and all allegations of liability or damages whatsoever. This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the

Defendants have, or could have asserted. The Settling Parties recognize, however, that the litigation has been filed by Co-Lead Plaintiffs and defended by the Defendants in good faith, that no party has violated Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled on terms that each party believes to be reasonable considering the merits of its claims and defenses and taking into account the expense and uncertainty of continued litigation. This Stipulation shall not be construed or deemed to be a concession by Co-Lead Plaintiffs of any infirmity in the claims asserted in the Consolidated Action.

P.    Co-Lead Counsel have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Co-Lead Counsel have analyzed evidence adduced during their investigation and have researched the applicable law with respect to the claims of Co-Lead Plaintiffs and the Class against Defendants, as well as the potential defenses thereto.

Q.    Based upon their investigation, Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Co-Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Consolidated Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Co-Lead Plaintiffs and the members of the Class will receive from resolution of the Consolidated Action as against the Defendants, (ii) the attendant risks of litigation, including the potential sources of recovery and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

R.    The Settling Parties agree that certification of a class, for settlement purposes only, is appropriate in the Consolidated Action. For purposes of this Settlement only, the settlement class is comprised of all members of the Class, as defined in paragraph 1 below. The settlement class is so numerous that joinder of all members is impracticable and there are questions of law and fact common to the settlement class. As set forth in the Second Amended Complaint, the claims of

Co-Lead Plaintiffs are typical of the claims of the settlement class. Co-Lead Counsel is experienced in claims of this type and capable of fairly and adequately protecting the interests of the settlement class. Co-Lead Plaintiffs have and will fairly and adequately protect the interests of the settlement class. In light of the Settlement, and for purposes of the Settlement only, Settling Parties agree that questions of law or fact common to the settlement class predominate over questions affecting individual members and that a class action is superior to other methods for fair and efficient conduct of the class action. Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a litigation class, and Settling Parties intend that the provisions herein concerning certification of the settlement class shall have no effect whatsoever in the event the Settlement does not become Final.

NOW THEREFORE, without any admission or concession on the part of Co-Lead Plaintiffs of any lack of merit of the Consolidated Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Defendants, it is hereby STIPULATED AND AGREED, by and among Co-Lead Plaintiffs and Defendants, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1. As used in this Stipulation, the following terms shall have the meanings specified below. In the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the settlement set forth in this Stipulation, the definition below shall control.

(a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(b)    "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(c)    "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2 to Exhibit A) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(d)    "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(e)    "Claims Administrator" means the firm of Garden City Group, Inc.

(f)    "Class" means the Class as alleged in the Second Amended Complaint (Doc. 140), which is defined as all persons or entities (and their beneficiaries) who purchased or acquired the publicly traded securities of International Rectifier Corporation ("IR Securities") from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result. Excluded from the Class are:  (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of the Company during the Class Period; (iv) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any excluded parties; and (v) any firm, trust, corporation, officer or other entity in which any Defendant has a controlling interest.  Also excluded from the Class are any persons who exclude themselves by

filing a request for exclusion in accordance with the requirements set forth in the Notice.

(g)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(h)     "Class Member" means a person or entity that is a member of the Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(i)     "Class Period" means the period from July 31, 2003, through February 11, 2008, inclusive.

(j)     "Co-Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio.

(k)     "Co-Lead Plaintiffs" means General Retirement System of the City of Detroit and Massachusetts Laborers Pension Fund.

(l)     "Company" means IR and its subsidiaries and affiliates.

(m)     "Complaint" means the Second Amended Consolidated Class Action Complaint filed by Co-Lead Plaintiffs in the Consolidated Action on October 17, 2008. [Doc. 140].

(n)     "Court" means the United States District Court for the Central District of California.

(o)     "Defendants" means IR and Individual Defendants.

(p)     "Defendants' Counsel" means the law firms of Sheppard Mullin Richter & Hampton LLP; Sullivan & Cromwell LLP; Latham & Watkins LLP; and Gibson, Dunn & Crutcher LLP.

(q)     "Effective Date" means the date on which all of the following shall have occurred: (i) IR no longer has any right under paragraph 31, below, to terminate this Stipulation, or if IR does have such right, it has given written notice to Co-Lead Counsel that it will not exercise such right; (ii) the Court has entered

the Preliminary Approval Order; (iii) the Court has approved the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv) the Court has approved the settlement and entered the Judgment, substantively in the form annexed hereto as Exhibit B; and (v) the Judgment has become Final (as defined in paragraph 1(u) below).

      (r)    "Escrow Account" means an interest-bearing escrow account maintained at City National Bank to hold the Settlement Fund, which account shall be under the exclusive control of Co-Lead Counsel.

      (s)    "Escrow Agent" means City National Bank.

      (t)    "Escrow Agreement" means the agreement among Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

      (u)    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining to any order adopting or approving a Plan of Allocation, or to any order issued in respect of an application for attorneys' fees and expenses pursuant to paragraphs 16-18, below, shall not in any way delay or preclude the Judgment from becoming Final.

(v) "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider approval of the Settlement.

(w) "Individual Defendants" means Alex Lidow, Eric Lidow and Michael P. McGee.

(x) "IR Securities" means the common stock of International Rectifier Corporation.

(y) "Judgment" means an order of judgment and dismissal approving the settlement to be rendered by the Court in the form attached hereto as Exhibit B.

(z) "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Consolidated Action, for which Co-Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(bb) "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1 to Exhibit A) which is to be sent to members of the Class.

(cc) "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Class; and (ii) administering the Claims process.

(dd) "Plaintiffs' Counsel" means Co-Lead Counsel and all other counsel who, at the direction and under the supervision of Co-Lead Counsel, represent Class Members in the Consolidated Action.

(ee)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ff)    "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing notice be provided to the Class.

(gg)    "Summary Notice" means the Summary Notice of Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(hh)    "Released Parties" means the Company and the Individual Defendants, their agents and attorneys, and the Company's current and former officers, directors, employees, insurers and auditors.

(ii)    "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Consolidated Action or any forum by the Company, or the Individual Defendants, their agents or attorneys, or the Company's current or former officers, directors or employees against the Co-Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution or settlement of the Consolidated Action (except for claims to enforce the Settlement).

(jj)    "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that Co-Lead Plaintiffs or any other member of the Class (a) asserted in the Complaint or (b) could have asserted in any forum, that arise out of, are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the

Complaint, and that relate to the purchase or acquisition of IR Securities during the Class Period. Notwithstanding the foregoing, "Settled Claims" does not include the claims asserted in any shareholder derivative cases based on similar allegations, including but not limited to *Mayers v. Lidow, et al.*, BC395652 (Los Angeles Super. Ct.), or the claims asserted in *City of Sterling Heights Police & Fire Retirement System v. Dahl,* BC397326 (Los Angeles Super. Ct.); and *Zhao v. International Rectifier Corp.,* BC396461 (Los Angeles Super. Ct.). Additionally, "Settled Claims" does not include claims relating to the enforcement of the Settlement.

(kk) "Settlement" means this Stipulation of Settlement and the settlement contained herein.

(ll) "Settlement Fund" means the sum of $90 million in cash which IR shall cause to be deposited into the Escrow Account within ten (10) business days of entry of the Preliminary Approval Order.

(mm) "Settling Parties" means (i) Defendants and (ii) Co-Lead Plaintiffs on behalf of themselves and the Class Members.

(nn) "Stipulation" means this Stipulation of Settlement.

(oo) "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

(pp) "Unknown Claims" means any and all Settled Claims that any Co-Lead Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or the Co-Lead Plaintiffs, as

appropriate), or might have affected his, her or its decision not to object to this settlement or not exclude himself, herself or itself from the Class. With respect to any and all Settled Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, the Co-Lead Plaintiffs and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Co-Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Co-Lead Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Co-Lead Plaintiffs and the Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

## STIPULATION OF CLASS CERTIFICATION

2.     The parties hereto stipulate to the certification, for settlement purposes only, of a Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The certification of the Class shall be binding only with respect to the settlement of the Consolidated Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Consolidated Action as against Defendants, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also release as against Co-Lead Plaintiffs, together with their officers, directors, employees, agents and attorneys, and all other Class Members any and all Released Parties' Claims.

4.     Pursuant to the Judgment, upon the Effective Date, Co-Lead Plaintiffs and each of the Class Members shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

5.     Pursuant to the Judgment, upon the Effective Date, Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Co-Lead Plaintiffs, their officers, directors, employees, agents and attorneys, and all other Class Members.

1

## THE SETTLEMENT CONSIDERATION

2      6.    In consideration of the Settlement of the Settled Claims against

3 Defendants and the other Released Parties, IR shall pay or cause to be paid the

4 total sum of $90 million to be deposited into the Escrow Account no later than ten

5 (10) business days after entry of the Preliminary Approval Order. Other than the

6 obligation of IR to pay or cause to be paid this amount to the Escrow Agent, no

7 Defendant shall have any obligation to make any payment pursuant to this

8 Stipulation. The interest earned on the Settlement Fund shall be for the benefit of

9 the Class if the Settlement becomes Final. If the Settlement does not become Final

10 and the Settlement is terminated, the interest earned on the Settlement Fund shall

11 be for the benefit of IR and paragraph 32 below shall govern. If the $90 million is

12 not deposited into the Escrow Account no later than ten (10) business days after

13 entry of the Preliminary Approval Order, Co-Lead Plaintiffs reserve the right to

14 either: (i) move to enforce the Settlement; or (ii) terminate the Settlement in which

15 case paragraph 32 below shall govern.

16

## USE OF SETTLEMENT FUND

17      7.    The Settlement Fund shall be used to pay any: (i) Taxes; (ii) Notice

18 and Administration Costs pursuant to paragraph 14 below and as otherwise

19 approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation

20 Expenses awarded the Court; and (v) other Court-approved deductions. The

21 balance remaining in the Settlement Fund shall be distributed to Authorized

22 Claimants as provided below.

23      8.    The Net Settlement Fund shall be distributed to Authorized Claimants

24 as provided herein. Defendants shall have no responsibility or liability for the

25 maintenance or distribution of the Net Settlement Fund pursuant to this Settlement.

26 Except as provided herein or pursuant to orders of the Court, the Net Settlement

27 Fund shall remain in the Escrow Account prior to the Effective Date. All funds

28 held by the Escrow Agent shall be deemed to be in the custody of the Court and

shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account in (a) United States Treasury Bills or (b) accounts or securities that are fully FDIC-insured. The Escrow Agent shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $100,000 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

9. The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 10 below. Co-Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Upon written request, IR will provide promptly to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest

STIPULATION OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

10.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall indemnify and hold all Released Parties harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification), if any, payable by reason of any income earned on the Settlement Fund.  IR shall notify the Escrow Agent promptly if IR receives any notice of any claim for Taxes relating to the Settlement Fund.

11.    This is not a claims-made settlement; there will be no reversion. Upon the occurrence of the Effective Date, neither IR nor any person or entity who or which paid any portion of the Settlement Fund on their behalf shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

12.    The Claims Administrator shall discharge its duties under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.

STIPULATION OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

13.    Co-Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Class at the address of each such person as set forth in the records of IR (or its successor(s)) or its transfer agent(s)), or who otherwise may be identified through further reasonable effort. Co-Lead Counsel will cause to be published the Publication Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  For the purpose of identifying and providing notice to the Class, within three (3) business days of the date of entry of the Preliminary Approval Order, IR shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator) its security holder lists (consisting of security holder names and addresses), in electronic form.

14.    Co-Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to IR, Defendants' insurance carriers or any person or entity who or which paid any portion of the Settlement Fund on their behalf.

15.    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of

claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, or any losses incurred in connection with such matters.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

16.    Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel. Co-Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include reimbursement of the expenses of Co-Lead Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4). Neither Defendants nor any other Released Party shall take any position with respect to Co-Lead Counsel's applications or awards discussed in this paragraph. Such matters are not the subject of any agreement between Defendants and Co-Lead Plaintiffs other than what is set forth in this Stipulation.

17.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel, with the Court's approval, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed. Co-Lead Counsel shall make the appropriate refund or repayment in full no later than five (5) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation. Co-Lead Plaintiffs and Co-Lead Counsel may not

cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.    Subject to any limits imposed by the Court and/or as a matter of law, Co-Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees and Litigation Expenses amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Consolidated Action. Defendants and the other Released Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, and/or any other person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation Expenses that the Court may make in the Consolidated Action and Defendants take no position with respect to such matters.

## CLAIMS ADMINISTRATOR

19.    The Claims Administrator shall administer the process of receiving, reviewing and approving or denying claims under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than IR's obligation to provide its shareholder transfer records, as provided herein, none of the Defendants shall have any responsibility for the administration of the Settlement or the claims process. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.    The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Co-Lead Plaintiffs and approved by the Court, or according to such other Plan of Allocation as the Court approves. The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1 to Exhibit A.

21.    The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Co-Lead Plaintiffs, and any decision by the Court concerning the

STIPULATION OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Co-Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Consolidated Action. Neither Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall they object to the Plan of Allocation proposed by Co-Lead Plaintiffs.

22.    Any Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Consolidated Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim.

23.    Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund. Neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Neither IR, the Individual Defendants, nor any other Released Party, shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

24.    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is

extended by Order of the Court. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim. A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Consolidated Action or this Settlement in connection with the processing of Claim Forms, provided, however, that Defendants may verify whether specific persons who opt out of the Class have submitted claim forms.

26.     Co-Lead Counsel will apply to the Court, on notice to all Defendants, for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

STIPULATION OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Class Members.  All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Consolidated Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Settled Claims.

28.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## TERMS OF THE JUDGMENT

29.    If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form annexed hereto as Exhibit B.

## WAIVER OR TERMINATION

30.    Within thirty (30) days of: (a) the Court's entry of an order expressly declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect and represents a Final decision on the matter, IR, the Individual Defendants and Co-Lead Plaintiffs each shall have the right to terminate the Settlement and this Stipulation, by providing written notice to the other of an election to do so.  However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement and shall not be grounds for termination.

31.    In addition, if Class Members who purchased or acquired more than a certain number of shares of IR common stock during the Class Period and held IR stock through at least one Corrective Disclosure (as defined in the Notice) choose to exclude themselves from the Class, as set forth in a separate supplemental agreement between Co-Lead Plaintiffs and Defendants (the "Supplemental Agreement"), IR shall have, in its sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement is confidential and shall not be filed with the Court, but may be examined *in camera*, if so requested by the Court (unless otherwise required by court rule, or unless and until a dispute as between the Co-Lead Plaintiffs and IR concerning its interpretation or application arises).  Copies of all requests for exclusion from the Class received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Co-Lead Counsel and Defendants' Counsel no later than eight (8) business days prior to the Final Approval Hearing.  If the threshold is reached, IR shall have until five (5) business days prior to the Final Approval Hearing to inform Co-Lead Counsel, in writing, that IR elects to exercise its option to terminate the Settlement.  Co-Lead Counsel shall have the right to communicate with the holders of such shares and, if, prior to the Final Approval Hearing, a sufficient number of them withdraw in writing their requests for exclusion such that the total number of shares purchased during the Class Period represented by the remaining "opt outs" represents less than the threshold, the notice of termination shall be deemed withdrawn.

32.    Except as otherwise provided herein, in the event the Settlement is terminated, the Settlement termination shall be without prejudice, and none of the terms shall be effective or enforceable and the facts of the Settlement shall not be admissible in any trial of this Consolidated Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Consolidated Action as of

July 31, 2009 and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement consideration previously paid or caused to be paid by IR, including, but not limited to, any funds disbursed in payment of Litigation Expenses and attorneys' fees, together with any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs incurred and paid or payable, shall be returned to IR within (5) business days after written notification of such event by IR to the Escrow Agent, with a copy of such notice to Co-Lead Counsel, pursuant to the terms of the Escrow Agreement.

## NO ADMISSION OF WRONGDOING

33.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Co-Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Consolidated Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties;

(b)    shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Co-Lead Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims of Co-Lead Plaintiffs or the other Class Member(s);

(c)    shall not be offered or received against any of the Released Parties, or against the Co-Lead Plaintiffs or any other Class Member(s), as

-24-

evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants or any other Released Party may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)    shall not be construed against any of the Released Parties, Co-Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    shall not be construed against Co-Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

## MISCELLANEOUS PROVISIONS

34.    All of the following exhibits attached hereto are hereby incorporated by reference as though fully set forth herein:  proposed Preliminary Approval Order, Notice, Proof of Claim Form, Summary Notice and proposed Judgment.

35.    If a case is commenced in respect of International Rectifier Corporation (or any Individual Defendant or insurer contributing funds to the Settlement Fund on behalf of Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of

competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants or an insurer to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Co-Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to the Effective Date of the Settlement, and any cash amounts in the Settlement Fund or paid to Co-Lead Counsel shall be returned as provided in paragraph 32 above.

36.    IR warrants as to itself that, as to the payments made by or on behalf of it, at the time of such payment made pursuant to paragraph 6 above, it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by IR and not by IR's counsel.

37.    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Co-Lead Plaintiffs or any other Class Member(s) against all Released Parties with respect to all Settled Claims. Accordingly, Co-Lead Plaintiffs and the Released Parties agree not to assert in any forum that this Consolidated Action was brought by Co-Lead Plaintiffs or Co-Lead Counsel, or defended by Defendants or Defendants' Counsel, in bad faith or without a reasonable basis. Co-Lead Plaintiffs and the Released Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Consolidated Action. The Settling Parties agree that the amount paid and the other

terms of this Settlement were negotiated at arm's length and in good faith, including a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

38.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest.

39.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

40.    The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders providing for the enforcement of the terms of this Stipulation and awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel.

41.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

42.    This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

43.    This Stipulation may be executed in one or more original, e-mailed and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

44.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

45.    All agreements made and orders entered during the course of Consolidated Action relating to the confidentiality of information shall survive this Stipulation.

46.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

47.    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

48.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

49.    Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and this Settlement, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

50.    The parties stipulate and agree that all litigation activity, except that contemplated herein and in the Preliminary Approval Order, the Notice of Pendency of Class Action and Proposed Settlement, the Final Judgment, and in the Notice, shall be stayed and all hearings, deadlines, and other proceedings in this action, except the Final Approval Hearing, shall be taken off calendar.

51.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

52.    If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission or electronic mail. Notice shall be provided as follows:

If to Co-Lead Counsel:

*Bernstein Litowitz Berger & Grossmann LLP*
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
Attn: Blair A. Nicholas, Esq. (blairn@blbglaw.com)


*Berman DeValerio*
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Tel:  (415) 433-3200
Fax:  (415) 433-6382
Attn: Nicole Lavallee (nlavallee@bermandevalerio.com)

If to Defendants:    *Sheppard, Mullin, Richter & Hampton LLP*
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
Tel:  (213) 620-1780
Fax:  (213) 620-1398
Attn:   John P. Stigi III

*Sullivan & Cromwell LLP*
1888 Century Park East
Los Angeles, CA 90067
Tel:  (310) 712-6600
Fax:  (310) 712-8800
Attn:  Robert A. Sacks

*Latham & Watkins*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290
Attn: Pamela S. Palmer

*Gibson Dunn & Crutcher LLP*
2029 Century Park East, Suite 4000
Los Angeles, CA 90067
Tel: (310) 552-8500
Fax: (310) 551-8741
Attn: Joel A. Feuer

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of September 22, 2009.

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

**BERMAN DeVALERIO**

NICOLE LAVALLEE

NICOLE LAVALLEE
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Tel: (415) 433-3200
Fax: (415) 433-6382

*Co-Lead Counsel for Co-Lead Plaintiffs and the Class*

STIPULATION OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

1  **SHEPPARD, MULLIN, RICHTER**
2     **& HAMPTON LLP**

3

4     _____
       JOHN P. STIGI III

5     JOHN P. STIGI III
6     333 South Hope Street, 48th Floor
       Los Angeles, CA 90071
7     Tel:   (213) 620-1780
       Fax:  (213) 620-1398
8

9     *Attorneys for Defendant International Rectifier Corporation*

10    **SULLIVAN & CROMWELL LLP**

11

12

13    _____
              ROBERT A. SACKS

14

15    ROBERT A. SACKS
       1888 Century Park East
16    Los Angeles, CA 90067
       Tel:   (310) 712-6600
17    Fax:  (310) 712-8800

18    *Attorneys for Defendant Alexander Lidow*

19

20    **LATHAM & WATKINS LLP**

21

22

23    _____
              PAMELA S. PALMER

24    PAMELA S. PALMER
       650 Town Center Drive, 20th Floor
25    Costa Mesa, CA 92626-1925
       Tel:   (714) 540-1235
26    Fax:  (714) 755-8290

27    *Attorneys for Defendant Michael P. McGee*

28

-31-

1   **SHEPPARD, MULLIN, RICHTER**
2       **& HAMPTON LLP**

3

4   _____
        JOHN P. STIGI III

5   JOHN P. STIGI III
6   333 South Hope Street, 48th Floor
    Los Angeles, CA 90071
7   Tel:   (213) 620-1780
    Fax:   (213) 620-1398
8

9   _Attorneys for Defendant International Rectifier Corporation_

10  **SULLIVAN & CROMWELL LLP**

11

12

13  _____
        ROBERT A. SACKS

14  ROBERT A. SACKS
15  1888 Century Park East
    Los Angeles, CA 90067
16  Tel:   (310) 712-6600
    Fax:   (310) 712-8800
17

18  _Attorneys for Defendant Alexander Lidow_

19

20  **LATHAM & WATKINS LLP**

21

22  _____
        PAMELA S. PALMER

23

24  PAMELA S. PALMER
    650 Town Center Drive, 20th Floor
25  Costa Mesa, CA 92626-1925
    Tel:   (714) 540-1235
26  Fax:   (714) 755-8290

27  _Attorneys for Defendant Michael P. McGee_

28

-31-                    STIPULATION OF SETTLEMENT
                        Case No. CV 07-02544-JFW (VBKx)

1   **SHEPPARD, MULLIN, RICHTER**
2       **& HAMPTON LLP**

3

4   _____
            JOHN P. STIGI III
5
    JOHN P. STIGI III
6   333 South Hope Street, 48th Floor
    Los Angeles, CA 90071
7   Tel:   (213) 620-1780
    Fax:   (213) 620-1398
8
9   *Attorneys for Defendant International Rectifier Corporation*

10  **SULLIVAN & CROMWELL LLP**

11

12

13  _____
            ROBERT A. SACKS
14
    ROBERT A. SACKS
15  1888 Century Park East
    Los Angeles, CA 90067
16  Tel:   (310) 712-6600
    Fax:   (310) 712-8800
17
18  *Attorneys for Defendant Alexander Lidow*

19
20  **LATHAM & WATKINS LLP**

21

22  _____
            PAMELA S. PALMER
23
24  PAMELA S. PALMER
    650 Town Center Drive, 20th Floor
25  Costa Mesa, CA 92626-1925
    Tel:   (714) 540-1235
26  Fax:   (714) 755-8290
27
    *Attorneys for Defendant Michael P. McGee*
28

-31-                    STIPULATION OF SETTLEMENT
                        Case No. CV 07-02544-JFW (VBKx)

1

**GIBSON DUNN & CRUTCHER LLP**

2

3

4

/ JOEL A. FEUER

5

JOEL A. FEUER

6

2029 Century Park East, Suite 4000
Los Angeles, CA 90067

7

Tel:   (310) 552-8500
Fax:   (310) 551-8741

8

9

*Attorneys for Defendant Eric Lidow*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-32-

STIPULATION OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

**EXHIBIT A**

1  BERNSTEIN LITOWITZ BERGER
       & GROSSMANN LLP
2  BLAIR A. NICHOLAS   (Bar No. 178428)
   blairn@blbglaw.com
3  BENJAMIN GALDSTON   (Bar No. 211114)
   beng@blbglaw.com
4  JON F. WORM   (Bar No. 248260)
   jonw@blbglaw.com
5  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
6  Tel:   (858) 793-0070
   Fax:   (858) 793-0323
7
   BERMAN DeVALERIO
8  JOSEPH J. TABACCO, JR. (Bar No. 75484)
   jtabacco@bermandevalerio.com
9  NICOLE LAVALLEE (Bar No. 165755)
   nlavallee@ bermandevalerio.com
10 DANIEL E. BARENBAUM (Bar No. 209261)
   dbarenbaum@bermandevalerio.com
11 JULIE J. BAI (Bar No. 227047)
   jbai@ bermandevalerio.com
12 425 California Street, Suite 2100
   San Francisco, CA 94104-2205
13 Tel:   (415) 433-3200
   Fax:   (415) 433-6382
14
15 *Attorneys for Co-Lead Plaintiffs*
   *General Retirement System of the City of Detroit*
   *and Massachusetts Laborers' Pension Fund*
16
17              UNITED STATES DISTRICT COURT
18              CENTRAL DISTRICT OF CALIFORNIA
19
20 IN RE INTERNATIONAL                Case No. CV 07-02544-JFW (VBKx)
   RECTIFIER CORPORATION
21 SECURITIES LITIGATION              **[PROPOSED] ORDER**
                                      **PRELIMINARILY APPROVING**
22                                    **SETTLEMENT AND**
                                      **PROVIDING FOR NOTICE**
23
24
25
26
27
28

1        WHEREAS, Co-Lead Plaintiffs General Retirement System of the City of
2    Detroit and Massachusetts Laborers' Pension Fund ("Co-Lead Plaintiffs"), and
3    International Rectifier Corporation ("IR" or the "Company"); and Alexander
4    Lidow ("Alex Lidow"), Eric Lidow ("Eric Lidow") and Michael P. McGee
5    ("McGee") (collectively the "Individual Defendants") (collectively, with IR, the
6    "Defendants"), have applied to the Court pursuant to Rule 23(e) of the Federal
7    Rules of Civil Procedure for: (1) an order approving the settlement of the above-
8    captioned litigation (the "Consolidated Action") in accordance with the Stipulation
9    of Settlement, dated as of September 22, 2009 (the "Stipulation"), which, together
10   with the exhibits annexed thereto, sets forth the terms and conditions for a
11   proposed settlement of the Consolidated Action (the "Settlement"); (2) dismissal
12   of the Consolidated Action with prejudice as against all of the Released Parties,
13   upon the terms and conditions set forth therein; and (3) certification of the
14   Consolidated Action as a class action for settlement purposes only, with the Class
15   consisting of all persons or entities who purchased or acquired the publicly traded
16   IR Securities from July 31, 2003, through February 11, 2008, inclusive, and who
17   suffered damages as a result, excluding certain individuals and entities as set forth
18   in paragraph 3 below; and the Court having read and considered the Stipulation
19   and the exhibits annexed thereto;

20       NOW, THEREFORE, IT IS HEREBY ORDERED:

21       1.    This order (the "Notice Order") hereby incorporates by reference the
22   definitions in the Stipulation, and all terms used herein shall have the same
23   meanings as set forth in the Stipulation.  Any inconsistencies between the
24   Stipulation and the Notice of Pendency of Class Action and Proposed Settlement,
25   Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of
26   Litigation Expenses ("Notice") will be controlled by the language of the
27   Stipulation.

28

1        2.    The Court hereby preliminarily approves the Settlement as being fair,

2    just, reasonable and adequate to the Class, pending a final hearing on the

3    Settlement.

4        3.    Pending further order of the Court, all litigation activity, except that

5    contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action

6    and Proposed Settlement, in the Final Judgment, and in the Notice, is hereby

7    stayed and all hearings, deadlines, and other proceedings in this action, except the

8    Final Approval Hearing, are hereby taken off calendar.

9    **CLASS CERTIFICATION**

10

11       4.    The Court hereby certifies, for settlement purposes only, pursuant to

Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined

12   as follows:

13         all persons or entities who purchased or acquired the publicly traded

14         securities of International Rectifier Corporation ("IR Securities") from

15         July 31, 2003 through February 11, 2008, inclusive, and who suffered

      damages as a result.  Excluded from the Class are:  (i) the Defendants;

16         (ii) members of the immediate family of each Individual Defendant;

      (iii) any person who was an officer or director of the Company during

17         the Class Period; (iv) any firm, trust, corporation, officer or other

18         entity in which any Defendant has a controlling interest; and (v) the

      legal representatives, agents, affiliates, heirs, successors-in-interest or

19         assigns of any such excluded party.  Also excluded from the Class are

20         any persons who exclude themselves by filing a request for exclusion

      in accordance with the requirements set forth in the Notice.

21

22       5.    The Court finds, for the purposes of the Settlement only, that the

23   prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of

24   Civil Procedure have been satisfied in that:  (a) the number of Class Members is so

25   numerous that joinder of all members thereof is impracticable; (b) there are

26   questions of law and fact common to the Class; (c) the claims of the Co-Lead

27

28

1  Plaintiffs are typical of the claims of the Class they seek to represent; (d) Co-Lead

2  Plaintiffs have fairly and adequately represented the interests of the Class; (e) the

3  questions of law and fact common to the members of the Class predominate over

4  any questions affecting only individual members of the Class; and (f) a class action

5  is superior to other available methods for the fair and efficient adjudication of the

6  controversy.

7      6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

8  the purposes of the Settlement only, Co-Lead Plaintiffs are appointed as the Class

9  Representatives and Bernstein Litowitz Berger & Grossmann LLP and Berman

10 DeValerio are appointed as Co-Lead Counsel for the Class.

11     7.    The Court appoints the firm of The Garden City Group, Inc. ("Claims

12 Administrator") to supervise and administer the notice procedure as well as the

13 processing of claims as more fully set forth below:

14         a.    No later than ten (10) business days after entry of this

15 Preliminary Approval Order, the Claims Administrator shall cause a copy of the

16 Notice and the Proof of Claim Form (the "Claim Form"), annexed hereto

17 respectively as Exhibits A-1 and A-2, to be mailed by first-class mail, postage

18 prepaid, to all members of the Class at the address of each such person as set forth

19 in the records of IR, or its successor(s) or its transfer agent, or who are identified

20 by further reasonable efforts ("Notice Date");

21         b.    A summary notice ("Summary Notice"), annexed hereto as

22 Exhibit A-3, shall be published once in the national edition of *The Investor's*

23 *Business Daily* no later than ten (10) business days after the Notice Date; and

24         c.    The Notice, Summary Notice and Claim Form shall also be

25 placed on the Claims Administrator's website, on or before the Notice Date.

26     8.    The Court approves the form of Notice and Summary Notice

27 (together, the "Notices") and Claim Form, and finds that the procedures established

28

1  for publication, mailing and distribution of such Notices substantially in the

2  manner and form set forth in paragraph 6 of this Order meet the requirements of

3  Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation

4  Reform Act of 1995 ("PSLRA"), and due process, and constitute the best notice

5  practicable under the circumstances.

6        9.    If it has not already done so, within three (3) business days of entry of

7  this Order, IR shall provide the Claims Administrator with shareholder information

8  to the extent available in the records of IR or its successor(s) or transfer agent,

9  providing the identity of all record holders of IR Securities, in electronic form.  To

10  the extent available in IR's or its successor's or transfer agent's records, this

11  information shall contain the names and addresses of all purchasers of IR

12  Securities during the Class Period, as reflected in IR's or its successor's or its

13  transfer agent's records.

14        10.   No later than twenty-one (21) calendar days prior to the Final

15  Approval Hearing, Co-Lead Counsel shall cause to be filed with the Clerk of this

16  Court affidavits or declarations of the person or persons under whose general

17  direction the mailing of the Notice and the publication of the Summary Notice

18  shall have been made, showing that such mailing and publication have been made

19  in accordance with this Order.

20        11.   Nominees who purchased or otherwise acquired IR Securities for

21  beneficial owners who are Class Members are directed to: (a) request within

22  fourteen (14) days of receipt of the Notice additional copies of the Notice and the

23  Claim Form from the Claims Administrator for such beneficial owners; or (b) send

24  a list of the names and addresses of such beneficial owners to the Claims

25  Administrator within fourteen (14) days after receipt of the Notice.  If a nominee

26  elects to send the Notice to beneficial owners, such nominee is directed to mail the

27  Notice within fourteen (14) days of receipt of the additional copies of the Notice

28

1    from the Claims Administrator, and upon such mailing, the nominee shall send a

2    statement to the Claims Administrator confirming that the mailing was made as

3    directed, and the nominee shall retain the list of names and addresses for use in

4    connection with any possible future notice to the Class. Upon full compliance with

5    this Notice Order, including the timely mailing of Notice to beneficial owners,

6    such nominees may seek reimbursement of their reasonable expenses actually

7    incurred in complying with this Notice Order by providing the Claims

8    Administrator with proper documentation supporting the expenses for which

9    reimbursement is sought and reflecting compliance with these instructions,

10    including timely mailing of the Notice, if the nominee elected or elects to do so.

11    Such properly documented expenses incurred by nominees in compliance with the

12    terms of this Notice Order shall be paid from the Settlement Fund.

### HEARING: RIGHT TO BE HEARD

      12.     There shall be a hearing on _____, at _____a.m. (the "Final Approval Hearing") at which time the Court shall address the fairness, reasonableness and adequacy of the Settlement, the fairness and reasonableness of the Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. The Final Approval Hearing shall be held before the Honorable John F. Walter at the United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 16, Los Angeles, CA 90012-2095.

      13.     Papers in support of the Settlement, the Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

14. Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable and adequate, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Co-Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses unless that Class Member or person (i) has served written objections, by hand or first-class mail including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than fourteen (14) calendar days prior to the Final Approval Hearing:

**Co-Lead Counsel for the Class**

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
Blair A. Nicholas
Niki L. Mendoza
Benjamin Galdston
Jon F. Worm
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582

BERMAN DeVALERIO
Nicole Lavallee
Daniel Barenbaum
425 California Street, Suite 2100
San Francisco, CA 94104

**Counsel for Defendants**

SHEPPARD, MULLIN, RICHTER
   & HAMPTON LLP
John P. Stigi III
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

SULLIVAN & CROMWELL LLP
Robert A. Sacks
1888 Century Park East
Los Angeles, CA 90067

[PROPOSED] ORDER RE PRELIM. APPROVAL
Case No. CV 07-02544-JFW (VBKx)

LATHAM & WATKINS  
Pamela S. Palmer  
650 Town Center Drive, 20th Floor  
Costa Mesa, CA 92626

GIBSON DUNN & CRUTCHER LLP  
Joel A. Feuer  
2029 Century Park East  
Los Angeles, CA 90067

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Central District of California. Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in IR Securities, including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, to the Plan of Allocation or to the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice.

15. If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

16. Any member of the Class may enter an appearance in the Consolidated Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

17. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without any further notice to Class Members and to approve the Stipulation with modification and without further notice to Class Members. The Court retains jurisdiction of this Consolidated Action to consider all further applications arising out of or connected with the proposed Settlement, and as otherwise warranted.

18. All Class Members shall be bound by all determinations and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to the Class.

**CLAIMS PROCESS**

19. In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein. To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one-hundred and twenty (120) days after the Notice Date.

20. Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the

1  Settled Claims and shall be bound by any judgment or determination of the Court

2  affecting the Class Members.

3  ## REQUEST FOR EXCLUSION FROM THE CLASS

21.    Any requests for exclusion must be submitted for receipt no later than fourteen (14) calendar days prior to the Final Approval Hearing.  Any person who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the person requesting exclusion; (b) the person's transactions in IR Securities during the Class Period, including the dates, the number of IR Securities purchased or acquired, the date of each purchase, acquisition or sale and the price paid and/or received; and (c) a statement that the person wishes to be excluded from the Class.  The Claims Administrator (or other person designated to receive exclusion requests) shall provide to Co-Lead Counsel and Defendants' counsel copies of all requests for exclusion from the Class no later than eight (8) business days prior to the Final Approval Hearing.  All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

22.    Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.  The Plan of Allocation and Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court will determine whether Co-Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Co-Lead Counsel.  Any appeal from any

orders relating to the Plan of Allocation or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement and the settlement of the Consolidated Action set forth therein.

23.    Only Class Members and Co-Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25.    As set forth in the Stipulation, immediately after payment of the Settlement Fund to the Escrow Agent, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account for the actual costs incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying taxes, escrow fees and costs, if any. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Co-Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

26.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any act performed nor document executed pursuant to or in furtherance of it (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing, fault, or liability of the Settling Parties or the

Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, or liability of any of the Settling Parties or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

27.    Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

IT IS SO ORDERED.


DATED: _____


THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE