BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS   (Bar No. 178428)
blairn@blbglaw.com
BENJAMIN GALDSTON   (Bar No. 211114)
beng@blbglaw.com
JON F. WORM   (Bar No. 248260)
jonw@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

BERMAN DeVALERIO
JOSEPH J. TABACCO, JR. (Bar No. 75484)
jtabacco@bermandevalerio.com
NICOLE LAVALLEE (Bar No. 165755)
nlavallee@ bermandevalerio.com
DANIEL E. BARENBAUM (Bar No. 209261)
dbarenbaum@bermandevalerio.com
JULIE J. BAI (Bar No. 227047)
jbai@ bermandevalerio.com
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Tel:   (415) 433-3200
Fax:   (415) 433-6382

*Attorneys for Co-Lead Plaintiffs*
*General Retirement System of the City of Detroit*
*and Massachusetts Laborers' Pension Fund*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx)<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>Final Approval Hearing set on **February 8, 2010, at 1:30 p.m.** |

1    WHEREAS, Co-Lead Plaintiffs General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund ("Co-Lead Plaintiffs"), and International Rectifier Corporation ("IR" or the "Company"); and Alexander Lidow ("Alex Lidow"), Eric Lidow ("Eric Lidow") and Michael P. McGee ("McGee") (collectively the "Individual Defendants") (collectively, with IR, the "Defendants"), have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for: (1) an order approving the settlement of the above-captioned litigation (the "Consolidated Action") in accordance with the Stipulation of Settlement, dated as of September 22, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Consolidated Action (the "Settlement"); (2) dismissal of the Consolidated Action with prejudice as against all of the Released Parties, upon the terms and conditions set forth therein; and (3) certification of the Consolidated Action as a class action for settlement purposes only, with the Class consisting of all persons or entities who purchased or acquired the publicly traded IR Securities from July 31, 2003, through February 11, 2008, inclusive, and who suffered damages as a result, excluding certain individuals and entities as set forth in paragraph 3 below; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.  Any inconsistencies between the Stipulation and the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") will be controlled by the language of the Stipulation.

2. The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

3. Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, in the Final Judgment, and in the Notice, is hereby stayed and all hearings, deadlines, and other proceedings in this action, except the Final Approval Hearing, are hereby taken off calendar.

## CLASS CERTIFICATION

4. The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

> all persons or entities who purchased or acquired the publicly traded securities of International Rectifier Corporation ("IR Securities") from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result. Excluded from the Class are: (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of the Company during the Class Period; (iv) any firm, trust, corporation, officer or other entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Co-Lead

1  Plaintiffs are typical of the claims of the Class they seek to represent; (d) Co-Lead
2  Plaintiffs have fairly and adequately represented the interests of the Class; (e) the
3  questions of law and fact common to the members of the Class predominate over
4  any questions affecting only individual members of the Class; and (f) a class action
5  is superior to other available methods for the fair and efficient adjudication of the
6  controversy.

7  6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for
8  the purposes of the Settlement only, Co-Lead Plaintiffs are appointed as the Class
9  Representatives and Bernstein Litowitz Berger & Grossmann LLP and Berman
10 DeValerio are appointed as Co-Lead Counsel for the Class.

11 7. The Court appoints the firm of The Garden City Group, Inc. ("Claims
12 Administrator") to supervise and administer the notice procedure as well as the
13 processing of claims as more fully set forth below:

14        a.   No later than ten (10) business days after entry of this
15 Preliminary Approval Order, the Claims Administrator shall cause a copy of the
16 Notice and the Proof of Claim Form (the "Claim Form"), annexed hereto
17 respectively as Exhibits A-1 and A-2, to be mailed by first-class mail, postage
18 prepaid, to all members of the Class at the address of each such person as set forth
19 in the records of IR, or its successor(s) or its transfer agent, or who are identified
20 by further reasonable efforts ("Notice Date");

21        b.   A summary notice ("Summary Notice"), annexed hereto as
22 Exhibit A-3, shall be published once in the national edition of *The Investor's*
23 *Business Daily* no later than ten (10) business days after the Notice Date; and

24        c.   The Notice, Summary Notice and Claim Form shall also be
25 placed on the Claims Administrator's website, on or before the Notice Date.

26 8. The Court approves the form of Notice and Summary Notice
27 (together, the "Notices") and Claim Form, and finds that the procedures established
28

for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and due process, and constitute the best notice practicable under the circumstances.

9. If it has not already done so, within three (3) business days of entry of this Order, IR shall provide the Claims Administrator with shareholder information to the extent available in the records of IR or its successor(s) or transfer agent, providing the identity of all record holders of IR Securities, in electronic form. To the extent available in IR's or its successor's or transfer agent's records, this information shall contain the names and addresses of all purchasers of IR Securities during the Class Period, as reflected in IR's or its successor's or its transfer agent's records.

10. No later than twenty-one (21) calendar days prior to the Final Approval Hearing, Co-Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11. Nominees who purchased or otherwise acquired IR Securities for beneficial owners who are Class Members are directed to: (a) request within fourteen (14) days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) days of receipt of the additional copies of the Notice

from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Notice Order, including the timely mailing of Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Notice Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Notice Order shall be paid from the Settlement Fund.

### HEARING: RIGHT TO BE HEARD

12. There shall be a hearing on **February 8, 2010, at 1:30 p.m.** (the "Final Approval Hearing") at which time the Court shall address the fairness, reasonableness and adequacy of the Settlement, the fairness and reasonableness of the Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. The Final Approval Hearing shall be held before the Honorable John F. Walter at the United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 16, Los Angeles, CA 90012-2095.

13. Papers in support of the Settlement, the Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

14. Any member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable and adequate, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Co-Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses unless that Class Member or person (i) has served written objections, by hand or first-class mail including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than fourteen (14) calendar days prior to the Final Approval Hearing:

**Co-Lead Counsel for the Class**

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | BERMAN DeVALERIO |
| Blair A. Nicholas | Nicole Lavallee |
| Niki L. Mendoza | Daniel Barenbaum |
| Benjamin Galdston | 425 California Street, Suite 2100 |
| Jon F. Worm | San Francisco, CA 94104 |
| 12481 High Bluff Drive, Suite 300 | |
| San Diego, California 92130-3582 | |

**Counsel for Defendants**

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | SULLIVAN & CROMWELL LLP |
| John P. Stigi III | Robert A. Sacks |
| 333 South Hope Street, 48th Floor | 1888 Century Park East |
| Los Angeles, CA 90071 | Los Angeles, CA 90067 |

| | |
|---|---|
| LATHAM & WATKINS<br>Pamela S. Palmer<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626 | GIBSON DUNN & CRUTCHER LLP<br>Joel A. Feuer<br>2029 Century Park East<br>Los Angeles, CA 90067 |

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Central District of California.  Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in IR Securities, including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, to the Plan of Allocation or to the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice.

15. If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

16. Any member of the Class may enter an appearance in the Consolidated Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

17. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without any further notice to Class Members and to approve the Stipulation with modification and without further notice to Class Members. The Court retains jurisdiction of this Consolidated Action to consider all further applications arising out of or connected with the proposed Settlement, and as otherwise warranted.

18. All Class Members shall be bound by all determinations and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to the Class.

**CLAIMS PROCESS**

19. In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein. To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one-hundred and twenty (120) days after the Notice Date.

20. Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the

Settled Claims and shall be bound by any judgment or determination of the Court affecting the Class Members.

**REQUEST FOR EXCLUSION FROM THE CLASS**

21.  Any requests for exclusion must be submitted for receipt no later than fourteen (14) calendar days prior to the Final Approval Hearing. Any person who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the person requesting exclusion; (b) the person's transactions in IR Securities during the Class Period, including the dates, the number of IR Securities purchased or acquired, the date of each purchase, acquisition or sale and the price paid and/or received; and (c) a statement that the person wishes to be excluded from the Class. The Claims Administrator (or other person designated to receive exclusion requests) shall provide to Co-Lead Counsel and Defendants' counsel copies of all requests for exclusion from the Class no later than eight (8) business days prior to the Final Approval Hearing. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

22.  Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Co-Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Co-Lead Counsel. Any appeal from any

orders relating to the Plan of Allocation or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement and the settlement of the Consolidated Action set forth therein.

23. Only Class Members and Co-Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25. As set forth in the Stipulation, immediately after payment of the Settlement Fund to the Escrow Agent, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account for the actual costs incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying taxes, escrow fees and costs, if any. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Co-Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

26. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any act performed nor document executed pursuant to or in furtherance of it (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing, fault, or liability of the Settling Parties or the

Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, or liability of any of the Settling Parties or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

27. Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

IT IS SO ORDERED.

DATED: September 25, 2009

_____
THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE