# EXHIBIT A

1  BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2  BLAIR A. NICHOLAS (Bar No. 178428)
   (blairn@blbglaw.com)
3  NIKI L. MENDOZA (Bar No. 214646)
   (nikim@blbglaw.com)
4  BENJAMIN GALDSTON (Bar No. 211114)
   (beng@blbglaw.com)
5  JON F. WORM (Bar No. 248260)
   (jonw@blbglaw.com)
6  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
7  Tel:   (858) 793-0070
   Fax:   (858) 793-0323
8
   BERMAN DeVALERIO
9  JOSEPH J. TABACCO, JR. (Bar No. 75484)
   (jtabacco@bermandevalerio.com)
10 NICOLE LAVALLEE (Bar No. 165755)
   (nlavallee@bermandevalerio.com)
11 KRISTIN J. MOODY (Bar No. 206326)
   (kmoody@bermandevalerio.com)
12 JULIE J. BAI (Bar No. 227047)
   (jbai@bermandevalerio.com)
13 425 California Street, Suite 2100
   San Francisco, CA 94104-2205
14 Tel:   (415) 433-3200
   Fax:   (415) 433-6382
15
   *Attorneys for Co-Lead Plaintiffs General Retirement*
16 *System of the City of Detroit and Massachusetts*
   *Laborers' Pension Fund*
17

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20

21 | IN RE INTERNATIONAL | Case No. CV 07-02544-JFW (VBKx) |
   | RECTIFIER CORPORATION | |
22 | SECURITIES LITIGATION | **JOINT DECLARATION OF** |
   | | **WALTER STAMPOR AND** |
23 | | **BARRY C. McANARNEY IN** |
   | | **SUPPORT OF CLASS ACTION** |
   | | **SETTLEMENT** |
24 | | |
25 | | **Date:  February 8, 2010** |
   | | **Time: 1:30 p.m.** |
26 | | **Courtroom: 16** |

27

28

EXHIBIT    A
PAGE       40

1    WE, WALTER STAMPOR, Executive Secretary of the General Retirement

2 System of the City of Detroit ("Detroit General"), and BARRY C. McANARNEY,

3 Executive Director of the Massachusetts Laborers' Pension Fund ("Mass

4 Laborers") (together, the "Funds") declare as follows:

5    1.    We are duly authorized representatives of Detroit General and Mass

6 Laborers, the Court-Appointed Co-Lead Plaintiffs (the "Co-Lead Plaintiffs") in

7 this securities class action (the "Action"). We submit this declaration in support of

8 Co-Lead Plaintiffs' application for (a) approval of the proposed settlement of this

9 Action (the "Settlement"); (b) approval of the proposed plan of allocation (the

10 "Plan of Allocation"); and (c) an award of attorneys' fees and reimbursement of

11 litigation expenses. We have personal knowledge of matters related to Detroit

12 General and Mass Laborers, and of the other matters set forth in this declaration,

13 having been directly involved in its prosecution, mediation and settlement, and we

14 could and would testify competently thereto.

15  **I.    BACKGROUND**

16      **A.    Detroit General**

17    2.    Co-Lead Plaintiff, Detroit General, is a public pension fund organized

18 for the benefit of current and retired employees of the City of Detroit. It has total

19 assets of approximately $3.5 billion and is responsible for managing the benefits of

20 approximately 9,000 active members and 11,500 retirees and beneficiaries. On

21 July 23, 2007, this Court appointed Detroit General as Co-Lead Plaintiff for this

22 litigation.

23    3.    Detroit General, through the active and continuous involvement of

24 Mr. Stampor, along with Ronald Zajac, General Counsel, monitors its activities in

25 the securities class actions in which it has been appointed to serve as lead plaintiff.

26 Mr. Stampor, as Executive Secretary for Detroit General, has supervised and

27 monitored the progress of this litigation and actively participated in its prosecution.

28 For example, Mr. Stampor:

1    (a)    Communicated regularly with Lead Counsel about the status of the
2    case;

3    (b)    Participated in discussions with Lead Counsel concerning significant
4    developments in the litigation;

5    (c)    Reviewed pleading submitted in the matter; and

6    (d)    Participated in responding to discovery on behalf of Detroit General,
7    including producing documents in response to document requests and answering
8    interrogatories propounded by defendants in the action.    In addition, Detroit
9    General's General Counsel, Mr. Zajac, actively participated, including sitting for
10   his deposition in connection with Lead Plaintiffs' class certification motion.

11       4.    Detroit General is highly familiar with securities class action litigation
12   as it has experience serving as court-appointed lead plaintiff in securities class
13   actions, including, for example, *In re Dot Hill Systems Corp. Sec. Litig.,* Case No.
14   06-cv-228 (S.D. Cal.); *In re Medtronic, Inc. Sec. Litig.,* Case No. 07-cv-4564 (D.
15   Minn.); and *Genesee County Employees' Retirement System v. Merck & Co., Inc.,*
16   *et al.,* Case No. 08-cv-2177 (D.N.J.).    Based on its active participation in the
17   prosecution of this Action and its other experiences as a lead plaintiff, Detroit
18   General was able to capably oversee the prosecution of this case as well as the
19   ultimate settlement of the Action.

20       5.    During the Class Period, Detroit General purchased 74,800 shares of
21   International Rectifier Corporation ("IR") common stock.    Detroit General suffered
22   substantial losses as a result of the fraud alleged in this Action.    Therefore, among
23   other reasons, Detroit General was highly motivated – and viewed it as its duty
24   working with Lead Counsel – to see to it that the recovery was maximized to the
25   greatest extent possible in light of the risks and circumstances of the case.

26       6.    Prior to seeking appointment as Co-Lead Plaintiff in this Action,
27   Detroit General, communicated with attorneys from Bernstein Litowitz Berger &
28   Grossmann LLP ("BLB&G") to evaluate the circumstances concerning IR.    Detroit

EXHIBIT __A__
PAGE __42__

-2-

JOINT DECLARATION OF WALTER STAMPOR
AND BARRY C. McANARNEY
Case No. CV 07-02544-JFW (VBKx)

1  General corresponded with BLB&G to evaluate the significant considerations

2  relevant to deciding on an appropriate course of action for Detroit General. In

3  particular, Detroit General considered, internally and with BLB&G, among other

4  things, (a) the amount of the losses it sustained on its Class Period purchases of IR

5  common stock; (b) IR's alleged fraudulent conduct; and (c) the legal and

6  procedural issues involved in prosecuting the Action.

7  **B.    Mass Laborers**

8  7.    Co-Lead Plaintiff, Mass Laborers, is a Taft-Hartley Pension Fund that

9  provides pension benefits to the members of the Massachusetts Laborers' District

10 Council and the Maine, New Hampshire, and Vermont District Council of the

11 Laborers International Union of North America and acts as a fiduciary in that role.

12 The fund is located in Burlington, Massachusetts. As of June 30, 2008, the value

13 of the fund's assets, after subtracting liabilities, was approximately $1 billion. On

14 July 23, 2007, this Court appointed Mass Laborers as Co-Lead Plaintiff for this

15 litigation.

16 8.    Mass Laborers, through the active and continuous involvement of Mr.

17 McAnarney and his predecessor at Mass Laborers, Thomas Masiello, monitors its

18 activities in the securities class actions in which it has been appointed to serve as

19 lead plaintiff. Mass Laborers has supervised and monitored the progress of this

20 litigation and actively participated in its prosecution.    For example, Mr.

21 McAnarney and Mr. Masiello:

22     (a)    Communicated regularly with Lead Counsel about the status of the

23 case;

24     (b)    Participated in discussions with Lead Counsel concerning significant

25 developments in the litigation; and

26     (c)    Reviewed pleadings submitted in the matter.

27     Mr. McAnarney also:

28

EXHIBIT A
PAGE 43                    -3-    JOINT DECLARATION OF WALTER STAMPOR
                                   AND BARRY C. McANARNEY
                                   Case No. CV 07-02544-JFW (VBKx)

1    (a)    Participated in responding to discovery on behalf of Mass Laborers,

2 including producing documents in response to document requests and answering

3 interrogatories propounded by defendants in the action; and

4    (b)    Sat for a deposition in connection with Lead Plaintiffs' class

5 certification motion.

6    Additionally, Stanley Shuman, a Trustee of Mass Laborers, participated in

7 person at a mediation session presided over by the Honorable Layn R. Phillips

8 (Ret.).

9    9.    Mass Laborers is familiar with securities class action litigation as it

10 has also served as court-appointed lead plaintiff in other securities class actions,

11 including *In re Micromuse Inc. Sec. Litig.*, C.A. No. 04-00136 (N.D. Cal.). Based

12 on its active participation in the prosecution of this Action and its prior experience

13 as a lead plaintiff, Mass Laborers was able to capably oversee the prosecution of

14 this case as well as the ultimate settlement of the Action.

15    10.    During the Class Period, Mass Laborers purchased 25,700 shares of

16 IR common stock. Mass Laborers suffered substantial losses as a result of the

17 fraud alleged in this Action. Therefore, among other reasons, Mass Laborers was

18 highly motivated – and viewed it as its duty working with Lead Counsel – to see to

19 it that the recovery was maximized to the greatest extent possible in light of the

20 risks and circumstances of the case.

21    11.    Prior to seeking appointment as Co-Lead Plaintiff in this Action, Mass

22 Laborers communicated with attorneys from Berman DeValerio to evaluate the

23 circumstances concerning IR. It corresponded with Berman DeValerio to evaluate

24 the significant considerations relevant to deciding on an appropriate course of

25 action for Mass Laborers. In particular, Mass Laborers considered, internally and

26 with Berman DeValerio, among other things, (a) the amount of the losses it

27 sustained on its Class Period purchases of IR common stock; (b) IR's alleged

28

1  fraudulent conduct; and (c) the legal and procedural issues involved in prosecuting

2  the Action.

3  **II.    LEAD PLAINTIFFS EXTENSIVELY**
   **PARTICIPATED IN THE PROSECUTION**
4  **AND SETTLEMENT OF THE ACTION**

5      12.    Detroit General and Mass Laborers were appointed Co-Lead Plaintiffs

6  by Order entered July 23, 2007.  Detroit General and Mass Laborers approved all

7  submissions made in connection with the motion for their appointment as lead

8  plaintiff.

9      13.    On behalf of Detroit General and Mass Laborers, we, along with

10  others at our respective funds, closely supervised, carefully monitored, and have

11  been actively involved in all aspects of the prosecution of the Action.  We received

12  periodic  status  updates  from  BLB&G  and  Berman  DeValerio  on  case

13  developments and participated in communications with attorneys from BLB&G

14  and Berman DeValerio concerning the conduct of the Action.  In particular, Detroit

15  General and Mass Laborers, among other things, have:

16      (a)    Reviewed and commented on pleadings submitted in this matter;

17      (b)    Reviewed  and  commented  on  briefs  and  mediation  statements

18  submitted in this matter;

19      (c)    Identified  and  provided  relevant  documents  during  the  discovery

20  process;

21      (d)    Consulted  with  BLB&G  and  Berman  DeValerio  regarding  their

22  review  and  assessment  of  the  case  in  light  of  counsel's  receipt  and  review  of

23  discovery;

24      (e)    Provided representatives to sit for depositions in connection with class

25  certification proceedings (Detroit General's General Counsel, Mr. Zajac, and Mr.

26  McAnarney for Mass Laborers);

27      (f)    Participated in person at a mediation session presided over by the

28  Honorable Layn R. Phillips (Stanley Shuman of Mass Laborers); and

EXHIBIT A
PAGE  45

-5-

JOINT DECLARATION OF WALTER STAMPOR
AND BARRY C. McANARNEY
Case No. CV 07-02544-JFW (VBKx)

1    (g)    Evaluated and approved of the proposed Settlement for $90 million in

2  cash.

3    14.    On behalf of Detroit General and Mass Laborers, we were intimately

4  involved in overseeing the formal mediation and lengthy negotiations in this

5  Action, which led to the Settlement.  In particular, a representative on behalf of

6  Lead Plaintiffs, Mr. Shuman, traveled to and actively participated in the mediation

7  in Newport Beach, California on April 30, 2009.  Because of our close supervision

8  of the litigation and Detroit General's and Mass Laborers' prior experience serving

9  as lead plaintiff, we believe Detroit General and Mass Laborers were well-

10 positioned and qualified to evaluate the reasonableness and adequacy of the

11 settlement proposals and to formulate settlement positions on behalf of the Class.

12 Prior to, during and following the mediation, representatives of Detroit General

13 and Mass Laborers conferred with BLB&G and Berman DeValerio at length

14 regarding the parties' respective positions.  Consistent with those discussions, we

15 determined not to settle the litigation at the conclusion of the mediation session.

16 Rather, following the mediation, Mr. Phillips continued to explore the possibility

17 of settlement with our counsel and with counsel for Defendants.  BLB&G and

18 Berman DeValerio kept us apprised as these discussions were ongoing.  In July

19 2009, in consultation with BLB&G and Berman DeValerio, we agreed in principle

20 to settle this litigation on behalf of the Class for $90 million cash.

21 **III.    DETROIT GENERAL AND MASS LABORERS**
   **STRONGLY ENDORSE THE SETTLEMENT, THE**
22 **PLAN OF ALLOCATION AND COUNSELS APPLICATION**
   **FOR AN AWARD OF ATTORNEYS' FEES AND**
23 **REIMBURSEMENT OF LITIGATION EXPENSES**

24    15.    Based on Detroit General's and Mass Laborers' oversight of the

25 prosecution and mediation of this Action, Co-Lead Plaintiffs Detroit General and

26 Mass Laborers strongly endorse the Settlement and believe it provides an excellent

27 recovery for the Class, especially when measured against the maximum amount of

28 recoverable damages, and in view of the substantial issues we faced in establishing

1  liability and damages in this case. For the same reasons, Detroit General and Mass
2  Laborers also strongly endorse the proposed Plan of Allocation, and believe that it
3  represents a fair and reasonable method for valuing claims submitted by Class
4  Members, and for distributing the net settlement fund to Class Members who
5  submit valid proof of claim forms.

6      16.    Detroit General and Mass Laborers further believe that Lead
7  Counsel's requested fee is fair and reasonable in light of the work they performed
8  on behalf of us and the Class. We approved that fee by considering, among other
9  things, the work performed by Lead Counsel and the outstanding result obtained
10  for the Class.

11      17.    Detroit General and Mass Laborers further believe that the litigation
12  expenses being requested for reimbursement are reasonable, and represent costs
13  and expenses necessary for the prosecution and resolution of this securities fraud
14  action. As a result, Detroit General and Mass Laborers have approved the request
15  for reimbursement of expenses submitted by Lead Counsel.

16      18.    In conclusion, as authorized representatives of Detroit General and
17  Mass Laborers, which were intimately involved throughout the commencement,
18  prosecution, mediation and settlement of this Action, we strongly support (i) the
19  Settlement obtained for the Class as fair, reasonable and adequate, and believe that
20  it represents an outstanding recovery; (ii) the Plan of Allocation, and believe that it
21  provides a fair and reasonable method for valuing claims submitted by Class
22  Members and for distributing the net settlement fund; and (iii) the attorneys' fees
23  and litigation expense reimbursement application, and believe that it represents fair
24  and reasonable compensation for counsel in light of the outstanding recovery for
25  the Class and the litigation risks, and that it is consistent with the fees applied for
26  and awarded in other substantial class actions.

27
28

1    Accordingly, we respectfully request that the Court approve the Settlement,
2  the Plan of Allocation and the attorneys' fee and litigation expense reimbursement
3  application.

4    We declare, under penalty of perjury, that the foregoing facts are true and
5  correct.
6
7  Executed on ___January 7___, 2010.
8
9                                     *Walter Stampor*
10                                   WALTER STAMPOR
                                     Executive Secretary
11                                 General Retirement System of the
12                                       City of Detroit
13
14
15  Executed on _____, 2010.
16
17
18                                 BARRY C. McANARNEY
                                     Executive Director
19                                 Massachusetts Laborers'
20                                     Pension Fund
21
22
23
24
25
26
27
28
                                              JOINT DECLARATION OF WALTER STAMPOR
                                   -8-              AND BARRY C. McANARNEY
                                               Case No. CV 07-02544-JFW (VBKx)

                                          **EXHIBIT** A
                                          **PAGE**  48

1         Accordingly, we respectfully request that the Court approve the Settlement,

2    the Plan of Allocation and the attorneys' fee and litigation expense reimbursement

3    application.

4         We declare, under penalty of perjury, that the foregoing facts are true and

5    correct.

6

7    Executed on _____, 2010.

8

9                                        _____

10                                             WALTER STAMPOR
                                                 Executive Secretary
11                                       General Retirement System of the
                                                 City of Detroit
12

13

14

15   Executed on ___January  11___, 2010.

16

17                                        _____

18                                           BARRY C. McANARNEY
                                                 Executive Director
19                                          Massachusetts Laborers'
                                                 Pension Fund
20

21

22

23

24

25

26

27

28