# EXHIBIT B

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
NIKI L. MENDOZA (Bar No. 214646)
(nikim@blbglaw.com)
BENJAMIN GALDSTON (Bar No. 211114)
(beng@blbglaw.com)
JON F. WORM (Bar No. 248260)
(jonw@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

BERMAN DeVALERIO
JOSEPH J. TABACCO, JR. (Bar No. 75484)
(jtabacco@bermandevalerio.com)
NICOLE LAVALLEE (Bar No. 165755)
(nlavallee@bermandevalerio.com)
DANIEL E. BARENBAUM (Bar No. 209261)
(dbarenbaum@bermandevalerio.com)
JULIE J. BAI (Bar No. 227047)
(jbai@bermandevalerio.com)
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Tel: (415) 433-3200
Fax: (415) 433-6382

*Attorneys for Co-Lead Plaintiffs General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx)<br><br>**DECLARATION OF LAYN R. PHILLIPS**<br><br>Date: February 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 16 |

PHILLIPS DECLARATION
Case No. CV 07-02544-JFW (VBKx)

EXHIBIT B
PAGE 50

I, LAYN R. PHILLIPS, declare as follows:

1. I am a retired United States District Court Judge, and I was chosen by the parties as the mediator over this litigation. As the mediator I monitored the progress of this action, while presiding over the extensive negotiations between the parties which led to the proposed Settlement for $90 million cash. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2. As discussed below, the settlement represents the result of an arm's length negotiation by very experienced and informed counsel and, based on my own knowledge and evaluation of the merits of the claims and defenses, a very reasonable outcome for all parties involved.

3. Lead Plaintiffs engaged in extensive contentious settlement negotiations with defendants, and settlement discussions broke down on various occasions while Lead Plaintiffs continued to prosecute the action in preparation for the January 2010 trial date. The parties participated in an in-person mediation on April 30, 2009. The mediation took place at my office, Irell & Manella, in Newport Beach, California. The mediation was attended by a representative for Lead Plaintiffs, representatives for defendants, as well as insurance carriers for defendants. The parties were represented by members of their respective law firms, led by Blair A. Nicholas of Bernstein Litowitz Berger & Grossmann LLP and Joseph J. Tabacco, Jr. of Berman DeValerio for Lead Plaintiffs; and John Stigi of Sheppard, Mullin, Richter & Hampton LLP for defendant International Rectifier Corporation ("IR" or the "Company"). Counsel for the individual defendants and the insurance carriers also participated, including attorneys from Sullivan & Cromwell, Latham & Watkins, and Gibson Dunn & Crutcher LLP. In connection with the mediation session, the parties prepared lengthy and detailed mediation statements. In addition to those written submissions, counsel for the parties made substantive presentations to me regarding various aspects of the case. These

presentations included detailed discussions of the evidence elicited through discovery and the various legal hurdles the parties faced.

4. During the in-person mediation session, it became apparent that the parties disagreed on many critical factual and legal issues, including issues relating to class certification, and what amount of damages, if any, would be recoverable. For example, defendants argued, among other things, that Lead Plaintiffs would be unable to prove scienter or that any shareholder losses were tied to disclosures of fraud and thus loss causation would not be established. Defendants also argued that the class would not be certified, or if it was, the class period would be shortened. In this regard, the parties also strongly disagreed about the amount of recoverable damages, if any.

5. At the in-person mediation, the parties reached impasse, and no settlement was reached. Following the in-person mediation, however, I continued mediation discussions with the parties in an effort to negotiate a settlement. In the meantime, the parties continued to actively litigate the case – including voluminous document discovery, class depositions, motions to compel briefing, consultation with experts and class certification briefing – in preparation for the January 2010 trial date.

6. Following the in-person mediation session and my continued mediation discussions with the parties, on July 29, 2009, the parties reached a proposed settlement of the action for $90 million in cash. The settlement amount is to be paid by IR and the insurance carriers. In exchange, all claims will be released against defendants and their related parties.

7. Once the parties reached the settlement agreement in principle, the parties then undertook the process of preparing and finalizing the settlement documentation. Lead Plaintiffs prepared a Stipulation of Settlement ("Stipulation") and all exhibits thereto, and circulated the drafts to defense counsel. The final Stipulation was entered into between the parties on September 22, 2009.

8. Overall, the negotiations between Lead Plaintiffs on one side, and IR, the individual defendants, and the insurance carriers on the other, included a formal in-person mediation session, along with numerous additional correspondences with the parties, leading up to the eventual agreement to settle the case for $90 million in cash.

9. I am familiar with the pleadings in this action, including the allegations of the class and the defenses asserted by defendants. This is a very complex case involving difficult issues of fact and law. Complicated factual scenarios and legal defenses include scienter, loss causation, and damages (among others). I believe that Lead Plaintiffs faced significant trial risks, including: (i) presenting a complex securities case to a jury; (ii) proving that the named defendants intentionally or recklessly violated the securities laws; (iii) establishing loss causation; and (iv) establishing the full amount of damages for the entire alleged class period. Lead Counsel combated these risks, and, in my opinion, obtained an excellent settlement considering the uncertainties involved with taking this case to trial.

10. Based on my involvement in this action as the mediator, I believe that the Settlement was negotiated by the parties at arm's length and in good faith, and that the settlement amount is fair, reasonable and adequate to the members of the class. My belief is based on my understanding of the case, and my evaluation of the risks that the parties faced in taking this case to trial.

I declare, under penalty of perjury, that the foregoing facts are true and correct. Executed on January 12, 2010.

_____
Hon. Layn R. Phillips