# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No.  CV 07-02544-JFW (VBKx)<br><br>**DECLARATION OF JENNIFER M. KEOUGH REGARDING NOTICE AND CLAIMS ADMINSTRATION** |

JENNIFER M. KEOUGH declares and states as follows:

1.    I am Executive Vice President, Operations, of The Garden City Group, Inc. ("GCG").  The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2.    As set forth in paragraph 7 of the Order Preliminarily Approving Settlement and Providing for Notice filed September 25, 2009 (the "Preliminary Approval Order"), GCG was appointed by the Court to serve as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in the above captioned litigation (the "Litigation").  I submit this Declaration in order to provide the Court and the parties to the Litigation with information regarding the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and

- 1 -

ГXHIBIT ___C___
PAGE ___54___

1   Reimbursement of Litigation Expenses (the "Notice") and the Proof of Claim and Release and

2   accompanying General Instructions (the "Claim Form"; and together with the Notice, the

3   "Notice Packet"), the publication of the Summary Notice, the establishment and maintenance of

4
5   a website, and other administrative activities, in accordance with paragraph 10 of the Preliminary

6   Approval Order.

7                        **DISSEMINATION OF THE NOTICE**

8       3.      GCG was responsible for providing notice to Class Members in this Litigation.

9   Specifically, in accordance with the Stipulation of Settlement (the "Settlement Agreement") and

10
    Preliminary Approval Order, the Notice was to be sent via first class mail, postage pre-paid, to
11
12  all members of the Class at the address of each such person as set forth in the records of

13  International Rectifier ("IR"), or is successor(s) or its transfer agent, or who were identified by

14  further reasonable efforts.

15      4.      Towards that end, on September 30, 2009, GCG received from Co-Lead Counsel

16
    an Excel spreadsheet containing 1,481 names and addresses, and was advised that the list was
17
18  produced by IR's counsel and included the information for the record holders of IR as provided

19  by the transfer agent (the "transfer agent list"). GCG loaded this information into a database

20  created for the Litigation, and thereafter updated the addresses through the National Change of

21  Address database maintained by the U.S. Postal Service. Where a more current address was

22
    obtained, GCG updated the address accordingly.
23
24      5.      As in most class actions of this nature, the large majority of potential Class

25  Members are beneficial purchasers whose securities are held in "street name" – i.e., the securities

26  are purchased by brokerage firms, banks, institutions and other third-party nominees in the name

27  of the nominee, on behalf of the beneficial purchasers. GCG maintains a proprietary database

28

                                    -2-          DECLARATION OF JENNIFER M. KEOUGH
                                                 CASE NO. CV 07-02544-JFW (VBKX)

                                         ΓXHIBIT _____ C _____
                                         ΓAGE _____ 55 _____

1   with 2,451 names and addresses of the largest and most common U.S. nominees (the "Nominee

2   Database").    Page 12 of the Notice requests those who purchased or otherwise acquired IR

3   Securities during the Class Period for the beneficial interest of a person or organization other

4   than themselves either to (i) send a copy of the Notice to the beneficial owner of such IR

5

6   Securities, postmarked no later than fourteen days after receipt of the Notice, or (ii) provide the

7   names and addresses of such persons to GCG no later than fourteen days after receipt of the

8   Notice.

9       6.       GCG formatted the Notice Packet, and caused it to be printed, personalized with

10  the name and address of each potential Class Member from the transfer agent list, and to the

11

12  nominees from the Nominee Database, posted for first-class mail, postage pre-paid, and

13  delivered on October 9, 2009 (the "Notice Date") to a United States Post Office for mailing.

14      7.       A total of 3,932 copies of the Notice Packet were mailed on the Notice Date.  A

15  true and correct copy of Notice Packet is attached hereto as Exhibit A.

16

17      8.       As of January 3, 2010, GCG has received an additional 191,406 names and

18  addresses of potential Class Members from individuals or from brokerage firms, banks,

19  institutions and other nominees requesting Notice Packets to be mailed.  Also, GCG has received

20  requests from brokers and other nominee holders for 13,040 Notice Packets to be forwarded to

21  them to thereafter be forwarded to their customers.  All such requests have been complied with

22  in a timely manner.

23

24

25

26

27

28

- 3 -

DECLARATION OF JENNIFER M. KEOUGH
CASE NO. CV 07-02544-JFW (VBKX)

EXHIBIT    C
PAGE    56

9.      In the aggregate, 208,378 Notice Packets were promptly disseminated to potential Class Members by first-class mail as of January 3, 2010.[1]

## PUBLICATION OF THE SUMMARY NOTICE

10.     In accordance with paragraph 7(b) of the Preliminary Approval Order, on October 20, 2009, within ten business days of the Notice Date, GCG caused the Summary Notice to be published in the national edition of *The Investor's Business Daily*.  True and correct copies of the publisher affidavit and the formatted Summary Notice are attached hereto as Exhibit B.

## WEBSITE DEDICATED TO THIS SETTLEMENT

11.     GCG established and is maintaining a website dedicated to this Settlement (www.IRFSettlement.com) for access by Class Members and other interested persons.   The website lists the exclusion, objection, notice of intent to appear and Claim Form deadlines, the date and time of the Final Approval Hearing, and provides answers to frequently asked questions.  Pursuant to paragraph 7(c) of the Preliminary Approval Order, users of the website can view and download the Notice, Summary Notice, Claim Form and relevant Court documents, including the Settlement Agreement, Preliminary Approval Order and the Complaint.   In addition, the website contains a link to a document that provides detailed instructions for institutions submitting their claims electronically.   The website became operational on October 9, 2009, and is accessible twenty-four hours a day, seven days a week. As of January 3, 2010, the website has received 1,205 unique visits.

---

[1] In addition, GCG remailed 1,053 Notice Packets to updated addresses provided to GCG by the U.S. Postal Service.

DECLARATION OF JENNIFER M. KEOUGH
CASE NO. CV 07-02544-JFW (VBKX)

EXHIBIT   C
PAGE   57

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TELEPHONE HOTLINE

12.    GCG established and is maintaining a toll-free Interactive Voice Response system (1-888-685-7768) to accommodate potential Class Members. The system became operational on October 9, 2009, and is accessible twenty-four hours a day, seven days a week. Claimants who call the toll-free number have the option of leaving a voice message so that a call center representative can return the call. As of January 3, 2010, there have been 596 calls to the automated number, and 318 callers have left messages either requesting a call back or a Notice Packet be mailed. GCG has promptly responded to each message and will continue to accommodate Class Member inquiries.

### REPORT ON EXCLUSION REQUESTS RECEIVED

13.    Paragraph 58 of the Notice informed potential Class Members that any written requests for exclusion were to be mailed by first-class mail (or its equivalent outside the U.S.), or to be otherwise delivered, addressed to: *In re International Rectifier Corp. Securities Litigation,* c/o The Garden City Group, Inc., P.O. Box 9533, Dublin OH 43017-4833, and received no later than January 25, 2010. The Notice also sets forth the information that must be included in each request for exclusion from the Class. To date, GCG has received six requests for exclusion, one of which requested exclusion for three different accounts. Only one of the six requests supplied transactional information for their IR shares, as required by the Notice, indicating that it represents 650 shares. Attached hereto as Exhibit C is a list of persons who have submitted requests for exclusion.

---

DECLARATION OF JENNIFER M. KEOUGH
CASE NO. CV 07-02544-JFW (VBKX)



EXHIBIT ___C___
PAGE ___58___

1

## REPORT ON CLAIMS FILED

2

14.     Paragraph 19 of the Preliminary Approval Order provides that in order to be

3

4

entitled to participate in the Settlement, a Class Member must complete and submit a Claim

5

Form in accordance with the instructions contained therein, and it must be postmarked no later

6

than February 6, 2010.  Because this deadline is a postmark deadline, GCG anticipates that it will

7

receive timely postmarked claims for several days after the deadline.  Moreover, as is typically

8

the case, GCG envisions receiving a relatively large volume of mail at or around the filing

9

deadline.  We will continue to prepare, scan and process those claims.  As of January 3, 2010,

10

GCG has received approximately 7,531 claims representing a total of approximately 77 million

11

shares purchased during the Class Period, for which initial processing is ongoing.

12

13

14

        I declare under the penalty of perjury under the laws of the United States that the

15

foregoing is true and correct.

16

        Executed on January 6th , 2010.

17

18

19

20

                                        Jennifer M. Keough

21

22

23

24

25

26

27

28

- 6 -

EXHIBIT    C
PAGE    59

# EXHIBIT A

EXHIBIT ___C___
PAGE ___60___

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544 JFW (VBKx) |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED
SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**
*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Consolidated Action") if, during the period from July 31, 2003, through February 11, 2008, inclusive, you purchased or acquired the publicly traded Securities of International Rectifier ("IR" or the "Company").**

**NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Co-Lead Plaintiffs, General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund ("Co-Lead Plaintiffs"), on behalf of the Class (as defined in ¶1 below), have reached a proposed settlement of the Consolidated Action for a total of $90 million that will resolve all claims in the Consolidated Action.**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully and in its entirety!**

1.    **Description of the Litigation and Class:**    This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendants IR, and Alexander Lidow, Eric Lidow and Michael P. McGee (the "Individual Defendants," collectively with IR, the "Defendants"). The proposed settlement, if approved by the Court, will settle certain claims of all persons and entities who purchased or acquired IR publicly traded Securities from July 31, 2003, through February 11, 2008, inclusive (the "Class Period") and suffered damages as a result (the "Class").

2.    **Statement of Class' Recovery:**    Subject to Court approval and, as described more fully in ¶¶7-31 below, Co-Lead Plaintiffs, on behalf of the Class, have agreed to settle all claims related to the purchase or acquisition of IR publicly traded Securities that were or could have been asserted against Defendants and other Released Parties in the Consolidated Action in exchange for a settlement payment of $90 million to be deposited into an interest-bearing escrow account (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.    **Statement of Average Amount of Damages Per Share:**    The Settlement Fund consists of $90 million plus interest earned. Your recovery will depend on the number of IR Securities you purchased or acquired, and the timing of those transactions. It will also depend on the number of valid claim forms that members of the Class submit and the amount of such claims. Assuming that all of the investors who purchased or acquired IR Securities during the Class Period and suffered damages participate in this settlement, Lead Counsel estimates that the estimated average distribution will be approximately: $0.66 per damaged share of IR Securities before the deduction of Court-approved fees and expenses as described in ¶5 below and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

4.    **Statement of the Parties' Position on Damages:**    The parties do not agree on the total amount of recoverable damages or on the average amount of damages per share that would be recoverable if Co-Lead Plaintiffs were to prevail. Defendants deny that they are liable in any respect or that Co-Lead Plaintiffs or other Class Members suffered any injury. The issues on which the parties disagree include, but are not limited to: (1) whether the

EXHIBIT    C
PAGE    101

statements made or facts allegedly omitted were material, false, misleading, or whether the Defendants are otherwise liable under the securities laws for those statements or omissions; (2) the amount by which the prices of IR Securities were allegedly inflated (if at all) during the Class Period; and (3) the effect of various market forces influencing the trading prices of IR Securities at various times during the Class Period.

5.    **Statement of Attorneys' Fees and Expenses Sought:**    Co-Lead Counsel (as defined in ¶6 below) will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Consolidated Action, in an amount not to exceed $1 million plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the average cost per damaged share of common stock will be approximately $0.17.

6.    **Identification of Attorney Representatives:**    Co-Lead Plaintiffs and the Class are being represented by Blair A. Nicholas, Esq. of Bernstein Litowitz Berger & Grossmann LLP, and Nicole Lavallee, Esq. of Berman DeValerio, the Court-appointed Co-Lead Counsel.  Any questions regarding the Settlement should be directed to Mr. Nicholas at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130-3582, (888) 924-1888, blbg@blbglaw.com, or Ms. Lavallee at Berman DeValerio, 425 California Street, Suite 2100, San Francisco, CA 94104-2205, (415) 433-3200, nlavallee@bermandevalerio.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to get a payment.  If you wish to obtain a payment as a Class Member, you will need to file a Claim Form (which is included with this Notice) postmarked no later than February 6, 2010. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 25, 2010.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *FILED AND RECEIVED* NO LATER THAN JANUARY 25, 2010.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a Class Member and do not validly exclude yourself. |
| **GO TO THE HEARING ON FEBRUARY 8, 2010, AT 1:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 25, 2010.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Get no payment.  Remain a Class Member.  Give up your rights. |

EXHIBIT    C
PAGE    162

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? — Page 3

What Is This Case About?  What Has Happened So Far? — Page 4

How Do I Know If I Am Affected By The Settlement? — Page 5

What Are The Lead Plaintiffs' Reasons For The Settlement? — Page 5

What Might Happen If There Were No Settlement? — Page 6

How Much Will My Payment Be? — Page 6

What Rights Am I Giving Up By Agreeing To The Settlement? — Page 8

What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid? — Page 9

How Do I Participate In The Settlement?
What Do I Need To Do? — Page 9

What If I Do Not Want To Be A Part Of The Settlement?
How Do I Exclude Myself? — Page 10

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing?
May I Speak At The Hearing If I Don't Like The Settlement? — Page 10

What If I Bought Shares On Someone Else's Behalf? — Page 12

Can I See The Court File?
Whom Should I Contact If I Have Questions? — Page 12

## WHY DID I GET THIS NOTICE?

7.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Central District of California (the "Court") because you or someone in your family may have purchased or otherwise acquired IR Securities during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Co-Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.     In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Consolidated Action, the Court has appointed the General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund "Co-Lead Plaintiffs" under a federal law governing lawsuits such as this one, and approved Co-Lead Plaintiffs' selection of the law firms of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio as co-lead counsel (collectively "Co-Lead Counsel") to serve as Co-Lead Counsel in the Consolidated Action.  The Co-Lead Plaintiffs are the Class Representatives.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

9.     The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *In re International Rectifier Corporation Securities Litigation*.  The Judge presiding over this case is the Honorable John F. Walter, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the two plaintiffs are referred to as the Co-Lead Plaintiffs, on behalf of themselves and the Class, and Defendants are IR and the Individual Defendants.

EXHIBIT     C
PAGE     (a3

10.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

11.    The Final Approval Hearing will be held on February 8, 2010, at 1:30 p.m., before the Honorable John F. Walter, at the United States District Court for the Central District of California, the Spring Street Courthouse, 312 North Spring Street, Los Angeles, California 90012-2095 to determine:

    (i)     whether the Court should grant final certification of the Class for purposes of the Settlement;

    (ii)    whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

    (iii)   whether the Settled Claims against Defendants and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement (the "Stipulation");

    (iv)   whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

    (v)    whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Consolidated Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.    Beginning on or about April 17, 2007, plaintiffs filed class actions against IR, Michael P. McGee ("McGee"), Eric Lidow, Alexander Lidow, Matsudo Minoru and James D. Plummer, in the Central District of California, docket numbers CV-072544 JFW (VBKx), and CV-073123 JFW (PJWx), asserting claims under §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. The complaints alleged, inter alia, that the Defendants made false statements and omissions concerning IR's reported financial results, gross margins, sales and business conditions.

14.    By Order dated May 17, 2007, the Central District of California consolidated the actions then before it and all related actions filed thereafter.

15.    On July 23, 2007, the Honorable John F. Walter appointed General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund as Co-Lead Plaintiffs and Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio as Co-Lead Counsel.

16.    On January 14, 2008, Co-Lead Plaintiffs filed a first amended consolidated class action complaint ("First Amended Complaint") asserting claims under §10(b) and §20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against defendants IR, McGee, Alex Lidow, Eric Lidow, Robert Grant, Ivo Jurek and Fumihide Esaka.

17.    On May 23, 2008, the Court dismissed the First Amended Complaint without prejudice.

18.    On October 17, 2008, Co-Lead Plaintiffs filed a second amended consolidated complaint ("Second Amended Complaint") asserting claims under §10(b) and §20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against defendants IR, McGee, Alex Lidow, Eric Lidow and Robert Grant.

19.    On December 31, 2008, the Court granted in part and denied in part defendants' motions to dismiss the Second Amended Complaint, dismissing claims against defendant Robert Grant with prejudice.

20.    Defendants answered the Second Amended Complaint on January 15, 2009.

21.    During the course of the Consolidated Action, Co-Lead Plaintiffs and Defendants conducted

EXHIBIT ____C____
PAGE ____104____

discovery, including but not limited to production to Co-Lead Plaintiffs of more than 2.7 million documents by Defendants and third-parties, and the deposition of three of the Co-Lead Plaintiffs' investment advisors.

22.     On January 7, 2009, the Court entered a pre-trial scheduling order that set certain deadlines for identification of experts and completion of fact and expert discovery, and certain dates for pre-trial conferences and related proceedings and trial.

23.     On March 17, 2009, Co-Lead Plaintiffs filed their motion for class certification. On June 29, 2009, Defendants filed their opposition to class certification.

24.     On April 30, 2009, Co-Lead Plaintiffs, Defendants and Defendants' insurance carriers participated in a mediation with the Honorable Layn R. Phillips (Ret.) in Newport Beach, California. At the in-person mediation, the parties reached impasse, and no settlement was reached. Following the in-person mediation, Judge Phillips continued mediation discussions with the parties in an effort to negotiate a settlement.

25.     On July 29, 2009, after considerable additional negotiation supervised by Judge Phillips, the Settling Parties reached a proposed settlement of the Consolidated Action for $90 million in cash to be paid by IR and the insurance carriers.

26.     On September 25, 2009, the Court preliminarily approved the Settlement, preliminarily certified the Class, authorized this Notice to be sent to potential Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

27.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons and entities who purchased or acquired publicly traded IR Securities during the period from July 31, 2003, through February 11, 2008, inclusive, and suffered damages as a result. "IR Securities" means the common stock of International Rectifier Corporation. Excluded from the Class are: (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of IR during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (see "What If I Do Not Want To Participate In The Class And The Settlement? How Do I Exclude Myself?" below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN FEBRUARY 6, 2010.**

## WHAT ARE THE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

28.     Co-Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit. Co-Lead Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability for allegations of fraud. Co-Lead Plaintiffs and Co-Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

29.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Co-Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Co-Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit now, namely $90 million (less the various deductions described in this Notice), as compared to the risk that the claims in the Complaint would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

30.     Each of the Defendants has denied and continues to deny each and all of the claims alleged by the Co-Lead Plaintiffs in this Consolidated Action. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Consolidated Action. The Defendants also have denied and continue to deny, among

EXHIBIT _C_
PAGE _165_

other things, the allegations that the Lead Plaintiffs or the Class have suffered damage, that the price of IR Securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Co-Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. Nonetheless, the Defendants have concluded that further conduct of the Consolidated Action would be protracted and expensive, and that it is desirable that the Consolidated Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have asserted. Defendants expressly deny that Co-Lead Plaintiffs have asserted a valid claim and deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

31.    If there were no Settlement and Co-Lead Plaintiffs failed to establish any essential legal or factual element of its claims, neither Co-Lead Plaintiffs nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

**I.    THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS**

32.    The $90 million total Settlement Amount, and the interest earned thereon, shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), shall be distributed based on the acceptable Proofs of Claim submitted by members of the Class ("Authorized Claimants"). The Net Settlement Fund will be distributed to Authorized Claimants who submit timely Proof of Claim forms under the Plan of Allocation (the "Plan") described below, or as otherwise ordered by the Court.

33.    Your share of the fund will depend on the total number of IR Securities represented by valid claim forms that members of the Class submit to the Claims Administrator, and the aggregate amount of those claims relative to the Net Settlement Fund, how many IR Securities you held, and when you bought and sold them. A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to these Class Members will be distributed.

34.    For purposes of determining the amount a Claimant may recover under the Plan, Lead Counsel conferred with a damages consultant, and the Plan reflects an assessment of the damages that they believe could have been recovered had Co-Lead Plaintiffs prevailed at trial.

35.    The Defendants have denied and continue to deny, among other things, the characterization that the Co-Lead Plaintiffs or the Class have suffered damages.

36.    The Plan, subject to Court approval or modification without further notice, is as follows:

    (a)    To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's loss, as defined below ("Recognized Loss"). If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants ("pro rata share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants.

    (b)    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based on the per share calculations below multiplied by the number of shares purchased or otherwise acquired by Class Members ("Recognized Loss Formula").

    (c)    The Recognized Loss Formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss Formula is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants.

EXHIBIT     C
PAGE     66

(d)     To calculate the Recognized Loss, Class Period sales must be matched against purchases. To do so, sales of IR common stock will be first matched with any pre-Class Period holdings and then matched with purchases during the Class Period in chronological order ("FIFO Matching"). Sales matched to pre-Class Period purchases shall have no loss or gain for the purpose of calculating Recognized Loss. Any person or entity that sold IR common stock "short" shall have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

(e)     The Recognized Loss for common stock is based on the per share amounts of alleged artificial inflation present in IR's stock price set forth in Table A attached hereto, and the Recognized Loss as calculated below.

(f)     The price per share, purchased or sold, shall be exclusive of all commissions, taxes and fees. The purchase or sale date of any IR stock is the trade date, not the settlement date.

37.     For shares of IR common stock purchased or otherwise acquired on or after July 31, 2003 through and including April 8, 2007, and:

(a)     Sold on or before April 8, 2007, the Recognized Loss per share is $0;

(b)     Sold on or after April 9, 2007, but before the close of trading on February 11, 2008, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or (ii) the Alleged Artificial Inflation at purchase shown on Table A minus the Alleged Artificial Inflation at sale shown on Table A;

(c)     Still held as of the close of business on February 11, 2008, the Recognized Loss per share is the lesser of: (i) the purchase price minus $22.53; or (ii) Alleged Artificial Inflation at purchase as shown on Table A. To clarify, this subsection (c) applies to shares sold after the end of the Class Period, or not sold at all.

38.     For shares of IR common stock purchased or otherwise acquired on or after April 9, 2007 through and including August 29, 2007, and:

(a)     Sold on or before August 29, 2007, the Recognized Loss per share is $0;

(b)     Sold on or after August 30, 2007 but before the close of business on February 11, 2008, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or the (ii) Alleged Artificial Inflation at purchase as shown on Table A minus the Alleged Artificial Inflation at sale as shown on Table A;

(c)     Still held as of the close of business on February 11, 2008, the Recognized Loss per share is the lesser of: (i) the purchase price minus $22.53; and (ii) the Alleged Artificial Inflation at purchase as shown on Table A. To clarify, this subsection (c) applies to shares sold after the end of the Class Period, or not sold at all.

39.     For shares of IR common stock purchased or otherwise acquired on or after August 30, 2007 through and including February 11, 2008, and:

(a)     Sold on or before February 11, 2008, the Recognized Loss per share is $0;

(b)     Still held as of the close of business on February 11, 2008, the Recognized Loss per share is the lesser of: (i) the purchase price minus $22.53; and (ii) the Alleged Artificial Inflation at purchase as shown on Table A. To clarify, this subsection (b) applies to shares sold after the end of the Class Period, or not sold at all.

40.     The calculation of Recognized Loss will net an Authorized Claimant's gains against losses for each FIFO matched purchase and sale. A purchase or sale of IR common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

41.     If an Authorized Claimant had a gain from all transactions in the Recognized Loss calculation as set forth above, the value of the Recognized Claim will be zero.

## II.     DISTRIBUTION OF THE NET SETTLEMENT FUND

42.     The "Recognized Loss" will be used for calculating the relative amount of participation by Authorized Claimants in the Net Settlement Fund and does not reflect the actual amount an Authorized Claimant can expect to recover from the Net Settlement Fund. The combined Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund. In such event, subject to the $10.00 minimum payment requirement discussed above, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Recognized Loss divided by the total of all Recognized Losses to be paid, multiplied by the total amount in the

EXHIBIT ___C___
PAGE ___67___

Net Settlement Fund.

43.     Although short sales will have no Recognized Loss under the Plan of Allocation, any Recognized Gain attributable to such short sales will be used to offset Recognized Losses from other transactions. Furthermore, market gains or losses attributable to short sales will be calculated as part of the market gain or loss calculation.

44.     Payment pursuant to the Plan shall be conclusive against all Claimants. No Person shall have any claim against Lead Counsel, Co-Lead Plaintiffs, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court. All Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the settlement, but will in all other respects be subject to and bound by the terms of the settlement, including the releases.

45.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

46.     The Plan of Allocation set forth herein is the plan that is being proposed by Co-Lead Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

47.     If the Settlement is approved, the Court will enter a judgment (the "Judgment").   The Judgment will dismiss with prejudice the claims against the Defendants and will provide that Co-Lead Plaintiffs and all other Class Members shall be deemed to have – and by operation of the Judgment shall have – fully and finally released, relinquished, waived, discharged, and dismissed each and every Settled Claim (as defined in ¶49 below), including Unknown Claims (as defined in ¶48 below) against the Released Parties (as defined in ¶50 below), and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

48.     "Unknown Claims" means any and all Settled Claims that any Lead Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or the Co-Lead Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to the settlement or not to exclude himself, herself or itself from the Class. With respect to any and all Settled Claims and Defendants' Claims, upon the Effective Date, the Co-Lead Plaintiffs and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Co-Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but which Co-Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Co-Lead Plaintiffs and the Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Defendants' Claims was separately bargained for and was a key element of the Settlement.

49.     "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that Co-Lead Plaintiffs or

EXHIBIT __C__
PAGE __68__

any other member of the Class (a) asserted in the Complaint or (b) could have asserted in any forum, that arise out of, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, and that relate to the purchase or acquisition of IR Securities during the Class Period. Notwithstanding the foregoing, "Settled Claims" does not include the claims asserted in any shareholder derivative cases based on similar allegations, including but not limited to *Mayers v. Lidow et al.*, BC 395652 (Los Angeles Sup. Ct.), or the claims asserted in *City of Sterling Heights Police & Fire Retirement System v. Dahl*, BC397326 (Los Angeles Sup. Ct.); and *Zhao v. International Rectifier Corp.*, BC396461 (Los Angeles Sup. Ct.). Additionally, "Settled Claims" does not include claims relating to the enforcement of the Settlement.

50.     "Released Parties" means:  IR and the Individual Defendants, their agents and attorneys, and IR's current and former officers, directors, employees, insurers and auditors.

51.     The Judgment also will provide that Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every of the Released Parties' Claims (as defined in ¶52 below), and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Co-Lead Plaintiffs, their officers, directors, employees, agents and attorneys, and all other Class Members.

52.     "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Consolidated Action or any forum by the Company, or the Individual Defendants, their agents or attorneys, or the Company's current or former officers, directors or employees against the Co-Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution or settlement of the Consolidated Action (except for claims to enforce the Settlement).

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

53.     Co-Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Co-Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund plus interest at the same rate and for the same time period as earned by the Settlement Fund. At the same time, Co-Lead Counsel also intends to apply for the reimbursement of Litigation Expenses not to exceed $1 million plus interest at the same rate and for the same time period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the expenses of Co-Lead Plaintiffs in accordance with 15 U.S.C. §78u-4(a)(4).

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

54.     If you purchased or otherwise acquired publicly traded IR Securities during the period between July 31, 2003, through February 11, 2008, inclusive, and were damaged thereby, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator to request that a Claim Form be mailed to you. The website is www.IRFSettlement.com. You may also request a Claim Form by calling toll-free 1 (888) 685-7768. Copies of the Claim Form can also be downloaded from Co-Lead Counsel's websites at www.blbglaw.com or www.bermandevalerio.com. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation will not be eligible to share in the Settlement. Please retain all records of your ownership of, or transactions in IR Securities, as they may be needed to document your Claim.

55.     As a Class Member, you are represented by Co-Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court

EXHIBIT    C
PAGE    69

Decide Whether to Approve the Settlement?," below.

56.    If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement? How Do I Exclude Myself?" below.

57.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

58.    Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Class, addressed to: *In re International Rectifier Corp. Securities Litigation,* c/o The Garden City Group, Inc., P.O. Box 9533, Dublin, OH 43017-4833. The exclusion request must be *received* no later than January 25, 2010. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity requests exclusion from the Class in *In re International Rectifier Corp. Securities Litigation,* CV 07-02544; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of IR Securities during the Class Period. Requests for exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.

59.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Settled Claims.

60.    If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

61.    If Class Members who purchased or acquired more than a certain number of shares of IR common stock during the Class Period choose to exclude themselves from the Class, as set forth in a separate supplemental agreement between Co-Lead Plaintiffs and Defendants (the "Supplemental Agreement"), IR shall have, in its sole and absolute discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

62.    If you do not wish to object in person to the proposed Settlement, proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.

63.    The Final Approval Hearing will be held on February 8, 2010, at 1:30 p.m. before the Honorable John F. Walter, at 312 North Spring Street, Los Angeles, California 90012-2095. The Court reserves the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses at or after the Final Approval Hearing without further notice to the Class Members.

64.    Any Class Member who does not request exclusion *received* no later than January 25, 2010, may object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other papers (including proof of all purchases or acquisitions of IR Securities during the Class Period) and briefs, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before January 25, 2010. You must also serve the papers on Co-Lead Counsel for the Class and counsel for Defendants at the addresses set forth below so that the papers are *received* on or before January 25, 2010.

EXHIBIT   C
PAGE   70

**Clerk's Office**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Clerk of the Court
312 North Spring Street
Los Angeles, California 90012-2095

**Lead Counsel for the Class**

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582

BERMAN DeVALERIO
Nicole Lavallee
425 California Street, Suite 2100
San Francisco, CA 94104

**Counsel for Defendants**

SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP
John P. Stigi III
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

SULLIVAN & CROMWELL LLP
Robert A. Sacks
1888 Century Park East
Los Angeles, CA 90067

LATHAM & WATKINS
Pamela S. Palmer
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626

GIBSON DUNN & CRUTCHER LLP
Joel A. Feuer
2029 Century Park East
Los Angeles, CA 90067

65.    The filing must demonstrate your membership in the Class, including the number of shares of IR Securities purchased or otherwise acquired or sold during the Class Period and the price(s) paid and received. You may not object to the Settlement or any aspect of it, if you are not a Class Member or if you excluded yourself from the Class.

66.    You may file a written objection without having to appear at the Final Approval Hearing. Any objection must include:  (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in IR Securities, including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, to the Plan of Allocation or to the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

67.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before January 25, 2010, concerning your intention to appear. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

68.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before January 25, 2010.

QUESTIONS? CALL TOLL FREE 1 (888) 685-7768 OR VISIT WWW.IRFSETTLEMENT.COM

EXHIBIT __C__
PAGE __71__

69.    The Final Approval Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION, OR CO-LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES. CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

70.    If you purchased or otherwise acquired IR Securities during the Class Period for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such IR Securities, postmarked no later than fourteen (14) days after you receive this Notice, or (ii) provide the names and addresses of such persons no later than fourteen (14) days after you receive this Notice to: *In re International Rectifier Corp. Securities Litigation,* c/o The Garden City Group, Inc., P.O. Box 9533, Dublin OH 43017-4833. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling toll-free 1 (888) 685-7768, may be downloaded from the settlement website, www.IRFSettlement.com, or from Co-Lead Counsel's websites, www.blbglaw.com or www.bermandevalerio.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

71.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Consolidated Action is available at www.IRFSettlement.com, including, among other documents, copies of the Stipulation, Claim Form, the Complaint, and certain Court Orders.

72.    All inquiries concerning this Notice or the Claim Form should be directed to:

| | | |
|---|---|---|
| *In re International Rectifier Corp. Securities Litigation* c/o The Garden City Group, Inc. P.O. Box 9533 Dublin OH 43017-4833 (888) 685-7768 **Claims Administrator** | Niki L. Mendoza, Esq. BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP 12481 High Bluff Drive, Suite 300 San Diego, California 92130-3582 (888) 924-1888 blbg@blbglaw.com **Co-Lead Counsel** | **OR** Nicole Lavallee BERMAN DeVALERIO 425 California Street, Suite 2100 San Francisco, CA 94104 (415) 433-3200 **Co-Lead Counsel** |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: September 25, 2009

By Order of the Clerk of Court
United States District Court
for the Central District of California

### Table A

| Date Range | | | Artificial Inflation |
|---|---|---|---|
| 7/31/03 | to | 1/29/04 | $0.66 |
| 1/30/04 | to | 7/29/04 | $2.34 |
| 7/30/04 | to | 4/27/06 | $4.56 |
| 4/28/06 | to | 4/08/07 | $7.31 |
| 4/09/07 | to | 8/29/07 | $4.75 |
| 8/30/07 | to | 2/11/08 | $1.08 |
| | | 2/12/08 | $0.00 |

QUESTIONS? CALL TOLL FREE 1 (888) 685-7768 OR VISIT www.IRFSETTLEMENT.COM

**EXHIBIT**    C
**PAGE**    72

<table>
<tr><td>
**Must be Postmarked<br>No Later Than<br>February 6, 2010**
</td><td>
*In re International Rectifier Corp. Securities Litigation*<br>c/o The Garden City Group, Inc.<br>P.O. Box 9533<br>Dublin OH 43017-4833<br>Toll-Free: 1 (888) 685-7768
</td><td>
IRF<br>
</td></tr>
</table>

Claim Number:          Control Number:

# PROOF OF CLAIM FORM AND RELEASE

**YOU MUST COMPLETE THIS PROOF OF CLAIM FORM AND RELEASE BY FEBRUARY 6, 2010 TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| SECTION A - CLAIMANT INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2 |  |
| SECTION B - TRANSACTIONS IN INTERNATIONAL RECTIFIER SECURITIES . . . . . . . . . . . . . . . . . . .3 |  |
| SECTION C - RELEASE OF CLAIMS AND SIGNATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4 |  |
| REMINDER CHECKLIST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7 |  |

---

> **IMPORTANT:** Before Completing This Proof of Claim Form and Release,
> Please Carefully Read the Enclosed Instruction Sheet.

**QUESTIONS? PLEASE CALL 1 (888) 685-7768 OR VISIT WWW.IRFSETTLEMENT.COM**

EXHIBIT _C_
PAGE _73_

2



| SECTION A - CLAIMANT INFORMATION |
|---|

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Last 4 digits of Claimant Social Security Number/Taxpayer ID Number:**

**Record Owner's Name** (if different from Claimant listed above):

Check appropriate box (check only one box):

☐ Individual/Sole Proprietor        ☐ Joint Owners        ☐ Pension Plan

☐ Corporation        ☐ Partnership        ☐ Trust

☐ IRA        ☐ Other (describe:_____)

**Name of the Person you would like the Claims Administrator to Contact Regarding This Claim** (if different from the Claimant Name(s) listed above):

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you <u>MUST</u> notify the Claims Administrator in writing at the address above.

**Street Address:**

| City: | State and Zip Code: | Country (Other than U.S.): |
|---|---|---|

**Daytime Telephone Number:** (    )    -        **Evening Telephone Number:** (    )    -

**Email Address:**

*(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

NOTE:  Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (*e.g.*, a Corporation with multiple brokerage accounts should include all transactions in International Rectifier Securities) during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions, whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1 (888) 685-7768, or visit their website at **www.IRFSettlement.com**, to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**EXHIBIT** _C_
**PAGE** _74_

3

## SECTION B - TRANSACTIONS IN INTERNATIONAL RECTIFIER SECURITIES

1.   **BEGINNING HOLDINGS:** State the number of shares of International Rectifier common stock the Claimant owned at the close of trading on **July 30, 2003**. If none, write "zero" or "0". If other than zero, be sure to attach the required documentation.

2.   **PURCHASES:** List all purchases of International Rectifier common stock made between **July 31, 2003** and **February 11, 2008**, inclusive. (NOTE: If you acquired your International Rectifier common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page). Be sure to attach the required documentation.

| Date(s) of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | | Total Purchase/Acquisition Price (excluding commissions, taxes or other fees) | |
|---|---|---|---|---|---|
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |

3.   **SALES:** List all sales of International Rectifier common stock made between **July 31, 2003** and **February 11, 2008**, inclusive. Be sure to attach the required documentation.

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | | Total Sale Price (excluding commissions, taxes or other fees) | |
|---|---|---|---|---|---|
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |
| / / | | $ | . | $ | . |

4.   **UNSOLD HOLDINGS:** State the number of shares of International Rectifier common stock the Claimant owned at the close of trading on **February 11, 2008**. Be sure to attach the required documentation.

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU <u>MUST</u> PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❑
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

EXHIBIT    C
PAGE    75

4    

## SECTION C - RELEASE OF CLAIMS AND SIGNATURE

### Definitions

"Effective Date," as defined in the Stipulation, means the date on which all of the following shall have occurred: (i) IR no longer has any right to terminate the Stipulation as provided in the Stipulation, or if IR does have such right, it has given written notice to Co-Lead Counsel that it will not exercise such right; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has approved the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv) the Court has approved the settlement and entered the Judgment; and (v) the Judgment has become Final.

"Judgment" means an order of judgment and dismissal approving the settlement to be rendered by the Court.

"Defendants" means International Rectifier and Alexander Lidow, Eric Lidow, and Michael P. McGee ("Individual Defendants").

"Released Parties" means IR and the Individual Defendants, their agents and attorneys, and the Company's current and former officers, directors, employees, insurers and auditors.

"Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that Co-Lead Plaintiffs or any other member of the Class (a) asserted in the Complaint or (b) could have asserted in any forum, that arise out of, are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the Complaint, and that relate to the purchase or acquisition of IR Securities during the Class Period. Notwithstanding the foregoing, "Settled Claims" does not include the claims asserted in any shareholder derivative cases based on similar allegations, including but not limited to *Mayers v. Lidow, et al.*, BC 395652 (Los Angeles Super. Ct.), or the claims asserted in *City of Sterling Heights Police & Fire Retirement System v. Dahl*, BC397326 (Los Angeles Super. Ct.); and *Zhao v. International Rectifier Corp.*, BC396461 (Los Angeles Super. Ct.). Additionally, "Settled Claims" does not include claims relating to the enforcement of the Settlement.

"Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Consolidated Action or any forum by the Company, or the Individual Defendants, their agents or attorneys, or the Company's current or former officers, directors or employees against the Co-Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution or settlement of the Consolidated Action (except for claims to enforce the Settlement).

"Class" means all persons or entities (and their beneficiaries) who purchased or acquired the publicly traded securities of International Rectifier Corporation ("IR Securities") from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result. Excluded from the Class are: (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of the Company during the Class Period; (iv) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any excluded parties; and (v) any firm, trust, corporation, officer or other entity in which any Defendant has a controlling interest. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

"Unknown Claims" means any and all Settled Claims that any Co-Lead Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or the Co-Lead Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this settlement or not exclude himself, herself or itself from the Class. With respect to any and all Settled Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, the Co-Lead Plaintiffs and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall

EXHIBIT ___C___
PAGE ___76___

5



have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Co-Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Co-Lead Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Co-Lead Plaintiffs and the Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

**The Release**

I (We) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Settled Claims (including Unknown Claims) against each and all of the Released Parties, whether or not a Proof of Claim Form is executed and delivered by, or on behalf of, such Class Member.

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim Form and Release, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim Form under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Consolidated Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of International Rectifier Securities during the Class Period and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish and discharge all Settled Claims (including Unknown Claims) against each and all the "Released Parties," defined as IR and the Individual Defendants, their agents and attorneys, and IR's current and former officers, directors, employees and auditors.

1.    that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice;

2.    that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in International Rectifier Securities;

EXHIBIT ____C____
PAGE ____77____

6    

3.  that I (we) own(ed) the International Rectifier Securities identified in the Proof of Claim Form, or that, in signing and submitting this Proof of Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.  that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

5.  that I (we) agree to furnish such additional information with respect to this Proof of Claim Form as the parties, the Claims Administrator or the Court may require;

6.  that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim Form;

7.  that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

8.  that I (we) have included information about all of my (our) transactions in International Rectifier Securities which occurred during the Class Period; and

9.  that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE:** If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim Form are true and correct and that the documents submitted herewith are true and genuine.

_____     _____
Signature of Claimant                                                            Date

_____
Print Name of Claimant

_____     _____
Signature of Joint Claimant, if any                                           Date

_____
Print Name of Joint Claimant

*If Claimant is other than an individual, or is not the person completing this form,*
*the following also must be provided:*

_____     _____
Signature of Person Completing Form                                     Date

_____
Print Name of Person Completing Form

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

EXHIBIT __C__
PAGE __78__

7    

## ACCURATE CLAIM PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

### REMINDER CHECKLIST

1.    Please sign the Certification Section of the Proof of Claim Form and Release on page 6.

2.    If this Claim is being made on behalf of Joint Claimants, both must sign.

3.    You must attach supporting documentation for all your transactions.

4.    Remember to attach only copies of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.

5.    **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

6.    Keep copies of the completed Proof of Claim Form and Release and all documentation submitted for your records.

7.    The Claims Administrator will acknowledge receipt of your Proof of Claim Form and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard.  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1 (888) 685-7768.

8.    If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

9.    Do not use highlighter on the Proof of Claim Form and Release or supporting documentation.

10.    If you have any questions or concerns regarding your claim, please contact the Claims Administrator at: **1 (888) 685-7768.**

THIS PROOF OF CLAIM FORM AND RELEASE MUST BE POSTMARKED NO LATER THAN **FEBRUARY 6, 2010** AND MUST BE MAILED TO:

*In re International Rectifier Corp. Securities Litigation*
c/o The Garden City Group, Inc.
P.O. Box 9533
Dublin OH 43017-4833

EXHIBIT    *C*
PAGE    *79*

## INSTRUCTIONS FOR COMPLETING THE
## PROOF OF CLAIM FORM AND RELEASE TO PARTICIPATE IN THE
## INTERNATIONAL RECTIFIER CORP. SECURITIES LITIGATION

*IMPORTANT: PLEASE READ THE ACCOMPANYING SETTLEMENT NOTICE AND THESE INSTRUCTIONS CAREFULLY.*

## GENERAL INSTRUCTIONS

1.  To be eligible to recover as a member of the Class based on your claims in the action entitled *In re International Rectifier Corporation Securities Litigation,* Case No. CV 07-02544-JFW (VBKx) (the "Consolidated Action"), you must complete and, on page 6 thereof, sign the Proof of Claim Form. If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Consolidated Action.

2.  Submission of the Proof of Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Consolidated Action.

3.  **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE FEBRUARY 6, 2010 TO:**

    *In re International Rectifier Corp. Securities Litigation*
    c/o The Garden City Group, Inc.
    P.O. Box 9533
    Dublin OH 43017-4833

    If you are NOT a member of the Class (as defined below and in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice")), **DO NOT** submit a Proof of Claim Form.

4.  If you are a member of the Class and you do not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Consolidated Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## I.    CLAIMANT IDENTIFICATION

If you purchased or acquired publicly-traded International Rectifier ("IR") Securities, and held documents evidencing these transactions (*i.e.,* stock certificate(s), etc.) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or acquired IR Securities and the transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Section A of the Proof of Claim Form – entitled "Claimant Information" – to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of IR Securities which forms the basis of this claim. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE INTERNATIONAL RECTIFIER SECURITIES UPON WHICH THIS CLAIM IS BASED.**

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim

EXHIBIT ___C___
PAGE ___80___

and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## II.    CLAIM FORM

Use Section B of the Proof of Claim and Release – entitled "Transactions in International Rectifier Securities" – to supply all required details of your transaction(s) in International Rectifier Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of IR Securities which took place at any time during the Class Period, whether such transactions resulted in a profit or loss.  Failure to report all requested information may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of International Rectifier Securities.  The date of a "short sale" is deemed to be the date of sale of International Rectifier Securities.

Copies of broker confirmations or other documentation of your transactions in International Rectifier Securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

EXHIBIT ___C___
PAGE ___81___

# EXHIBIT B

EXHIBIT ___C___

PAGE ___82___

# INVESTOR'S BUSINESS DAILY

### Affidavit of Publication

Name of Publication:   Investor's Business Daily
Address:               12655 Beatrice Street
City, State, Zip:      Los Angeles, CA 90066
Phone #:               310.448.6700
State of:              California
County of:             Los Angeles

I, __Dianna Park__ for the publisher of __Investor's Business Daily__, published in the city of __Los Angeles__, state of California, county of __Los Angeles__ hereby certify that the attached notice(s) for __The Garden City Group, Inc.__ was printed in said publication on the following date(s):

**OCTOBER 20, 2009**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __20th__ day of __OCTOBER__, 20__09__, by

_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



EXHIBIT ___C___
PAGE ___83___

TUESDAY, OCTOBER 20, 2009    **B11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx) |
| --- | --- |

## SUMMARY NOTICE

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED INTERNATIONAL RECTIFIER CORPORATION SECURITIES BETWEEN JULY 31, 2003, THROUGH FEBRUARY 11, 2008, INCLUSIVE, AND WERE DAMAGED THEREBY:

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action, and that the plaintiffs, on behalf of themselves and the Class, have reached a proposed settlement with International Rectifier Corporation ("IR"), and Alex Lidow, Eric Lidow, and Michael P. McGee (collectively, "Defendants"), valued at $90 million plus interest thereon. A hearing will be held before the Honorable John F. Walter at the United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 16, Los Angeles, CA 90012-2095 at 1:30 p.m. on February 8, 2010, to determine: (1) whether the Court should grant final certification of the Class for purposes of the Settlement; (2) whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (3) whether a final judgment and order of dismissal with prejudice should be entered by the Court dismissing the Consolidated Action with prejudice; (4) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved in connection with this Settlement; and (5) whether the application of Co-Lead Counsel for attorneys' fees and Litigation Expenses should be approved.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the: (1) Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"); and (2) Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting:

In re International Rectifier Corp. Securities Litigation
c/o The Garden City Group, Inc.
P.O. Box 9533, Dublin, OH 43017-4833
(888) 685-7768

Copies of the Notice and Claim Form may also be downloaded from: www.IRFSettlement.com or www.blbglaw.com or www.bermandevalerio.com. If you are a Class Member, in order to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form no later than February 6, 2010, establishing that you are entitled to a recovery. You will be bound by any judgment entered in the Consolidated Action whether or not you make a Claim.

If you desire to be excluded from the Class, you must submit a request for exclusion to be received by January 25, 2010, in the manner and form explained in the Notice. All Class Members who do not timely request exclusion from the Class will be bound by any judgment entered in the Consolidated Action.

Any objection to the proposed Settlement, Plan of Allocation or application for attorneys' fees and payment of Litigation Expenses must be filed with the Court and be received by counsel for the parties no later than January 25, 2010, in the manner and form set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice and Claim Form, may be made to Co-Lead Counsel:

| Niki L. Mendoza | OR | Nicole Lavallee |
| --- | --- | --- |
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | | BERMAN DeVALERIO |
| 12481 High Bluff Drive, Suite 300 | | 425 California Street, Suite 2100 |
| San Diego, CA 92130 | | San Francisco, CA 94104-2205 |
| Tel: 888-924-1888 | | Tel: 415-433-3200 |

Dated: September 25, 2009

By Order of the Clerk of the Court
United States District Court
for the Central District of California

| | | |
| --- | --- | --- |
| an Rate: ............................2.00 short-term loans to broker-ed by securities. | 1 year............................1.64 Interest rate paid by dealers for certificates of deposit based on the duration of the security. | 6 months............................0.59 1 year............................1.25 The average of rates paid on dollar deposits |
| Target Rate: ............0.00-0.25 int loans among financial | Jumbo CDs: 1 month............................0.54 3 months............................0.67 6 months............................1.21 1 year............................1.37 | Treasury Bill Auction Results: 3-months (as of Oct. 19) ............0.06 6-months (as of Oct. 19) ............0.17 Average discount rate for Treasury bills in minimum units on $10,000. |
| Deposit: ............................0.53 ............................0.81 ............................1.17 | London Interbank Offered Rate: 3 months ............................0.28 | Treasury Bill: 1-year, (as of Oct. 19) ............0.36 Annualized rate on weekly average basis, yield adjusted for constant maturity. |

EXHIBIT    C
PAGE    84

# EXHIBIT C

EXHIBIT ___C___
PAGE ___85___

# *In re International Rectifier Corporation Securities Litigation*
## Requests for Exclusion Received as of January 6, 2010

| # | GCG ID # | Name |
|---|----------|------|
| 1 | 1018754 | STEVEN WEE |
| 2 | 1071928 | TYLER G MERCER |
| 3 | 1073596 | ELIZABETH A ARMATO |
| 4 | 1128139 | CATHERINE A MENNING |
| 5 | 1133179 | C JANET WEEKS |
| 6 | 1167507 1167882 1167883 | MARY A PECK AND WILLIAM C PECK |

EXHIBIT ___C___
PAGE ___86___