Darrell Palmer (SBN 125147)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email:  darrell.palmer@cox.net

Edward F. Siegel (pro hac vice to be applied for)
27600 Chagrin Blvd., Suite 340
Cleveland OH 44122
Telephone (216) 831-3424
Facsimile: (216) 831-6584
Email: efsiegel@efs-law.com

Edward W. Cochran
(Ohio Bar no. 0032942)
20030 Marchmont Rd.
Cleveland Ohio 44122
Tel:    (216) 751-5546
Fax:    (216) 751-6630
Email: edwardcochran@wowway.com

Attorneys for Objector Carfagna

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: International Rectifier Corporation Securities Litigation** ) ) ) ) ) ) | **CASE NO. CV07-02544-JFW (VBKx)** <br><br> **OBJECTIONS TO CLASS COUNSELS' FEE REQUEST** |

  COMES NOW Cascia II, LLC ("Objector") by and through the undersigned counsel, and hereby files these Objections to the proposed Fee Request filed by Class Counsel and, in support thereof, states as follows:

/ / /

/ / /

Objections to Class Action Settlement

1

**PROOF OF MEMBERSHIP IN CLASS**

Attached hereto as an Exhibit is an affidavit from the Objector indicating his membership in the Class.

**NOTICE OF INTENT TO APPEAR**

Objector hereby gives notice that he intends to appear, through the undersigned counsel, at the Fairness Hearing currently scheduled for February 8, 2010 at 1:30 PM before the Honorable John F. Walter at 312 North Spring Street, Los Angeles, California 90012.

**OBJECTIONS**

The Proposed Settlement Agreement is not fair reasonable or adequate for a variety of reasons. Chief among these is the request by Class Counsel for a fee of up to twenty-five (25%) of the Settlement Fund plus interest plus litigation-related expenses of up to $1 million plus interest. The latter request is outrageous. Class Counsel is asking for interest on out of pocket expenses. This is akin to asking for interest on amounts expended for filing fees or expert reports. It should not be allowed!

The Settlement Fund consists of $90 million and class Counsel should not be awarded more than 20% of the Fund (without any interest) for all its fees and expenses. Even this sum, which would be over $18 Million, would reward Class Counsel handsomely for their services. According to the study by the consulting firm of Logan, Moshman and Moore which analyzed over 1100 Common Fund cases, the average award for **fees and expenses** in Class Action cases whose settlements were valued between $75 and $100 million was 20.9 percent. Stuart J. Logan, Jack Moshman and Beverly C. Moore, Jr., *Attorney Fee Awards in Common Fund Class Actions,* 24 Class Action Rep. 169 (2003). A copy of the executive summary from such study is attached hereto as Exhibit A.

2. **<u>VIOLATION OF FED. R. CIV. P. 23(h)</u>**

The Notice provided that any objections to the Settlement were to be filed on or before January 25, 2010. However, the fee petition was filed on January 19, 2010 which allowed Class Members less than one (1) week to respond before the deadline set forth in the Notice. This is insufficient time in which to thoroughly review said petition and file a response thereto. Under Fed. R. Civ. P 23(h), each class member has a period of time as set forth in the Local Rules in which to respond to the Motion for Fees.

Fed.R.Civ.P. Rule 23(h) provides:

(h) Attorney's Fees and Nontaxable Costs.

In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

(1) A claim for an award must be <u>made by motion</u> under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. <u>Notice of the motion must be</u> served on all parties and, for motions by class counsel, <u>directed to class members in a reasonable manner.</u>

(2) <u>A class member</u>, or a party from whom payment is sought, <u>may object</u> to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D) (emphasis added).

This Rule has three elements or conditions precedent to having a hearing on a fee request: 1) the request for fees must be by motion; 2) notice of the motion must be directed to class members in a reasonable manner; and 3) class members must have an opportunity to object. Although it is questionable whether or not the Notice of the motion has been directed to the Class members in a reasonable manner, Objector hereby reserves the right to file a response to the Motion by way of Supplemental Objections.

According to Local Rule 6-1, a Motion must be filed not less than 28 days prior to the designated hearing date.  The hearing date on this motion is the same date as the Fairness hearing, February 8, 2010.  This Motion was filed only 20 days before the hearing date and therefore is not within the rule.  The response to the Motion was due 21 days before the Hearing date (Local Rule 7-9) which is the day **before** the Motion was filed.  Clearly, no response to the Motion could have been made before the Motion was even filed.  This is illogical and clearly impossible.  Therefore, Objector reserves the right to file Supplemental Objections to the Motion, and requests that the Court allow it until February 1, 2010 to file such Supplement Objections.

3.   Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections.

4.   The Class members have a legally protectable interest in this litigation.  That interest will be impacted by the proposed settlement agreement, particularly the legal fees that are proposed to be paid.

WHEREFORE, Objector respectfully requests that this Court:

A.    Upon proper hearing, sustain these Objections;

B.    Continue the issue of attorneys' fees and expense reimbursement for a subsequent hearing;

C.    Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and

Objections to Class Action Settlement

4

unreasonableness of the Settlement and the requested attorneys' fees and expenses.

                                Respectfully submitted,

Dated: January 25, 2010                 ___/s/ Darrell Palmer_____

                                Darrell Palmer

                                ___/s/_ Edward F. Siegel_____

                                Edward F. Siegel

                                ___/s/__ Edward W. Cochran_____

                                Edward W. Cochran


                                Attorneys for Objector Cascia II Ltd.


## CERTIFICATE OF SERVICE

     The foregoing objections were filed with the Court's electronic system on January 25, 2010 and were by such system filed on all other counsel of record.

                                _/s/ Darrell Palmer_____
                                Darrell Palmer