BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
NIKI L. MENDOZA (Bar No. 214646)
(nikim@blbglaw.com)
BENJAMIN GALDSTON (Bar No. 211114)
(beng@blbglaw.com)
JON F. WORM (Bar No. 248260)
(jonw@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

BERMAN DeVALERIO
JOSEPH J. TABACCO, JR. (Bar No. 75484)
(jtabacco@bermandevalerio.com)
NICOLE LAVALLEE (Bar No. 165755)
(nlavallee@bermandevalerio.com)
KRISTIN J. MOODY (Bar No. 206326)
(kmoody@bermandevalerio.com)
JULIE J. BAI (Bar No. 227047)
(jbai@bermandevalerio.com)
One California Street, Suite 900
San Francisco, CA 94111
Tel:   (415) 433-3200
Fax:  (415) 433-6382

*Attorneys for Co-Lead Plaintiffs General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx)<br><br>LEAD PLAINTIFFS' REPLY AND NOTICE OF NON-OPPOSITION IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES<br><br>Date: February 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 16 |

The Court-appointed Lead Plaintiffs, the General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund (collectively, "Lead Plaintiffs"), respectfully submit this Reply in further support of (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation [Dkt. No. 298], and (2) Lead Counsel's Application for Attorneys' Fees and Expenses [Dkt. No. 299], both filed on January 19, 2010 (collectively "Lead Plaintiffs' Motions").

Pursuant to the Court's September 25, 2009 Order Preliminarily Approving Settlement [Dkt. No. 293], beginning on October 9, 2009, more than 208,000 copies of the Court-approved Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") were mailed to potential Class Members. The Notice advised Class Members of the $90 million cash Settlement, the proposed Plan of Allocation and the request for an award of attorneys' fees and reimbursement of litigation expenses. The Notice further advised Class Members of the deadline for requesting exclusion from the Class, or submitting objections to the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and reimbursement of expenses.

On, January 19, 2010, pursuant to the Court's Preliminary Approval Order, Lead Plaintiffs filed their motion for final approval of the Settlement and Plan of Allocation and Lead Counsel's fee application. Following the filing of Lead Plaintiffs' Motions and the expiration of the January 25, 2010 deadline for filing objections, the Class's overwhelming support for the Settlement, the Plan of Allocation and the fee application remains beyond question. ***There is not a single objection to the Settlement, the Plan of Allocation, or the fee application***.[1]

---

[1] One objection to the fee request was initially filed which failed to demonstrate that the objector was a Class Member [Dkt. No. 304]. Shortly following the

-1-    REPLY IN SUPPORT OF SETTLEMENT
Case No. CV 07-02544-JFW (VBKx)

Indeed, the Settlement, Plan of Allocation and fee application are supported by the Court-appointed Lead Plaintiffs, two sophisticated institutional investors who supervised the prosecution of this case. Further, only 7 exclusion requests have been received, and none is from an institutional or major shareholder.[2] Moreover, while the deadline for submitting claims does not expire until February 6, 2010, the claims administrator has already received over 7,500 claims representing a total of approximately 77 million shares purchased during the Class Period. The dearth of objections and exclusion requests – as well as the strong Class participation – are a testament to the fairness, reasonableness and adequacy of the Settlement, Plan of Allocation and fee application, and demonstrate the Class's unmitigated approval.

## I. THE SETTLEMENT AND PLAN OF ALLOCATION ARE FAIR AND REASONABLE AND SHOULD BE APPROVED

Following over two years of litigation and extensive arm's-length settlement negotiations overseen by the mediator, the Honorable Layn R. Phillips (Ret.), and just six months prior to trial, Lead Counsel succeeded in reaching a proposed settlement for $90 million in cash. For the reasons explained in Lead Plaintiffs' previously-filed Settlement Brief, Lead Counsel's Joint Declaration, and Lead Plaintiffs' Declaration, Lead Plaintiffs and Lead Counsel submit that the $90

---

issuance of subpoenas for deposition on the objector, the objector's counsel contacted Lead Counsel and informed them that his client wished to withdraw the objection. Counsel for the objector thus informed Lead Counsel that his objection is being unconditionally withdrawn, and that the unopposed motion to withdraw the objection was filed with the Court on February 1, 2010 [Dkt. No. 307]. No compensation or consideration of any kind was paid or promised to counsel for the objector or his co-counsel or their client in connection with the withdrawal of the objection in this matter. *See* Declaration of Benjamin Galdston in Support of Final Approval of the Settlement, Plan of Allocation and Fee Application.

[2] Those who requested exclusion are listed on Exhibit 1 to the [Proposed] Final Judgment And Order Of Dismissal With Prejudice previously submitted to the Court on January 27, 2010.

million cash Settlement provides an excellent recovery and is in the best interests of the Class.[3]

In addition, Judge Phillips, a well-respected mediator, agrees that the Settlement represents the result of an arms'-length negotiation by very experienced and informed counsel and, based on his knowledge and evaluation of the merits of the claims and defenses, agrees that the settlement is a fair and reasonable outcome for all parties involved. *See* Declaration of Layn R. Phillips ("Phillips Decl."), ¶2, attached as Ex. B to the Joint Decl.

As explained in the Settlement Brief and the Declaration of Howard J. Mulcahey, attached as Ex. D to the Joint Declaration, the proposed Plan of Allocation is also fair and reasonable to Class Members.

Accordingly, because the Settlement and the Plan of Allocation are fair and reasonable and there are no objections, Lead Plaintiffs respectfully request that they be approved.

## II. THE FEE APPLICATION WARRANTS COURT APPROVAL

Courts in this Circuit consider the following factors when evaluating a fee application in connection with a common fund settlement: (1) the results achieved; (2) the risks of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and financial burden carried by the plaintiffs; (5) awards made in similar cases; (6) the reaction of the class to the proposed fee and

---

[3] "Settlement Brief" refers to Lead Plaintiffs' Memorandum Of Law In Support Of Lead Plaintiffs' Motion For Final Approval Of Class Action Settlement And Approval Of Plan Of Allocation; "Joint Declaration" refers to the Joint Declaration Of Blair A. Nicholas And Nicole Lavallee In Support Of Motion For Final Approval Of Settlement And Plan Of Allocation, And Motion For An Award Of Attorneys' Fees And Reimbursement Of Expenses; and "Lead Plaintiffs' Declaration" refers to the Joint Declaration Of Walter Stampor And Barry C. McAnarney In Support Of Class Action Settlement, attached as Exhibit ("Ex.") A to the Joint Declaration.

expense request; and (7) the amount of a lodestar cross-check. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re Omnivision Techs., Inc.,* 559 F. Supp. 2d 1036, 1046-48 (N.D. Cal. 2008).  As discussed in Lead Counsel's Fee Brief and Joint Declaration, application of these factors here confirms that the 25% fee is well justified.[4]  The substantial monetary recovery obtained for the Class was achieved only after over two years of hard-fought litigation and just six months prior to trial, through the skill, work, tenacity, and effective advocacy of Lead Counsel.  Lead Counsel's efforts included:  (i) conducting an extensive pre-filing investigation; (ii) locating and interviewing numerous former International Rectifier Corporation ("IRF") employees and additional witnesses; (iii) completing an extensive review and analysis of IRF's Securities and Exchange Commission ("SEC") filings and other documents related to the alleged false and misleading statements as alleged in the Complaint, including analyst reports and press releases; (iv) preparing and filing the detailed amended consolidated complaint and the Second Amended Complaint; (v) opposing Defendants' successive motions to dismiss; (vi) retaining and consulting with experts; (vii) reviewing and analyzing over 2.6 million pages of documents produced by Defendants and third parties; (viii) briefing class certification and participating in depositions related thereto; (ix) preparing for numerous merits and expert depositions; and (x) preparing for and participating in an in-person mediation session and subsequent settlement discussions before a former federal judge and experienced mediator.  *See* Joint Decl. ¶¶27-84; *see also* Phillips Decl.

Lead Counsel undertook the prosecution of this action on an entirely contingent basis.  As compensation for the efforts expended to achieve the

---

[4] "Fee Brief" refers to the Memorandum Of Law In Support Of Lead Counsel's Application For Attorneys' Fees And Reimbursement Of Litigation Expenses, previously filed with the Court.

recovery for the Class, Lead Counsel is applying for fees constituting 25% of the Settlement Fund, and for reimbursement of $680,339.03 in out-of-pocket expenses, plus interest at the same rate as earned by the Settlement Fund.[5] The percentage fee requested was agreed to and approved by Lead Plaintiffs, both sophisticated institutional investor with experience in prosecuting securities class actions under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Lead Plaintiffs Decl., ¶¶15-18.

Indeed, the Ninth Circuit has recognized that the fee percentage requested here – 25% of the fund – is the "benchmark" award in common fund cases." *See Vizcaino,* 290 F.3d at 1047 (citing *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268 (9th Cir. 1989)); *see also Glass v. UBS Finan. Servs., Inc.,* 331 Fed. Appx. 452, 457 (9th Cir. 2009). The fee requested here is reasonable in the circumstances of this case, and is well within the normal range of awards made in contingency fee class actions within this Circuit and throughout the United States. *See, e.g.*, *Omnivision,* 559 F. Supp. 2d at 1047 (approving 28% fee award in securities class action) (citing *In re Activision Sec. Litig.,* 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (surveying securities cases nationwide and noting, "This court's review of recent reported cases discloses that nearly all common fund awards range around 30%")); *see also In re THQ, Inc. Sec. Litig.,* Master File No. CV-00-01783 (C.D. Cal.) (Walter, J.), Order Awarding Lead Counsel's Attorneys' Fees And Reimbursement Of Expenses filed June 30, 2003, Docket No. 128 (granting fees equaling 30% of the settlement amount in a securities class action); *In re CV Therapeutics, Inc. Sec. Litig.*, 2007 WL 1033478 (N.D. Cal. Apr. 4, 2007)

---

[5] Courts commonly award interest on the attorneys' fees and expenses at the same rate and for the same time as earned by the Settlement Fund. *See, e.g., In re Cendant Corp. Litig.*, 243 F. Supp. 2d 166, 174 (D.N.J. 2003) (finding no "principled reason" why the interest on the fee portion of the settlement fund should be awarded to anyone other than Lead Counsel).

(approving 30% fee award in securities class action); *In re Informix Corp. Sec. Litig.,* 1999 U.S. Dist. LEXIS 23579, at *6 (N.D. Cal. Nov. 23, 1999) (awarding 30% of $132 million settlement fund in securities class action); *see also Silva v. Banco Popular North America,* Case No. CV 08-06300 (C.D. Cal.) (Walter, J.), Order Granting Final Approval Of Settlement And Awarding Fees And Costs filed June 22, 2009, Docket No. 42 (granting fees equaling 28% of the class settlement fund); *Knight v. Red Door Salons, Inc.,* 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (approving 30% fee award).

The reaction from Class Members further supports Lead Counsel's fee application. Beginning on October 9, 2009, the Court-approved Class Notice was sent to over 208,000 Class Members and informed them of Lead Counsel's proposed fee application. *See* Keough Decl. ¶¶3-9. Following the filing of Lead Plaintiffs' Motions and expiration of the January 25, 2010 deadline for Class Members to object, there remain no objections.

## III.  CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiffs respectfully request that the Court approve the Settlement and Plan of Allocation as fair, reasonable and adequate and in the best interest of the Class, and grant the attorneys' fees and expenses, in the amount requested, as reasonable compensation.

Dated: February 1, 2010                         Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


             */s/ Blair A. Nicholas*
             BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
NIKI L. MENDOZA
BENJAMIN GALDSTON
JON F. WORM
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax: (858) 793-0323

Dated: February 1, 2010

BERMAN DeVALERIO

*/s/ Nicole Lavallee*
NICOLE LAVALLEE

JOSEPH J. TABACCO, JR.
николе LAVALLEE
KRISTIN J. MOODY
JULIE J. BAI
One California Street, Suite 900
San Francisco, CA 94111
Tel:   (415) 433-3200
Fax:   (415) 433-6382

*Attorneys for Co-Lead Plaintiffs General Retirement System of the City of Detroit and Massachusetts Laborers' Pension Fund*