BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS   (Bar No. 178428)
blairn@blbglaw.com
NIKI L. MENDOZA   (Bar No. 214646)
nikim@blbglaw.com
BENJAMIN GALDSTON   (Bar No. 211114)
beng@blbglaw.com
JON F. WORM   (Bar No. 248260)
jonw@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

BERMAN DeVALERIO
JOSEPH J. TABACCO, JR. (Bar No. 75484)
jtabacco@bermandevalerio.com
NICOLE LAVALLEE (Bar No. 165755)
nlavallee@ bermandevalerio.com
KRISTIN J. MOODY (Bar No. 206326)
kmoody@bermandevalerio.com)
JULIE J. BAI (Bar No. 227047)
jbai@ bermandevalerio.com
One California Street, Suite 900
San Francisco, CA 94111                          JS-6
Tel:   (415) 433-3200
Fax:   (415) 433-6382

*Attorneys for Co-Lead Plaintiffs*
*General Retirement System of the City of Detroit*
*and Massachusetts Laborers' Pension Fund*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx) **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** **Date:  February 8, 2010** **Time:  1:30 p.m.** **Courtroom:  16** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated September 25, 2009, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated August 28, 2009 (the "Stipulation").  Full and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Consolidated Action and over all parties to the Consolidated Action, including all members of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Consolidated Action as a class action for settlement purposes only.  The Class consists of all persons or entities (and their beneficiaries) who purchased or acquired the publicly traded securities of International Rectifier Corporation ("IR Securities") from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result.  Excluded from the Class are: (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of the Company during the Class Period; (iv) any firm, trust, corporation, officer or other entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any persons who excluded themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth in the Notice, a list of which is attached hereto as Exhibit 1.

1       4.    With respect to the Class, this Court finds, solely for the purposes of

2   settlement, that:

3       (a) the members of the Class are so numerous that joinder of all Class

4   Members in the Consolidated Action is impracticable;

5       (b) there are questions of law and fact common to the Class;

6       (c) the claims by Co-Lead Plaintiffs are typical of the claims of the

7   Class;

8       (d) Co-Lead Plaintiffs and Co-Lead Counsel have and will fairly and

9   adequately represent and protect the interests of the Class Members;

10       (e) the questions of law and fact common to the members of the Class

11   predominate over any questions affecting only individual members; and

12       (f) a class action is superior to other available methods for the fair and

13   efficient adjudication of the controversy, considering:  (i) the interests of the Class

14   Members in individually controlling the prosecution of separate actions; (ii) the

15   extent and nature of any litigation concerning the controversy already commenced

16   by Class Members; and (iii) the desirability or undesirability of concentrating the

17   litigation of these claims in this particular forum.

18       5.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby

19   approves the Settlement set forth in the Stipulation and finds that the Settlement is,

20   in all respects, fair, reasonable and adequate to Co-Lead Plaintiffs, the Class and

21   each of the Class Members.  The Court further finds that the Settlement set forth in

22   the Stipulation is the result of arm's-length negotiations between experienced

23   counsel representing the interests of the Settling Parties and is in the best interest

24   of the Class.  The Court further finds that the record is sufficiently developed and

25   complete to have enabled Co-Lead Plaintiffs and Defendants to have adequately

26   evaluated and considered their positions.  Accordingly, the Settlement embodied in

27   the Stipulation is hereby finally approved in all respects.  The Settling Parties are

28   hereby directed to perform its terms.

6.     Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Consolidated Action and all claims contained therein, including the Settled Claims and the Released Parties' Claims, are dismissed with prejudice as to Co-Lead Plaintiffs, together with their officers, directors, employees, agents and attorneys, and all other Class Members, and as against the Released Parties.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.     Upon the Effective Date, Co-Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

8.     Upon the Effective Date, Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Co-Lead Plaintiffs, their officers, directors, employees, agents and attorneys, and all other Class Members.

9.     The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the

Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

10.    Any plan of allocation submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and/or expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

11.    Neither the Stipulation nor the Settlement shall be:

a.    offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Co-Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Consolidated Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties;

b.    offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Co-Lead Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims of Co-Lead Plaintiffs or the other Class Member(s);

c.    offered or received against any of the Released Parties, or against Co-Lead Plaintiffs or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if

the Stipulation is approved by the Court, Defendants or any other Released Party may refer to it to effectuate the protection from liability granted them hereunder;

d.   construed against any of the Released Parties, Co-Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

e.   construed against Co-Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

12.   The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Class Members, Defendants and/or the other Released Parties may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.   Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Consolidated Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14.    The Court finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: February 8, 2010          _____

THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE